IN THE COUNTY COURT FOR THE TWELFTH JUDICIAL CIRCUIT
FLORIDA IN AND FOR MANATEE COUNTY, FLORIDA

ANDRZEJ MADURA and
ANNA DOLINSKA-MADURA,
               Plaintiffs,

vs.                                                     Case No.: 2011 SC 4402

COUNTRYWIDE HOME LOANS SERVICING, LP,
BAC HOME LOANS SERVICING LP,
BANK OF AMERICA, N.A.
               Defendants,

## AMENDED COMPLAINT

### I. PRELIMINARY STATEMENT

1. This action is for damages not exceeding $ 5,000.00 including the filing fee. Pursuant to arbitration agreement signed by Plaintiff, Andrzej Madura, his claims are excluded from arbitration. Anna Dolinska- Madura did not sign arbitration agreement.

2. Plaintiffs Andrzej Madura, *Pro Se*, and Anna Dolinska-Madura, *Pro Se*, sue BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, for recent violation of Real Settlement Procedures Act 12 U.S.C. § 2605, *et seq* arises from abusive and unlawful servicing of mortgage loan # 5559968 and against Bank of America N.A, who is vicariously and severely liable for BAC Home Loans Servicing, LP's wrongdoing.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims herein which arise under section 2605 of RESPA. Even though RESPA is a federal statute, many lawsuits against lenders alleging RESPA violations are filed in state court. Defending action RESPA claims requires a careful analysis of the specific statute(s) at issue, as this will dictate whether the action may be removed to federal court. While RESPA grants concurrent jurisdiction to state courts as to certain matters, Congress expressly limited concurrent jurisdiction to

1

those sections of RESPA governed only by ss.2605, 2607 and 2604, 12U.S.C. § 2614. Otherwise, federal jurisdiction is exclusive. Accordingly, in considering the propriety of State-court jurisdiction over particular federal claim, state courts enjoy concurrent Jurisdiction over the Plaintiffs' claims below under 12 U.S.C. § 2605 of RESPA as amended on July 21, 2010 by Dodd-Frank Act.

### III. PARTIES

4. Plaintiff Andrzej Madura, *Pro Se* litigant (Hereinafter "Mr. Madura") is an individual residing in Bradenton, Manatee County, Florida. He is a consumer within meaning of s. 2605 of RESPA, as he is allegedly liable for a loan.

5. Plaintiff Anna Dolinska-Madura (Hereinafter "Mrs. Madura") *Pro Se litigant*, is an individual residing in Bradenton, Manatee County, Florida. She is a consumer within meaning of Section 2605 and s. 494.0079 (3) Florida Lending Act, Fla. Stat. inasmuch as:

   a. She is quoted on all mortgage instruments issued by the lender as a borrower, who is obligated to repay a loan;

   b. She has been received from lender the loan sum directly to her Bank's account;

   c. The lender paid her personal secured and unsecured debts directly to her debtors and included it in the amount financed at HUD settlement signed at closing.

   d. The Note's holder and servicer (BAC Home Loans Servicing, LP) has been addressed its debt letters to her and demanded the payments pertaining to the said loan.

6. Countrywide Home Loans Servicing, LP was a subsidiary of Countrywide Home Loans Inc., ("CHL") a New York corporation with its principal business in Calabasas California. CHL, through its subsidiary Full Spectrum Lending, Inc., originated the Plaintiffs' loan # 5259968, and was the Plaintiffs' Note holder until November 7, 2008

2

when was completed its acquiring by Bank of America Corporation ("BAC"). BAC is a Delaware Corporation with principal business in Charlotte, which purports to be one of the world's largest financial institutions). On April 27, 2009 CHL was rebranded "Bank of America Home Loans". Countrywide Home Loans Servicing, LP was the operating entity which serviced the vast majority of residential mortgage loans for Countrywide Home Loans Inc. (CHL), including the Plaintiffs' loan (until April 27, 2009).

7. Defendant BAC Home Loans Servicing LP, (BAC-HLS), f/k/a Countrywide Home Loans Servicing LP, was a wholly–owned subsidiary of Bank of America Home Loans formed by April 27, 2009 rebranding Countrywide Home Loans Servicing LP to BAC HLS. BAC announced in April 27, 2009 press release, that:" [t] he Countrywide brand has been retired ". Apparently rebranding was caused due to lost trust of clients to predatory lender name-Countrywide. Since April 27, 2009 BAC-HLS is a Servicer of the Plaintiffs' loan and on Sept. 7, 2010 was also the Plaintiffs NOTE's holder.
On July 1, 2011 BAC-HLS was merged into Bank of America, NA. As a result of this merger, Bank of America N.A. assumed all of the liabilities of BAC-HLS.

8. Defendant Bank of America N.A., is one of the nation largest nationally chartered U.S. bank and a wholly-owned subsidiary of BAC. Bank of America NA is principally located in Charlotte, North Carolina, with offices and substantial operation at the Bank of America tower at One Bryant Park, New York and in different states, including Florida. Bank of America N.A, as a result of merger with BAC HLS assumed all of liabilities of BAC HLS and was the sponsor of sixteen Securitizations.

**IV. THE SUCCESSOR LIABILITY OF DEFENDANT BANK OF AMERICA N.A.**

9. On July 1, 2008, a holding company, Bank of America Corporation ("BAC") "de

(CFC 2007 10-K revealed that: "as of Dec. 31, 2007 90% of CFC monthly mortgage production occurred in Countrywide Bank, FSB), filed an application to become a National Association, and in **April of 2009,** Countrywide Bank N.A. merged into defendant Bank of America N.A. Similarly, on **April 27, 2009,** Countrywide Home Loans was rebranded and now is operated under trade name "Bank of America Home Loans" (the Plaintiffs Note's holder that time).

.**On July1, 2011,** defendant BAC- HLS (f/k/a Countrywide Home Loans Servicing, LP) was merged into Bank of America NA. As a result of these mergers, defendant Bank of America, N.A. assumed all of the liabilities of Countrywide Bank, N.A. and defendant BAC -HLS (f/ k/ a Countrywide Home Loans Servicing L.P.), inasmuch as there is continuity of management, personnel, physical location, assets and general business operations and continuity of ownership between these two defendants. Also pursuant to S. 655.417(1) Fla. Stat., as a result of this *de facto* merger Bank America N.A. has and succeeds to all right obligations and relations of its subsidiary defendant BAC-HLS. (*Fla. Sewell v. D'Alles & Woodyard Inc.*, 655 F Supp. 2d 1228 (M.D. Fla.2009), *Id at 1228.* Accordingly, Bank of America N.A. is severely and vicariously liable for BAC Home Loans Servicing, LP's wrongdoing.

## V.  FACTS

13. The Plaintiffs' loan# 5259968 was closed on July 26, 2000 by Full Spectrum Lending Inc., and on July 31, 2000 sold and transferred to Countrywide Home Loans Inc. who serviced it through subsidiary, defendant Countrywide Home Loans Servicing, LP.

14. On November 25, 2001, the Plaintiffs learned from the Forensic Document Examination Report that Full Spectrum Lending or Countrywide Home Loans Inc.,

5

destroyed the originals of the Promissory Note and Truth in Lending (TILA) signed at closing, and fabricated new forged Note and forged TILA with another loan condition than these signed at closing. See the said Report and a sworn testimony of the forensic Document Examiner Mr. T. Vastrick which have been filed at Jan.20, 2004 evidentiary hearing in evidence without Countrywide's objections. See Manatee Court case *Madura et al v. Countrywide Home Loans Inc. et al*, 2002-CV-2358, (Dock. No 153 and 178). The Court compelled Mr. Madura's claims to arbitrate before National Arbitration Forum (NAF), which never started as NAF was dissolved for fraud by Minnesota Att. General.

15. Plaintiffs rescinded this loan on May 23, 2001 for forgery of the Note and for continuous nondisclosure of the said forged TILA. Countrywide failed to respond.

16. On March 30, 2004 the Plaintiffs sent a copy of admitted in evidence Forensic Report to MERS, mortgage nominee of the creditor and warned MERS from the assigning of the forged loan to the next Note's holder. As MERS did not respond the Plaintiffs sent subsequently several such letters to MERS, the last one on August 4, 2011.

17. On Sept. 30, 2008 due to merger of CFC into Bank of America Corp. the Plaintiffs sent QWR including evidence of forgery to Countrywide Home Loan Servicing, LP and a warning that any passing, assignments, endorsements or copping of forged Note and loan to any next holder, knowing that the same has been falsely made, be illegal and punished by penalty and prison pursuant to federal 18U.S.C.493 and1001, Bank Law: 12 USC1940 ed, s.371 (conspiring), 18 U.S.C.1005-1006, and s. 831.09 F.S-Ex.1. Countrywide Home Loans Servicing, LP did not respond and did not resolve the request but maliciously did not inform Bank of America, that its purchase of forged NOTE knowing that the same was falsely made, be illegal pursuant to above cited federal and Florida law.

## COUNT I - VIOLATIONS OF RESPA § 2605 et seq

### A. VIOLATIONS OF RESPA § 2605 (b) and § 2605 (c)

18. Plaintiffs incorporate the above paragraphs by reference herein.

19. 12 U.S.C. § 2605 (b) (1) provides that:

" Each server of any federally elated mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person."

12 U.S.C. § 2605 (c) (1) provides that:

" Each transferee servicer to whom servicing of any federally related mortgage loan is assigned, sold, or transferee shall notify he borrower of any such assignment, sale, or transfer."

20. BAC HLS failed to notify Plaintiffs that on April 27, 2009, the servicing of the Plaintiffs' loan was transferred from Countrywide Home Loans, LP to BAC HLS.

### B. VIOLATIONS OF RESPA § 2605 (e)

21. Plaintiffs incorporate the above paragraphs by reference herein.

22. 12 USC § 2605(e)(1)(A), as amended by July 21, 2010 Dodd-Frank Act, provides:

If any server of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal, public holidays, Saturdays, and Sundays) unless the action requested is taken within such period;

12 U.S.C. § 2605(e) (2), as amended by Dodd-Frank Act, provides:

No later than 30 days (excluding legal holiday, Saturdays, and Sundays) after receipt from any borrower of any qualified written request under paragraph (1) and, if applicable before taking any action with respect to inquiry of the borrower, the servicer shall:
  (A) make appropriate correction on the account of the borrower, including the crediting or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

  (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes-
    (i) to the extent applicable, a statement of the reasons for which the servicer

7

believes the account of the borrower is correct as determined by servicer; and
(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or

(C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes-
(i) information requested by the borrower or explanation why the information requested is not available or cannot be obtained by the servicer; and
(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower;

12 U.S.C. § 2605(e)(3), protection of credit rating, provides:

During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency ( as such term is defined under section 168a of title 15)

12 U.S.C. § 2605(e)(4), which was added by Dodd-Frank Act, provides:

The 30-day period described in paragraph(2) may be extended for not more than 15 days if, before the end of such 30-day period, the servicer notifies the borrower of the extension and the reasons for the delay in responding.

23. On January 21, 2010, the Plaintiffs sent QWR to BAC-HLS containing information that allow BAC- HLS to identify Plaintiffs and account and containing evidence of forgery and a warning, that any passing, assignments, endorsements or copping of the said forged Note and loan to any next holder, knowing that the same has been falsely made, be illegal and punished by penalty and prison pursuant to federal law 18 U.S.C. 493, 18 USC 1001, Bank Law: 12 USC 1940 ed, s.371(conspiring), 18U.S.C.1005 and 1006, and s. 831.09 F.S. –**Ex. 2.** Accordingly, this QWR also included a statement providing sufficient detail to the servicer regarding the information sought by Plaintiffs . Defendant BAC HLS did not respond within 20 business days nor resolved the request within mandatory 60 days but maliciously hidden before the next successor Holder of the NOTE the material fact that BAC -HLS never was or successor

8

Holder of the said NOTE never could be a Holder in a Course as the NOTE was forged.

24. On January 21, 2010, the Plaintiffs sent QWR containing information that allow BAC-HLS to identify Plaintiffs and containing a statement providing sufficient detail to the servicer regarding information sought by Plaintiffs to BAC-HLS. BAC- HLS did not respond within 20 business days and did not resolve the said request within mandatory 60 business days- **Ex.3.**

25. On Jan.21, 2010 Plaintiffs sent QWR by Certified Mail to BAC HLS containing information that allow identified Plaintiffs and request of providing Notice of Change of loan Servicer and Sale of loan to the next Note's holder. Plaintiffs, **since July 31, 2000,** did not receive this mandatory Notice of sale or transfer of servicing of their loan- **Ex.4.** BAC-HLS did not respond and failed to provide Plaintiffs with this sought Notice.

26. On June 19, 2010 Plaintiffs sent QWR to BAC-HLS containing information that allow BACHLS to identify Plaintiffs and request of correction of accounting, Pay of Note violation of Par.22 of Mortgage. Bank or America and BAC-HLS did not respond- **Ex.5.**

27. On December 21, 2010 was sent QWR to BAC-HLS Tax Dept. containing information that allow BAC HLS to identify Plaintiffs and demanding explanation of unauthorized payments of the Plaintiffs not delinquent yet Property Tax–**Ex.6** . They did not respond and did not attempt to resolve the said QWR.

28. On December 30, 2010 Plaintiffs sent QWR to BAC-HLS containing information that allows BAC HLS to identify Plaintiffs and demanding correcting fraudulent accounting practices- **Ex.7.** BAC HLS did not respond and did not resolve the request.

29. On March 22, 2011 Plaintiffs sent QWR to BAC-HLS containing information that allows BAC HLS to identify Plaintiffs and requesting correction of inaccurate

service record and Pay of Demand Notices - **Ex 8.** BAC-HLS failed to respond within 5 business days after the receipt of QWR, and in its April 4, 2011 response(**Ex.8-a**) failed to address the merit of QWR and failed to resolve the said QWR until the present day.

30. On April 30, 2011 Plaintiffs, in reply to above past due response (**Ex.8-a**), sent a new QWR requesting again correction of accounting-**Ex. 8-b.** BAC HLS did not acknowledge the receipt of it and did not resolve this April 30, 2011 QWR.

31. On March 23, 2011 Plaintiffs by Certified Mail sent QWR to BAC-HLS containing information that allow identified Plaintiffs and request correcting fraudulent accounting- **Ex. 9.** BAC -HLS did not acknowledge the receipt of QWR within mandatory five business days and did not resolve QWR within mandatory 30 days.

32. On April 7, 2001 Plaintiffs sent QWR to BAC HLS containing information that allow to identify Plaintiffs and requesting correction of illegally accrued interest and fees-**Ex.10.** BAC -HLS did not acknowledge the receipt of this QWR within five business days and did not made appropriate correction in the account.

33. On August 3, 2011 the Plaintiffs sent QWR to MERS containing information that allow to identify Plaintiffs and requesting copies of original Promissory NOTE and its assignments, allonges and66 endorsements - **Ex.11.** MERS forwarded this QWR to BAC-HLS. HMS-HLS failed to acknowledge QWR within five days and until today failed to deliver copies of the Note and its allonges, assignments and endorsements.

34. On July 11, 2011 the Plaintiffs sent QWR to BAC-HLS containing information that allows identifying Plaintiffs and requesting (for the third time) a Notice to transfer and sale of loan, required by s.2605(c), the name and address of the creditor and the correction of the principal balance **Ex.12.** BAC HLS failed to acknowledge the receipt

10

of QWR within five business days , failed to correct the account, deliver requested Notice to Transfer and name of the Creditor within mandatory 30 business days .

35. BAC HLS, in responses to QWR, never attempted to extent time for said responses pursuant to 12 U.S.C. § 2605(e)(4).

36. BAC HLS, since the receipt of the first Sept.30, 2008 QWR until Sept. 8, 2011 (60 days after receipt of July 11, 2011 QWR), continuously reported to consumer reporting agency alleged overdue payment owed by Plaintiffs, in violation of § 2605(e)(c) and always alleged foreclosure despite that such foreclosure never started.

37. One of many reasons for sending to defendant QWR was that the Defendants, being the servicers of the Plaintiffs' loan, continuously misrepresented as to the issue who is the creditor ( the NOTE's holder) to whom the debt is owed. Defendants BAC HLS and Bank of America NA made contradicting statements pertaining to this issue.

BAC HLS in Sept. 9, 2010 collection letter, declared that BAC HLS is a Creditor of the Plaintiffs debt-**Ex.13.** Bank of America NA, in effective July 1, 2011, Note of Transfer of Servicing from BAC HLS to Bank of America NA, declared that the Creditor to whom the debt is owed is: BANA LP CIG GFI NONEHELOCS, but failed to disclose the address and phone of this suspicious entity, in violation of 15USC1641(A) -**Ex.13-a**. Next, Bank of America NA made contradicting statement that: " effective July 1 2011 the ownership of your loan was transferred from BAC-HLS to Bank of America N.A."-**Ex.13- b.** Thus, Bank alleges that on July 1, 2011 there were two NOTE holders.

38. Defendant BAC HLS's actions represent multiple (24 times) separate violations of 12 U.S.C. § 2605(e) and its related regulations; one violation of 12 U.S.C. § 2605(c), and 12 times (during 60 days after receipts of 12 QWR) violations of 12 U.S.C.§ 2605(e)(4).

11

39. Defendant BAC-HLS conduct, as alleged in this complaint, is part of a pattern and practice of violating 12 U.S.C. § 2605 (e) *at seq.*

40. Plaintiffs, as result of Defendant's failure to provide the name of the Creditor (the holder of the Note) requested in QWR(Ex.11); failure to respond to all QWR requesting correction in the account ; failure to provide requested loan documents pertaining to BAC HLS; continuous June 15, June 21, Sept.9, 2010 and Aug. 31, 2011 treats of foreclosure (Ex.13), and misleading statements who is an owner of forged NOTE ( Par.37) incurred actual damages of suffering, emotional distress and mental anguish of losing forever their homestead condo. Both elderly Plaintiffs suffered sleeplessness, and Mrs. Madura's hypertension, cardiac arrhythmia and anxiety got worse due to failure to respond or respond timely to all Plaintiffs' QWR.

41. Plaintiffs incurred actual damages in form of out- of- pocket expenses incurred dealing with QWR violations, including cost of postage and cost of preparing and photocopying of correspondence pertaining to the Defendant's RESPA violations.

42. Plaintiffs incurred late fees improperly assessed by BAC HLS during the 60-day periods following the receipts of Plaintiffs' eleventh (11) QWR.

43. Mr. Madura, as result of Defendant's negative reports to the credit agencies, including reports of foreclosure (which never started) , during the 60-day period following Plaintiffs' March - April 2001 QWR, in violation of 12 U.S.C. § 2605(e)(4), incurred monetary damage in his business, in form of the June 14, 2011 declining Mr. Madura's application for credit of $ 8,000 by his Fifth Third Bank due to said reports.

44. Pursuant to 12 U.S.C. § 2605(f) (1) (A) (B) (C) as a result of the aforesaid

12

violations, Defendants BAC Home Loans Servicing LP and Bank of America N.A. are liable to Plaintiffs for:

A. Actual damages in the amount to be determined at trial, 12 U.S.C. § 2605(f) (1) (A)

B. Statutory damages for each Plaintiff in the amount of $ 2,000 per violation, because such conduct was part of a pattern and practice of noncompliance, § 2605 (f)(1)(B).

C. Cost of this action, including reasonable attorney fees in case such fees occurred as provided 12 U.S.C. § 2605(f) (3) and such other relief as this Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand trial by a jury as to all issues so triable thereof.

Respectfully submitted on October 28, 2011 by:

_[signatures]_
Anna Dolinska- Madura and Andrzej Madura

## CERTIFICATE OF SERVICE

We hereby certify, that a true and correct copy of the foregoing, pursuant to Rule 7080 (b) Small Claim Court Rules, has been mailed on October 31, 2011 to the opposite party's last known address.

_[signatures]_

ANNA DOLINSKA-MADURA, *Pro Se* and ANDRZEJ MADURA, *Pro Se*
3614 57th Avenue Drive West, Bradenton, Florida 3421, Ph. No.: 941-755-1745