UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREZEJ MADURA and ANNA
DOLINSKA-MADURA,

       Plaintiffs,     Case No.: 8:11-cv-2511-T-33TBM
v.

BAC HOME LOANS SERVICING L.P.
and BANK OF AMERICA, N.A.,

       Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to pro se Plaintiffs' Motion to Strike Affirmative Defenses (Doc. # 24), filed on December 27, 2011. Defendant Bank of America, N.A. filed a Response in Opposition to the Motion (Doc. # 39) on January 30, 2012. For the reasons that follow, the Court denies the Motion.

**I.  Background**

    Plaintiffs initiated this action in state court on October 14, 2011. (Doc. # 1). Defendants jointly removed the action to this Court on November 4, 2011. <u>Id.</u> In the Amended Complaint, Plaintiffs allege that Bank of America violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq., ("RESPA") with respect to Plaintiffs' mortgage.

    Bank of America filed its Answer and Affirmative Defenses

on December 14, 2011. (Doc. # 23). Bank of America specifically asserts the following affirmative defenses: (1) Arbitration; (2) No Injury or Damages; (3) Failure to State a Claim; (4) Res Judicata; (5) Collateral Estoppel; (6) Offset; (7) Statute of Limitations; (8) RESPA Safe Harbor Provision; (9) Improper Qualified Written Requests; (10) Performance; and (11) Proper Computation, Collection, and Application of Payments. Plaintiffs seek an order striking each and every one of these affirmative defenses.

## II. <u>Legal Standard</u>

Affirmative defenses are subject to the general pleading requirements of Rule 8. Rule 8(b)(1)(A), Fed.R.Civ.P., requires that a party "state in short plain terms its defenses to each claim asserted against it." Bank of America's defenses satisfy Rule 8.

Affirmative defenses are also evaluated against the touchstone of Rule 12(f), Fed.R.Civ.P., which states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." <u>Royal Ins. Co. of Am. v. M/Y Anastasia</u>, No. 95-cv-60498/RV, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan.

30, 1997).  Further, as stated in <u>Florida Software Systems v. Columbia/HCA Healthcare Corp.</u>, No. 8:97-cv-2866-T-17B, 1999 U.S. Dist. LEXIS 15294, at *4 (M.D. Fla. Sept. 16, 1999), "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."

In addition, courts may strike a defense if it has "no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." <u>Ayers v. Consol. Constr. Servs. of SW Fla., Inc.</u>, No. 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike." <u>Fla. Software Sys.</u>, 1999 U.S. Dist. LEXIS 15294, at *4.

## III. <u>Analysis</u>

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters." <u>Bluewater Trading, LLC v. Willimar USA, Inc.</u>, No. 07-cv-61284, 2008 U.S. Dist. LEXIS 108191, at *2 (S.D. Fla. Sept. 9, 2008).  Rule 8(c)(1) includes a list of affirmative defenses, such as arbitration and award, res judicata, statute

-3-

of limitations, and estoppel.

Although some of Bank of America's affirmative defenses, such as "Performance," do not fall neatly within the list of affirmative defenses contained in Rule 8(c)(1), the Court denies the Motion to Strike. Each one of Bank of America's affirmative defenses can be said to admit the allegations of the Amended Complaint but avoid liability based upon some negating factor.

In addition, Bank of America's defenses put into issue relevant and substantial legal and factual questions. Furthermore, the defenses relate squarely to the controversy, do not confuse the issues, and do not appear to cause prejudice to any party. The Court thus declines to strike the defenses.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion to Strike Affirmative Defenses (Doc. # 24) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of February, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

-4-

Copies to:  All Counsel and Parties of Record