UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

        Plaintiffs,        Case No.: 8:11-cv-2511-T-33TBM
v.

BAC HOME LOANS SERVICING L.P.,
ET AL.,

        Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant
Bank of America's Motion to Strike Jury Demand (Doc. # 33),
which was filed on January 18, 2012.  Pro se Plaintiffs filed
a Response in Opposition to the Motion (Doc. # 40) on February
1, 2012.  The Court grants the Motion for the reasons that
follow.

## I.    Background

Plaintiffs, the Maduras, sue Defendants under the Real
Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601,
et seq. On July 26, 2000, the Maduras voluntarily executed a
note and mortgage to refinance their home.

The twelve-page mortgage contains a jury trial waiver
provision at paragraph 25, which states: "**Jury Trial Waiver**.
The Borrower hereby waives any right to a trial by jury in any

action, proceeding, claim or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." (Doc. # 33-1 at 11, ¶ 25).[1]  The Maduras initialed the page containing the waiver and signed the next page, the final page of the mortgage.  The jury trial waiver is in the same size font as the rest of the document and is the last paragraph before the Maduras' respective signatures.

Despite the presence of the jury trial waiver, the Maduras have demanded a jury trial.  Defendant Bank of America moves to strike the jury demand.

## II.  **Legal Standard**

The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amd. VII.  The Supreme Court noted in Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564-65 (1990), "[m]aintenance of the jury as a fact-finding

---

[1] Both Bank of America and the Maduras state in the pleadings that Mr. Madura is the sole "Borrower;" however, these assertions are belied by the mortgage in the Court's file.  That notarized mortgage, signed by both Mr. and Mrs. Madura, defines "Borrower" as Andrze J. Madura and Anna Dolinska-Madura. (Doc. # 33-1 at 2).  In the instance that a different mortgage is applicable, the parties are directed to furnish the same to this Court forthwith.

body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the upmost care."  Nevertheless, it is beyond dispute that a party may waive his right to a jury trial so long as the waiver is knowing and voluntary. <u>Bakrac, Inc. v. Villager Franchise Sys., Inc.</u>, 164 F. App'x 820, 823 (11th Cir. 2006).  In addition, absent a showing of fraud or mental incompetence, a party who signs a contract cannot avoid his obligation under the contract simply by showing that he did not read what he signed. <u>Coleman v. Prudential Bache Sec., Inc.</u>, 802 F.2d 1350, 1352 (11th Cir. 1986).

### III. <u>Analysis</u>

As the Maduras have argued that their jury trial waiver was not knowingly and voluntarily made, the Court will address the following factors: (1) the conspicuousness of the waiver provision; (2) the parties' relative bargaining power; (3) the sophistication of the party challenging the waiver; and (4) whether the terms of the contract were negotiable. <u>Id.</u> at 824. No single factor is conclusive, and "[i]n making a determination, the Court is not bound by the number of factors that have been satisfied." <u>Hancock v. Deutsche Bank</u>, No. 8:09-cv-1724-T-27EAJ, 2006 U.S. Dist. LEXIS 79805, at *4 (M.D. Fla.

Oct. 23, 2006).  Rather, the Court asks whether, "in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." Allyn v. W. United Life Assur. Co., 374 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004).

First, the Court determines that the jury trial waiver is conspicuous.  It is contained in its own separate paragraph. It is located on page eleven of the twelve-page mortgage and directly precedes the Maduras' signatures.  The jury trial waiver is in a typeface and style consistent with the rest of the document and is not obscured by other language.  It is not hidden in a footnote.  In addition, the jury trial waiver is written in clear and unambiguous language, rather than in "legalese."  See Allyn, 347 F. Supp. 2d at 1252 (finding waiver provision to be conspicuous when it was located in the last numbered paragraph near the end of the document and contained straightforward, understandable language).

The Maduras assert that other factors, such as their limited familiarity with the English language, render the jury trial waiver unconscionable or otherwise unfair.  The Court has considered these arguments and determines that they lack merit.  It may be true that, when compared to Bank of America, the Maduras were "unsophisticated;" however, the Maduras were

-4-

under no obligation to refinance their home.  As stated in Collins v. Countrywide Home Loans, Inc., 680 F. Supp. 2d 1287, 1295 (M.D. Fla. 2010), "[A] term in a contract waiving a party's right to a jury trial is not unenforceable even though one party to a contract is a large corporation and the other party is simply an individual who is in need of the corporation's services."  Here, the Maduras indicate that they needed the refinance money to pay for their daughter's graduate school tuition at Barry University in Miami, Florida. Such circumstances do not militate in favor of holding the jury trial waiver unenforceable. See Milsap v. Cornerstone Residential Mgmt., Inc., No. 06-cv-60033, 2007 U.S. Dist. LEXIS 22252 (S.D. Fla. Mar. 27, 2007)(finding that a single mother with two small children in need of housing could have walked away from an apartment lease containing a jury trial waiver if she found the lease terms unacceptable).

Furthermore, to the extent that the Maduras assert that they were unable to negotiate, the Court agrees with Bank of America that "no circumstances prevented the Maduras from walking away from the mortgage loan they were offered if they did not want to waive their right to a jury trial." (Doc. # 33 at 6).  In this case, nothing in the pleadings leads the Court to believe that the balance of the bargaining power tipped

-5-

heavily against the Maduras.  Although the Maduras allege that they were rushed through the signing of the mortgage and that their translator did not show up to the closing, nothing in the pleadings hints at the possibility that the Maduras could not have simply walked away from the deal--a strong bargaining chip--if they found the deal, or the circumstances of the closing, to be unacceptable.  The Maduras did not walk away from the transaction, rather they signed the mortgage and bound themselves to all of the terms contained therein.

Courts routinely and regularly enforce jury trial waivers found in loan agreements. See, e.g., Anderson v. Apex Fin. Group, Inc., No. 8:08-cv-949-T-30MSS, 2008 U.S. Dist. LEXIS 111449 (M.D. Fla. July 16, 2008)(enforcing a conspicuous jury trial waiver contained in a mortgage).  This case is no exception. The Court has not been supplied with evidence tending to show that the waiver was unconscionable, contrary to public policy, or simply unfair.  Accordingly and upon due consideration of the individual factors noted above as well as the totality of the circumstances, the Court grants the Motion and strikes the Maduras' jury demand.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant  Bank of America's Motion to Strike Jury Demand

(Doc. # 33) is **GRANTED.**

      **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22nd</u>

day of February, 2012.

 

_Virginia M. Hernandez Covington_

VIRGINIA M. HERNANDEZ COVINGTON

UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record