UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

ANDREZEJ MADURA, ET AL.

        Plaintiffs,

v.                                        Case No. 8:11-cv-2511-T-33TBM

BAC HOME LOANS, ET AL.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to "Plaintiffs' Unopposed Motion for Rehearing this Court's Order Denying Plaintiffs' Unopposed Motion to Appoint the Judicial Officer for Free of Charge Mediation" (Doc. # 63), which was filed on March 19, 2012. Defendants filed a "Notice of Attempted Compliance with Order Referring Case to Mediation and Directing Selection of a Mediator" (Doc. # 65) on April 3, 2012, which serves as a Response to the Motion for Rehearing. For the reasons that follow, the Court denies the Motion for Rehearing.

**I.   Legal Standard**

"A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. Coll. of Osteopathic Med.,

Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).  Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. Coll. of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308.

Further, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *9-10 (M.D. Fla. Mar. 30, 2005).  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *11. (citation omitted).

**II. Analysis**

The present Motion is nothing more than a statement of pro se Plaintiffs' dissatisfaction with the Court's neutrally

applied policy of requiring each civil case to be mediated. Plaintiffs have not come forward with a change in the law or new evidence. Nor have Plaintiffs demonstrated that reconsideration is needed to prevent clear error or manifest injustice.

This Court's March 14, 2012, Order Referring case to Mediation (Doc. # 62) is a routine order, and Plaintiffs have not demonstrated why they should be excused from the normal burdens associated with prosecuting their case, such as engaging in Court-Ordered mediation prior to trial.[1] Accordingly, the Court denies the Motion for Rehearing and directs the parties to fully comply with the Order Referring Case to Mediation (Doc. # 62), forthwith.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

"Plaintiffs' Unopposed Motion for Rehearing this Court's Order Denying Plaintiffs' Unopposed Motion to Appoint the

---

[1] This Court warns Plaintiffs that, regardless of their pro se status, they are required to follow the Local Rules of this Court, including Chapter 8 of the Local Rules governing mediation. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("Once a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.")

Judicial Officer for Free of Charge Mediation" (Doc. # 63) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of April, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record