UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

ANDREZE J. MADURA, ET AL.

          Plaintiffs,
v.                        Case No. 8:11-cv-2511-T-33TBM

BAC HOME LOANS, ET AL.,

          Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiffs' Motion for Rehearing (Doc. # 52), which was filed on March 5, 2012. Defendant filed a Response in Opposition to the Motion for Rehearing (Doc. # 54), and Plaintiffs filed a Reply Memorandum (Doc. # 64), with leave of Court, on March 20, 2012. For the reasons that follow, the Court denies the Motion for Rehearing.

**I.   Legal Standard**

"A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is

an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. Coll. of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308.

Further, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." <u>Ludwig v. Liberty Mut. Fire Ins. Co.</u>, No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *9-10 (M.D. Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Id.</u> at *11. (citation omitted).

**II. <u>Analysis</u>**

On January 18, 2012, Defendant moved to strike Plaintiffs' jury demand. (Doc. # 33). Therein, Defendant correctly argued, "The Maduras contractually waived their right to a jury trial when they obtained a mortgage loan that is the subject of this action" because such loan contained a

"clear and unequivocal" jury trial waiver. Id. at 1. The Court granted the Motion to Strike Jury Demand in a detailed Order filed February 22, 2012. (Doc. # 50).

In the Order striking the jury demand, the Court determined that the mortgage in question contains a jury trial waiver provision at paragraph 25, which states: "**Jury Trial Waiver**. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." (Doc. # 50 at 1-2 citing Doc. # 33-1 at 11, ¶ 25). The Court found that the Maduras initialed the page containing the waiver and signed the next page, the final page of the mortgage. Id. The jury trial waiver is in the same size font as the rest of the document and is the last paragraph before the Maduras' respective signatures.

The Court considered numerous factors, including but not limited to the conspicuousness of the waiver and the relative bargaining power of the parties, and determined that it was appropriate to strike the jury demand.

At this juncture, Plaintiffs seek reconsideration of the Court's Order. However, Plaintiffs have not come forward with a change in controlling law or new evidence. Nor have

Plaintiffs demonstrated that reconsideration is needed to prevent clear error or manifest injustice. Rather, Plaintiffs appear to argue that Mrs. Madura is not subject to the jury trial waiver because she is not a borrower under the present mortgage. The Court rejected this argument in its initial Order striking the jury demand and rejects the argument at this juncture in the context of Plaintiffs' Motion for Rehearing. Plaintiffs' operative Complaint alleges that Mrs. Madura is a borrower. (Doc. # 2 at ¶ 5(a)). In addition, the mortgage before the Court, signed by both Plaintiffs, defines "Borrower" to mean "Andrze J. Madura . . . and Anna Dolinska-Madura." (Doc. # 33-1 at 2).

Plaintiffs, however, indicate that the "Court overlooked the Plaintiffs' arguments submitted on pages 9-10 of their Response and Objections (Doc. # 40), where Plaintiffs clearly and expressly submitted that State Court's Final Judgment against Mrs. Anna Dolinska-Madura, was based upon a finding that **Anna Dolinska Madura is not a 'Borrower**' pursuant to § 617.14(2), Fla. Stat." (Doc. # 52 at 1-2)(emphasis in original). Plaintiffs' reference to the holdings of other courts finding that Mrs. Madura is not a borrower is not dispositive of the present case. In addition, Plaintiffs' assertion that other courts have considered and finally held

-4-

that Mrs. Madura is not a borrower begs the question of why the present suit is currently pending.

In conclusion, the Court finds that the present Motion is a mere rehash of issues this Court has already addressed. As noted above, a motion for reconsideration is not the proper vehicle for a party to vent his dissatisfaction with a Court's Order. Accordingly, the Court denies the Motion for Rehearing.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion for Rehearing (Doc. # 52) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of April, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record