UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Plaintiffs,                Case No.: 8:11-cv-2511-T-33TBM

v.

BAC HOME LOANS SERVICING L.P.,
ET AL.,

    Defendants.
_____/

BANK OF AMERICA, N.A.,

    Counter-Plaintiff,

v.

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Counter-Defendants.
_____/

BANK OF AMERICA, N.A.,

    Third Party Plaintiff,

v.

CIT LOAN CORPORATION, ET AL.,

    Third Party Defendants.
_____/

**PROTECTIVE ORDER**

This matter comes before the Court pursuant to Bank of America's Motion for Protective Order and Request for Immediate Status Conference (Doc. # 88), which was filed on May 17, 2012. The Maduras responded to the Motion on May 23,

2012. (Doc. # 96). The Court granted the Bank's request for an immediate status conference, and the parties participated in the status conference before this Court on May 24, 2012.[1] For the reasons that follow and for the reasons stated at the status conference, the Court grants the Bank's request for a protective order and also specifies certain procedures for communications between the parties to protect both parties from miscommunication and harassment.

**Discussion**

The Bank contends that Mr. Madura has made repeated threats to harm and injure the Bank's attorneys and has also placed threatening calls to the Bank's Vice President, Jennifer Fishman. In addition to the Motion, Bank of America filed the affidavits of its counsel Brendan Herbert, Esq. (Doc. # 88-1) and Bank Vice President Jennifer Fishman (Doc. # 88-2). Both individuals state that Mr. Madura made personal threats to them over the phone.

The Bank seeks a protective order barring the Maduras from contacting Ms. Fishman or any other bank employee without (1) the presence in-person or express written consent of the

---

[1] The Court excused Mrs. Madura from attending today's status conference based on Mr. Madura's representation that Mrs. Madura is ill.

Bank's counsel or (2) an order of the Court. The Bank also seeks a protective order barring the Maduras from making personally threatening comments to Bank employees and the Bank's counsel.

Although given ample opportunity to do so, Mr. Madura failed to explain why the protective order requested should not issue. Accordingly, the Court grants the protective order pursuant to Federal Rule of Civil Procedure 26(c), which gives this Court authority to enter into protective orders for good cause shown in order "to protect a party or a person from annoyance, embarrassment, oppression or undue burden or expense."

Specifically, the Court bars the Maduras from contacting Ms. Fishman or any other Bank employee without (1) the presence in-person or express written consent of the Bank's counsel or (2) an order of the Court. The Court also bars the Maduras from making personally threatening comments to Bank employees and the Bank's counsel.

In addition, in an effort to alleviate concerns related to miscommunications between the parties, the Court directs the Bank (1) not to call the Maduras after 5:00 p.m.; and (2) to send correspondence to the Maduras via email and regular mail.

In closing, the Court strongly advises the Maduras that it is inappropriate to personally threaten others and that any failure to abide by the terms of this protective order may lead to the imposition of sanctions.[2] The Court also directs the Maduras to treat Court employees, including Clerk's Office employees, with dignity and respect.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Bank of America's Motion for Protective Order and Request for Immediate Status Conference (Doc. # 88) is **GRANTED** as follows: The Maduras are barred from contacting Ms. Fishman or any other Bank of America employee without (1) the presence in-person or express written consent of Bank of America's counsel or (2) an order of the Court. The Maduras are also barred from making personally threatening comments to Bank of America employees and Bank of America's counsel.

(2) Bank of America is directed (1) not to call the Maduras after 5:00 p.m.; and (2) to send correspondence to the

---

[2] See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("Once a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders.")

4

Maduras via email and regular mail.

(3) The Maduras are directed to treat Court employees, including Clerk's Office employees, with dignity and respect.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>24th</u> day of May 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record