UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Plaintiffs,                   Case No.: 8:11-cv-2511-T-33TBM
v.

BAC HOME LOANS SERVICING L.P.,
ET AL.,

    Defendants.
_____/

BANK OF AMERICA, N.A.,

    Counter-Plaintiff,
v.

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Counter-Defendants.
_____/

BANK OF AMERICA, N.A.,

    Third Party Plaintiff,
v.

CIT LOAN CORPORATION, ET AL.,

    Third Party Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiffs/Counter-Defendants Petition for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b) and Motion to Amend Order Granting Bank of America's Motion to Strike Jury

Trial and Order Denying Rehearing (Doc. # 82), which was filed on May 9, 2012. Bank of America filed a Response in Opposition (Doc. # 113) on June 6, 2012. For the reasons that follow, the Court denies the Motion.

## I. Background

On February 22, 2012, this Court entered an Order granting Bank of America's Motion to Strike Jury Demand. (Doc. # 50). Plaintiffs sought reconsideration (Doc. # 52), and this Court denied the Motion for Reconsideration on April 11, 2012. (Doc. # 67). Plaintiffs now seek a certification of interlocutory appeal.

## II. Analysis

If a trial court enters an order from which an appeal is not permitted pursuant to 28 U.S.C. § 1292(a), the court may grant 28 U.S.C. § 1292(b) certification, which would allow the order to be appealed.[1] Plaintiffs request such a

---

[1] 28 U.S.C. § 1292(a) defines the jurisdiction of the federal court of appeals and lists the specific types of orders from which appeals may be taken. 28 U.S.C. § 1292(b), on the other hand, states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of

2

certification in this case.

However, even if this Court were to grant a Section 1292(b) certification concerning its order striking Plaintiffs' jury demand, the Eleventh Circuit would be under no obligation to consider an appeal of any portion of the Order. <u>Tidewater Oil Co. v. United States</u>, 409 U.S. 151, 167 (1972)(application of 28 U.S.C. § 1292(b) is "subject to the judgment and discretion of the district court and the court of appeals.") <u>See</u> <u>also</u> <u>McFarlin v. Conseco Servs.</u>, 381 F.3d 1251, 1259 (11th Cir. 2004)("the court of appeals has discretion to turn down a § 1292(b) appeal.  And we will sometimes do so. The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it.").

---

>    the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

(Emphasis in original).

3

The Supreme Court has noted, "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." Caterpillar v. Lewis, 519 U.S. 61, 74 (1996). The Eleventh Circuit has also enunciated a strong presumption against interlocutory appeals. See McFarlin, 381 F.3d at 1259 ("Because permitting piecemeal litigation is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.").

District courts may grant motions for certification for interlocutory appeal pursuant to Section 1292(b) when an order addresses a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The balance of these factors militates against granting leave to appeal in this case.

As explained in In re Celotex Corp., No. 8:09-cv-2444-T-EAK, 2010 U.S. Dist. LEXIS 73072, at *5 (M.D. Fla. July 20, 2010), "An issue is characterized as a controlling question of law if it deals with a question of pure law, or matters that can be decided quickly and cleanly without having to study the

4

record." The issues identified are neither subject to quick resolution nor are they poised for "clean" dispostion by any means. Furthermore, this Court is of the opinion that due to the complex litigation history between the parties, the issues raised in the present Motion cannot be decided without reference to the record. In addition, while there may, in fact, be some grounds for difference of opinion concerning the resolution of the issues raised, the Court determines that proceeding to trial, rather than engaging in a piecemeal appeal, will materially advance the ultimate termination of the litigation. For the foregoing reasons and in light of the strong presumption against the use of Section 1292(b), the Court denies the Motion.[2]

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs/Counter-Defendants Petition for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b) and Motion to Amend Order Granting Bank of America's Motion to Strike Jury Trial and Order Denying Rehearing (Doc. # 82) is **DENIED.**

---

[2] In addition, to the extent that Plaintiffs seek to "amend" the Court's Order that they disagree with, the Court denies their request. This Court has already considered and denied their motion for reconsideration, and a motion for leave to file an interlocutory appeal is not the proper vehicle for, once again, seeking reconsideration.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>18th</u> day of June 2012.

/s/ Virginia M. Hernandez Covington<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record