UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Plaintiffs,              Case No.: 8:11-cv-2511-T-33TBM

v.

BAC HOME LOANS SERVICING L.P.,
ET AL.,

    Defendants.
_____/

BANK OF AMERICA, N.A.,

    Counter-Plaintiff,

v.

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Counter-Defendants.
_____/

BANK OF AMERICA, N.A.,

    Third Party Plaintiff,

v.

CIT LOAN CORPORATION, ET AL.,

    Third Party Defendants.
_____/

## **ORDER**

This matter comes before the Court pursuant to the Maduras' successive pro se Motions to Dismiss the Bank's Foreclosure Counterclaim (Doc. ## 105, 118, 124). The Bank filed responses to the Motions to Dismiss (Doc. ## 114, 128).

Also before the Court is the Maduras' request to file a Reply Memorandum. (Doc. # 120). For the reasons that follow, the Court denies the Motions to Dismiss and the Motion for Leave to File a Reply Memorandum.

I.  **Background**

The Maduras, vexatious litigators with a penchant for filing duplicate motions and appealing each and every order issued by this Court, filed this action against BAC Home Loans Servicing, LP, and Bank of America in state court on October 14, 2011. (Doc. # 1). Bank of America and BAC jointly removed the action to this Court on November 4, 2011. Id. In the Amended Complaint, the Maduras allege, inter alia, that Bank of America violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., with respect to Plaintiffs' mortgage. The Maduras sought remand, which this Court denied. (Doc. ## 8, 19). Bank of America filed its Answer and Affirmative Defenses on December 14, 2011. (Doc. # 23). The Maduras filed a Motion to Strike the Bank's Affirmative Defenses, which this Court denied. (Doc. ## 24, 41). The Bank filed a Motion to Strike the Maduras' Jury Demand, which this Court granted. (Doc. ## 33, 50).

On March 13, 2012, the Court issued its Case Management and Scheduling Order (Doc. # 58) establishing pretrial deadlines and setting this case for a bench trail during the May 2013, trial term. The case is set to be mediated on September 5, 2012, with Gary Larson, Esq. (Doc. # 75).

On April 11, 2012, Bank of America filed its timely Motion for Leave to File Counterclaim and Third Party Complaint. (Doc. # 68). The Court granted the Motion (Doc. # 72) and on May 2, 2012, Bank of America filed its Verified Foreclosure Counterclaim against the Maduras and Third Party Complaint against CIT Loan Corporation and two unknown tenants (Doc. # 77). By their present Motions, the Maduras seek an order dismissing the Foreclosure Counterclaim pursuant to Rule 12(b)(6), Fed.R.Civ.P., and seek permission to file a reply memorandum. The Court denies the Motions.

## II. Legal Standard

A motion to dismiss a counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is evaluated in the same manner as a motion to dismiss a complaint. <u>Stewart Title Guar. Co. v. Title Dynamics, Inc.</u>, No. 2:04-cv-316-FtM-33SPC, 2005 WL 2548419, at *1 (M.D. Fla. Oct. 11, 2005). A counterclaim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a)(2). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all factual allegations in the counterclaim as true and construe them in the light most favorable to the counterclaim plaintiff. See United Techs. Corp. v. Mazer, 556 F.3d 1260, 1269 (11th Cir. 2009).

"While a [counterclaim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the [counterclaim] are true." Id. (internal citations omitted).

A counterclaim plaintiff must plead enough facts to state a plausible basis for the claim. Id.; James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) ("To survive dismissal, the [counterclaim's] allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do

4

not, the plaintiff's [counterclaim] should be dismissed."). Additionally, "the tenet that a court must accept as true all of the allegations contained in a [counterclaim] is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

**III. Analysis**

In the Foreclosure Counterclaim, the Bank alleges that the Maduras' property is subject to a Mortgage, the Maduras failed to make a required monthly installment payment due November 1, 2006, and all subsequent payments, and the Bank has declared the full amount payable under the Note and Mortgage due, including attorneys' fees and costs for which the Maduras are responsible. (Doc. # 77 at ¶¶ 7-13). The Bank further alleges that all conditions precedent to the acceleration of the debt and commencement of the foreclosure action have been fulfilled or waived. Id. at ¶ 17. The Bank also asserts that it holds the Note and held the Note immediately before the foreclosure action was filed. Id. at ¶ 19.

The Maduras seek dismissal of the Counterclaim based on documents and arguments extraneous to the four corners of the Foreclosure Counterclaim. For instance, the Maduras assert that the Foreclosure action is barred because the Bank does not own the Mortgage, the Bank is not a holder in due course, Bruce Steward "robo-signed" the Allonge to the Mortgage, and Gerardo Lopez was a false witness to the Mortgage.

The Maduras' arguments require analysis well beyond the face of the Foreclosure Counterclaim and are not the proper subject of a Rule 12(b)(6) motion to dismiss. These arguments are better suited for resolution at the summary judgment stage where the Court has the luxury of evaluating the evidence on file, including deposition transcripts and discovery responses, in order to ascertain the merits of the dispute. The Court may not conduct that sort of analysis here, at the motion to dismiss stage. The Court accordingly denies the Motions to Dismiss.

The Foreclosure Counterclaim complies with Rule 8(a)(2), Fed.R.Civ.P., in that it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, the Foreclosure Counterclaim also contains factual allegations raising the Bank's right to relief above the speculative level and stating a claim that is plausible on

6

its face.  As explained in Iqbal, 556 U.S. at 664, "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Aside from attacking the merits of the Counterclaim with reference to extraneous matters that this Court may not consider at this juncture, it appears that the Maduras have compiled a virtual dossier of internet articles which do not have any bearing on the present suit.  The Court has considered and rejects the internet articles that have been "cut-and-pasted" into the Motions to Dismiss.

The Court also denies the Maduras' request to file a reply memorandum addressing the Bank's response to the initial Motion to Dismiss.  As the Maduras have already filed three Motions to Dismiss the Counterclaim, the Court sees no reason to allow further briefing of this matter.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Maduras' successive pro se Motions to Dismiss the Bank's Foreclosure Counterclaim (Doc. ## 105, 118, 124) are **DENIED.**

(2) The Maduras' Motion for Leave to File a Reply (Doc. # 120) is **DENIED AS MOOT.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22nd</u> day of June, 2012.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record