UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Plaintiffs,               Case No.: 8:11-cv-2511-T-33TBM

v.

BAC HOME LOANS SERVICING L.P.,
ET AL.,

    Defendants.
_____/

BANK OF AMERICA, N.A.,

    Counter-Plaintiff,

v.

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Counter-Defendants.
_____/

BANK OF AMERICA, N.A.,

    Third Party Plaintiff,

v.

CIT LOAN CORPORATION, ET AL.,

    Third Party Defendants.
_____/

**<u>ORDER</u>**

This matter comes before the Court pursuant to the Maduras' Pro se Motion for Summary Judgment on Counterclaim (Doc. # 136), filed on June 28, 2012, and the Maduras' Rule 12(b)(1) Motion to Dismiss Counterclaim (Doc. # 147), filed on

July 9, 2012. Bank of America, N.A. has responded to both Motions. (Doc. ## 148, 159). For the reasons that follow, the Court denies the Motions.

I. **Background**

The Maduras filed this action against BAC Home Loans Servicing, LP, and Bank of America, N.A. in state court on October 14, 2011. (Doc. # 1). Bank of America and BAC jointly removed the action to this Court on November 4, 2011. Id. In the Amended Complaint, the Maduras allege, inter alia, that Bank of America violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., with respect to Plaintiffs' mortgage. The Maduras sought remand, which this Court denied. (Doc. ## 8, 19). Bank of America filed its Answer and Affirmative Defenses on December 14, 2011. (Doc. # 23). The Maduras filed a Motion to Strike the Bank's Affirmative Defenses, which this Court denied. (Doc. ## 24, 41). The Bank filed a Motion to Strike the Maduras' Jury Demand, which this Court granted. (Doc. ## 33, 50).

On March 13, 2012, the Court issued its Case Management and Scheduling Order (Doc. # 58) establishing pretrial deadlines and setting this case for a bench trial during the May 2013, trial term. The case is set to be mediated on September 5, 2012 with Gary Larson, Esq. (Doc. # 75).

On April 11, 2012, Bank of America filed its timely Motion for Leave to File Counterclaim and Third Party Complaint. (Doc. # 68). The Court granted the Motion (Doc. # 72) and on May 2, 2012, Bank of America filed its Verified Foreclosure Counterclaim against the Maduras and Third Party Complaint against CIT Loan Corporation and two unknown tenants (Doc. # 77). The Maduras filed various motions to dismiss the Foreclosure Counterclaim (Doc. # 105, 118, 124), which this Court denied on June 22, 2012. (Doc. # 131). By their present motions, the Maduras seek an order dismissing Bank of America's Foreclosure Counterclaim based on the running of the applicable statue of limitation.

## II. Legal Standard

### A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) may attack jurisdiction facially or factually. <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, as in the instant case, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. <u>Eaton v. Dorchester Dev., Inc.</u>, 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. <u>Scarfo v. Ginsberg</u>, 175 F.3d 957, 960 (11th Cir. 1999)(citing <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. <u>Eaton</u>, 692 F.2d at 732.

**B. <u>Summary Judgment</u>**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving

4

party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id.

### III. Analysis

By their submissions, the Maduras seek an order dismissing Bank of America's Counterclaim based on the running of the five-year statute of limitations for mortgage foreclosure as stated in Florida Statute § 95.11. The Maduras

5

explain that they have not made a single mortgage payment since November 1, 2006. (Doc. # 136 at ¶ 2). Based on the Maduras' calculations, the Bank's foreclosure counterclaim, filed on May 2, 2012, comes six months too late.

However, a review of the governing law leads this Court to find that the Foreclosure Counterclaim was timely filed. As explained in <u>Harmony Homes, Inc. v. United States</u>, 936 F. Supp. 907, 911 (M.D. Fla. 1996), "The statute of limitations on a mortgage foreclosure action begins to run when the last payment is due, except when the mortgage contains an acceleration clause." The court further noted that in the case of a discretionary acceleration clause, as opposed to an automatic acceleration clause, the statute of limitations begins to run at the time of acceleration. <u>Id.</u>

Here, the mortgage before the Court, which is attached as an exhibit to the Counterclaim, contains a discretionary acceleration clause. (Doc. # 77-1 at 15, ¶ 22). The Bank did not accelerate the mortgage on the default date of November 1, 2006. Rather, the Bank sent the Maduras a default letter dated April 23, 2007, giving the Maduras until May 23, 2007, to cure the default, or face acceleration. (Doc. # 148-1 at 7). Because the Maduras did not cure the default by May 23, 2007, the loan was accelerated on May 23, 2007.

6

As the Bank filed its Foreclosure Counterclaim on May 2, 2012, the Counterclaim was timely filed within the limitations period (which ended May 23, 2012).  Accordingly, the Court denies the Maduras' Motion to Dismiss and Motion for Summary Judgment, as both motions were predicated upon the Maduras' statute of limitations argument.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Maduras' Pro se Motion for Summary Judgment on Counterclaim (Doc. # 136) and the Maduras' Rule 12(b)(1) Motion to Dismiss Counterclaim (Doc. # 147) are **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>20th</u> day of July 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies to:  All Counsel and Parties of Record