UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Plaintiffs,             Case No.: 8:11-cv-2511-T-33TBM
v.

BAC HOME LOANS SERVICING L.P.,
ET AL.,

    Defendants.
_____/

BANK OF AMERICA, N.A.,

    Counter-Plaintiff,
v.

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Counter-Defendants.
_____/

BANK OF AMERICA, N.A.,

    Third Party Plaintiff,
v.

CIT LOAN CORPORATION, ET AL.,

    Third Party Defendants.
_____/

**ORDER**

    This cause comes before the Court pursuant to Plaintiffs' "Motion for Reconsideration of this Court's Order [175] Denying Motion for Clarification [173] of the Order [165] and/or Motion Under Rule 60(b)(1) for Relief from Order

Denying Dismissal Due to Bank's Failure to Post a Bond Per s. 57.011, F.S." (Doc. # 180), which was filed on August 7, 2012. Bank of America filed a Response in Opposition to the Motion (Doc. # 185) on August 16, 2012. For the reasons that follow, the Court denies the Motion for Reconsideration.

I. **Legal Standard**

Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration. Ludwig v. Liberty Mut. Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005). The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60. Id. A Rule 59(e) motion must be filed within 28 days after the entry of the judgment. Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b). Here, the Motion for Reconsideration was filed within 28 days of the Court's Order denying clarification (Doc. # 175); however, Plaintiffs bring their Motion for Reconsideration pursuant to Rule 60(b). In the interests of fairness, the Court will evaluate Plaintiffs' Motion under both Rule 59(e) and 60(b), Fed.R.Civ.P.

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th

Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. Likewise, Rule 60(b), Fed.R.Civ.P., is available to relieve a party from a final judgment or order for the following reasons:

    (1)  mistake, inadvertence, surprise, or excusable neglect;
    (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

```
(3)  fraud . . . misrepresentation, or misconduct
     by the opposing party;
(4)  the judgment is void;
(5)  the judgment has been satisfied . . .; or
(6)  any other reason that justifies relief.
```

Rule 60(b), Fed.R.Civ.P.

Whether asserted under either Rule 59 or 60, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Ludwig</u>, 2005 U.S. Dist. LEXIS 37718, at *11 (internal citation omitted).

**II. <u>Analysis</u>**

Bank of America filed its Verified Counterclaim against the Maduras seeking mortgage foreclosure on May 2, 2012. (Doc. # 77). On May 31, 2012, the Maduras filed a Motion to Dismiss the Counterclaim. (Doc. # 105). The Maduras filed a second and third Motion to Dismiss the Counterclaim (Doc. ## 118, 124) on June 13, 2012 and June 18, 2012, respectively. Thereafter, on June 28, 2012, the Maduras filed a Motion for Summary Judgment on the Counterclaim. (Doc. # 136). Once again, on July 9, 2012, the Maduras moved to dismiss the Counterclaim. (Doc. # 147).

The Court denied each and every one of the Maduras' Motions to Dismiss and denied the Maduras' Motion for Summary Judgment in orders dated June 22, 2012 (Doc. # 131) and July 20, 2012 (Doc. # 165). On July 30, 2012, the Maduras moved

for clarification of the Court's July 20, 2012, denial of their dispositve motions. (Doc. # 173). On July 31, 2012, the Court denied the Maduras' July 30, 2012, Motion for Clarification. (Doc. # 175). At this juncture, the Maduras seek reconsideration of the Court's Order denying clarification.

The Maduras argue that the Court should have dismissed or granted summary judgment in their favor on the foreclosure Counterclaim (A) because the Bank did not post a bond in this Court pursuant to Florida Statute Section 57.011 and (B) because the Bank did not accelerate the mortgage properly. Both arguments lack merit.

### A.  Bond

The Maduras assert that the Court erred in not disposing of the Bank's foreclosure Counterclaim when it is uncontested that the Bank did not post a $100.00 bond with this Court. However, Florida Statute Section 57.011 does not apply in this federal forum. See Certex USA, Inc. v. Vidal, No. 09-cv-61818, 2010 WL 2942441, at *5 (S.D. Fla. Feb. 8, 2010)(Florida Statute § 57.011 "is a procedural state law requirement, and accordingly does not apply in federal court."). Whether asserted pursuant to Rule 59 or 60 of the Federal Rules of Civil Procedure, the Maduras' argument on this point is

unavailing. Accordingly, the Court denies the Motion for Reconsideration to the extent such Motion is based on the Bank's failure to post bond.

**B.   Acceleration**

In the Court's July 20, 2012, Order denying two of the Maduras' dispositive motions, the Court addressed the Maduras' contention that the Bank's foreclosure Counterclaim was precluded by the running of the statute of limitations. In rejecting the Maduras' argument, the Court explained:

> [T]he mortgage before the Court, which is attached as an exhibit to the Counterclaim, contains a discretionary acceleration clause. (Doc. # 77-1 at 15, ¶ 22). The Bank did not accelerate the mortgage on the default date of November 1, 2006. Rather, the Bank sent the Maduras a default letter dated April 23, 2007, giving the Maduras until May 23, 2007, to cure the default, or face acceleration. (Doc. # 148-1 at 7). Because the Maduras did not cure the default by May 23, 2007, the loan was accelerated on May 23, 2007. As the Bank filed its [f]oreclosure Counterclaim on May 2, 2012, the Counterclaim was timely filed within the limitations period (which ended May 23, 2012).

(Doc. # 165 at 6-7).

The Maduras now assert that the Court's above-cited language "prejudiced their arguments that Bank has no standing as it knew that the mortgage loan at issue was in defaults at time obtaining it by Bank (in case that Bank's allegation that it is a Holder of the Note are true)." (Doc. # 180 at 2). While the Court has some difficulty ascribing meaning to the

-6-

statements made by the Maduras in their present Motion for Reconsideration, it appears that they contend that the Court's finding is flawed because Countrywide, and not Bank of America, initially accelerated the Maduras' mortgage.

The Maduras' argument lacks merit. The Maduras have not supplied the Court with any case law requiring a holder of a note who obtains its holder status after the acceleration of a debt (such as Bank of America in this case) to re-accelerate or re-default the delinquent borrower before the holder enforces its instrument. In an abundance of fairness to the Maduras, however, Bank of America actually did just that.

Specifically, Bank of America sent the Maduras a Re-Notice of Default and Acceleration on February 27, 2012, before it filed its foreclosure Counterclaim. (Doc. # 185-1). That document is before the Court, and it states, inter alia: "This letter provides updated written notice of default and acceleration of the Loan. You were previously notified about this default by the letter dated April 23, 2007. That letter demanded payment in the amount of $8,259.88. The April 23, 2007 letter warned that failing to make the required payments may result in the Loan being accelerated. To date, the November 1, 2006 default has not been cured." Id. The Re-Notice of Default and Acceleration letter also advised the Maduras that the total amount due was $86,634.46 and that

"your failure to pay this amount will result in the acceleration of your Loan and commencement of foreclosure proceedings against you without further demand or notice." Id.

The Re-Notice of Default and Acceleration letter put the Maduras on notice that (1) Bank of America was the holder of the promissory note in question; (2) the Maduras' loan was in default since November 1, 2006; (3) the Maduras were previously notified of the default on April 23, 2007; (4) that the default had not been cured; and (5) the Maduras' failure to timely pay the accelerated amount as itemized in the letter would result in the commencement of foreclosure proceedings.

The Court previously determined, and now reiterates, that the Bank's foreclosure Counterclaim is not subject to dismissal or summary judgment based on the Maduras' arguments so far asserted. The Maduras have not tendered a single mortgage payment since November 1, 2006. In addition, they have not availed themselves of the many opportunities presented to them to cure the default. Accordingly, they are subject to the inevitable, timely, and appropriately filed foreclosure Counterclaim. The Court has evaluated the Maduras' arguments pursuant to Rule 59 and 60 of the Federal Rules of Civil Procedure and finds no grounds for reconsideration of the Orders denying the Maduras' dispositive motions or the Orders denying clarification of such Orders.

-8-

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' "Motion for Reconsideration of this Court's Order [175] Denying Motion for Clarification [173] of the Order [165] and/or Motion Under Rule 60(b)(1) for Relief from Order Denying Dismissal Due to Bank's Failure to Post a Bond Per s. 57.011, F.S." (Doc. # 180) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of August, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record