UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Plaintiffs,                Case No.: 8:11-cv-2511-T-33TBM

v.

BAC HOME LOANS SERVICING L.P.,
ET AL.,

    Defendants.
_____/

BANK OF AMERICA, N.A.,

    Counter-Plaintiff,

v.

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Counter-Defendants.
_____/

BANK OF AMERICA, N.A.,

    Third Party Plaintiff,

v.

CIT LOAN CORPORATION, ET AL.,

    Third Party Defendants.
_____/

**<u>ORDER</u>**

This cause comes before the Court pursuant to "Counter-Claimants' Motion for Rehearing of that Part of this Court's Order Granting Clarification; and a Motion for Allowing to Include a Counterclaim in their Answer to Foreclosure

Counterclaim, or, in Alternative, for Allowing to Integrate their Amended Complaint with the Counterclaim in response to Foreclosure Counterclaim and to File it with the Court as a Second Amended Complaint" (Doc. # 178), which was filed on August 6, 2012. Bank of America filed a Response in Opposition to the Motion for Reconsideration (Doc. # 185) on August 18, 2012. Also before the Court is the Maduras' Motion for Extension of Time to Respond to the Bank's Counterclaim and for Leave to Supplement Motion [178] with Additional Authorities (Doc. # 183), filed on August 15, 2012. For the reasons that follow, the Court denies the Motion for Reconsideration and grants the Maduras a limited extension of time to respond to the Bank's Counterclaim and to file a Motion to Amend the Complaint.

I. **Legal Standard**

Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration. Ludwig v. Liberty Mut. Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005). The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60. Id. A Rule 59(e) motion must be filed within 28 days after the entry of the judgment. Motions filed after the 28-day period will be

decided under Federal Rule of Civil Procedure 60(b). Here, the Motion for Reconsideration was filed within 28 days of the Court's Order granting clarification (Doc. # 176) and will be addressed under Rule 59(e), Fed.R.Civ.P.

It is within the Court's discretion to grant a motion for reconsideration. <u>Lussier v. Dugger</u>, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. <u>Id.</u> As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to

correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308.

Whether asserted under either Rule 59 or 60, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Ludwig</u>, 2005 U.S. Dist. LEXIS 37718, at *11 (internal citation omitted).

## II. <u>Analysis</u>

Bank of America filed its Verified Counterclaim against the Maduras seeking mortgage foreclosure on May 2, 2012. (Doc. # 77). The Maduras filed an avalanche of dispositive motions in response to the foreclosure Counterclaim, each of which has been duly denied by this Court. The Maduras then responded to the foreclosure Counterclaim by filing on July 9, 2012, their Answer, Affirmative Defenses, Counterclaims and Demand for Jury Trial (Doc. # 142) and by filing on July 16, 2012, their Amended Answer, Affirmative Defenses, Counterclaims, and Demand for Jury Trial (Doc. # 157). These documents spanned hundreds of pages, contained a jury demand, which this Court has repeatedly ruled to be inappropriate due to the presence of a valid jury trial waiver in effect, and contained the Maduras' purported counterclaims to the Bank's foreclosure Counterclaim.

The Bank moved to strike the Maduras' Answer, Affirmative Defenses, Counterclaims and Demand for Jury Trial (Doc. # 142) and Amended Answer, Affirmative Defenses, Counterclaims, and Demand for Jury Trial (Doc. # 157). (Doc. ## 152, 158). This Court appropriately granted the Bank's Motions to Strike on July 20, 2012, as follows: "The Clerk is directed to strike and remove from the record the Maduras' counterclaim [142] and amended counterclaim [157]. Aside from being procedurally improper, the Maduras' counterclaim and amended counterclaim contain a jury demand, and this Court has ruled that the Maduras are not entitled to a jury trial in this case. Even if the Court were to consider the counterclaims as amended complaints, they would be subject to being stricken because the deadline to amend pleadings has expired." (Doc. # 166).

The Maduras sought reconsideration and clarification of the Court's Order and this Court granted clarification on July 31, 2012, as follows: "In an abundance of fairness to the Maduras, who are proceeding pro se, the Court grants clarification to explain that the Maduras may file a single document constituting their Answer and Affirmative Defenses to the Bank's Counterclaim by August 15, 2012. If the Maduras seek to amend their Complaint against the Bank, the proper vehicle for doing so is a Motion to Amend the Complaint,

rather than a 'Counterclaim' to the Bank's Counterclaim." (Doc. # 176).

Par for the course, the Maduras seek reconsideration of the Court's July 31, 2012, Order granting clarification. A lengthy discussion is not required. This Court clearly set forth its procedures for the Maduras to present their claims and defenses in an orderly and streamlined manner. Rather than complying and moving this case forward to its final resolution, the Court's Orders have continuously been met by the Maduras with recalcitrance and motion for reconsideration upon motion for reconsideration. The Maduras' bellicose assault on this Court's Orders and decrees does not change the Court's directives; rather, the Maduras' propensity for needlessly challenging the Court's Orders only serves to further protract and complicate this case.

This Court previously authorized the Maduras to file their Answer and Affirmative Defenses to the Bank's Counterclaim by August 15, 2012. The Maduras did not meet this deadline and now seek an extension of time in which to do so. This Court generously grants their request by allowing them until September 6, 2012, to file such Answer and Affirmative Defenses. In addition, the Court indicated that the Maduras may file a Motion to Amend their Complaint to contain any new claims in response to the Bank's Counterclaim.

The Maduras have not done so, but the Court will allow the Maduras until September 6, 2012, in which to file such motion. No further extensions of this deadline will be granted.[1] As suggested by the Bank and required by Eleventh Circuit law, if the Maduras elect to file a Motion to Amend the Complaint, the Maduras must attach a copy of their proposed amended complaint to the Motion to Amend. See <u>Klusmeier v. Bell Constructors, Inc.</u>, 469 F. App'x 718, 722 (11th Cir. 2012)("Movant must either attach a copy of the proposed amendment to the motion or set forth the substance thereof.")

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) "Counter-Claimants' Motion for Rehearing of that Part of this Court's Order Granting Clarification; and a Motion for Allowing to Include a Counterclaim in their Answer to Foreclosure Counterclaim, or, in Alternative, for Allowing to Integrate their Amended Complaint with the Counterclaim in response to Foreclosure Counterclaim and to File it with the Court as a Second Amended Complaint" (Doc. # 178) is **DENIED.**

---

[1] To the extent that the Maduras request the opportunity to submit further briefing in the Extension Motion (Doc. # 183), such request is denied.

(2) The Maduras' Motion for Extension of Time to Respond to the Bank's Counterclaim and for Leave to Supplement Motion [178] with Additional Authorities (Doc. # 183) is **GRANTED** only to the extent that the Maduras have until and including September 6, 2012, to file their Answer and Affirmative Defenses to the Bank's foreclosure Counterclaim, and have until and including September 6, 2012, to file a Motion to Amend the Complaint, with their proposed Amended Complaint attached.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of August, 2012.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record