UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Plaintiffs,                   Case No.: 8:11-cv-2511-T-33TBM

v.

BAC HOME LOANS SERVICING L.P.,
ET AL.,

    Defendants.
_____/

BANK OF AMERICA, N.A.,

    Counter-Plaintiff,

v.

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Counter-Defendants.
_____/

BANK OF AMERICA, N.A.,

    Third Party Plaintiff,

v.

CIT LOAN CORPORATION, ET AL.,

    Third Party Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to the Maduras' Motion to Dismiss the Bank's Foreclosure Counterclaim for Lack of Subject Matter Jurisdiction (Doc. # 203), which was filed on August 27, 2012. Bank of America, NA (the

"Bank") filed a Response in Opposition to the Motion (Doc. # 209) on August 31, 2012. For the reasons that follow, the Court denies the Motion to Dismiss.

I. **Background**

The Maduras' response to the Bank's Foreclosure Counterclaim is due on September 6, 2012, pursuant to the Court's Order dated August 23, 2012. (Doc. # 193). Rather than responding as ordered by the Court, the Maduras have filed yet another Motion to Dismiss such Counterclaim. The present Motion to Dismiss is the Maduras' fourth successive Motion to Dismiss the Bank's Counterclaim. (Doc. # 193). This Court has denied the three previously-filed Motions to Dismiss, and the present Motion to Dismiss fares no better.

The basis of the Motion to Dismiss is that the Court lacks subject matter jurisdiction over the Counterclaim because the Maduras rescinded their Mortgage pursuant to the Truth in Lending Act. The Maduras state that the Motion is brought pursuant to Rule 12(b)(f) of the Federal Rules of Civil Procedure. Being that such rule does not exist, and being that the Motion seeks dismissal based on lack of subject matter jurisdiction, the Court will construe the Motion as

2

asserted pursuant to Rule 12(b)(1).[1]

## II. Legal Standard

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957,

---

[1] The Maduras' Motion to Dismiss is not amenable to disposition pursuant to Rule 12(b)(6), Fed.R.Civ.P., because such Motion is based upon documents external to the pleadings.

960 (11th Cir. 1999)(citing <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint.  <u>Eaton</u>, 692 F.2d at 732.

### III. <u>Analysis</u>

The Maduras attach to their Motion to Dismiss a scathing letter, dated May 23, 2001, authored by the Maduras and addressed to Countrywide Homeloans Customer Service. (Doc. # 203 at 5-11).  The letter accuses Countrywide Homeloans of fraud, forgery, and of "taking advantage of poor people by giving them loans with very high percentage rates." <u>Id.</u> at 7. The letter threatens Countrywide with a lawsuit and blames Countrywide for Mrs. Madura's hospitalization; however, what the letter does not do is mention TILA or accomplish rescission of the Maduras' mortgage.  In addition, the letter makes no mention of Bank of America, the Counterclaimant, and the Maduras fail to explain why the letter to Countrywide would affect the rights of Bank of America in this action. Furthermore, as stated by the Bank, "not only did the Maduras not rescind their loan, they continued to make payments on their mortgage loan for more than five years after sending the letter." (Doc. # 209 at 3).

4

The Maduras' missive, even construed broadly, does not mandate the dismissal of the Counterclaim and is no bar to the Court's exercise of subject matter jurisdiction over the Bank's Counterclaim.[2]

Rather than filing Motions to Dismiss seriatim, the Court suggests that the Maduras timely respond to the Counterclaim, which was filed on May 2, 2012, so that this case can move forward toward its final resolution.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Maduras' Motion to Dismiss the Bank's Foreclosure Counterclaim for Lack of Subject Matter Jurisdiction (Doc. # 203) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of August 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

---

[2] This Court's basis for exercising subject matter jurisdiction is the Maduras' claim that the Bank violated the RESPA.