UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZEJ MADURA and ANNA
DOLINSKA-MADURA,

    Plaintiffs,                 Case No.: 8:11-cv-2511-T-33TBM

v.

BAC HOME LOANS SERVICING,
L.P., ET AL.,

    Defendants.
_____/

BANK OF AMERICA, N.A.,

    Counter-Plaintiff,

v.

ANDRZEJ MADURA and ANNA
DOLINSKA-MADURA,

    Counter-Defendants.
_____/

BANK OF AMERICA, N.A.,

    Third Party Plaintiff,

v.

CIT LOAN CORPORATION, ET AL.,

    Third Party Defendants.
_____/

**<u>ORDER</u>**

This cause comes before the Court pursuant to Plaintiff/Counter-Defendants Andrzej Madura and Anna Dolinska-Madura's Motions for Reconsideration (Doc. ## 353,

354), filed on December 17, 2012. For the reasons stated below, the Court denies both motions.

## I. Legal Standard

"A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. Coll. of Osteopathic Med., 12 F. Supp. 2d at 1308.

Further, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig v. Liberty Mut. Fire

Ins. Co., No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *9-10 (M.D. Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for [a] party to vent dissatisfaction with the Court's reasoning." Id. at *11 (internal citation omitted).

## II. Analysis

On December 3, 2012, the Maduras filed a motion entitled "Counter-Defendants Due to Completion of Discovery Amended Motion to Dismiss Foreclosure Counterclaim with Prejudice for Fraud Upon the Court and for Unclean Hand." (Doc. # 346). Within this motion, the Maduras sought the Court's review of evidence including a forensic examiner's testimony and report, answers to interrogatories, and a response to a production request. Id. at 7, 10. Concluding that the motion was not, in substance, a motion to dismiss, but rather a mislabeled motion for summary judgment, the Court entered an Order striking the motion and instructing the Maduras as to the procedurally appropriate method for asserting their claims and defenses. (Doc. # 350).

Notably, the Maduras have previously filed three motions to dismiss this action (Doc. ## 105, 118, 124). On June 22, 2012, the Court entered an Order denying the three

successive motions to dismiss, concluding that "the Maduras' arguments require[d] analysis well beyond the face of the [counterclaim]." (Doc. # 131 at 6). The Court, mindful of the Maduras' pro se status, explained that such arguments were not the proper subject of a Rule 12(b)(6) motion to dismiss, and that these arguments were "better suited for resolution at the summary judgment stage, where the Court has the luxury of evaluating the evidence on file . . . in order to ascertain the merits of the dispute." Id.

The Maduras did not entirely ignore the Court's explanation on this issue; rather, on November 30, 2012, the Maduras filed three separate motions for summary judgment, each containing different legal arguments and attachments regarding the Bank's foreclosure. (Doc. ## 343, 344, 345). Coupled with the mislabeled motion to dismiss, which the Court construed as an additional motion for summary judgment, these filings amounted to more than 150 pages of information.

In accordance with the Court's previous Scheduling Orders in this matter (Doc. ## 58, 335), and with Local Rule 3.01(a), a party's claims or defenses for which summary judgment is sought must be presented in a single

4

motion and legal memorandum. Accordingly, the Court entered an Order striking the Maduras' three separate motions for summary judgment and directing the Maduras to re-file in a single motion, not to exceed 25 pages, all claims or defenses for which summary judgment is sought. (Doc. # 349).

On December 17, 2012, the Maduras filed two motions for reconsideration; the first motion relates to the Court's Order striking the Maduras' amended motion to dismiss, and the second motion relates to the Court's Order striking the Maduras' three separate motions for summary judgment. (Doc. ## 353, 354). Both motions claim that reconsideration of these Orders is necessary to correct clear error or manifest injustice. (Doc. # 353 at 2; Doc. # 354 at 2).

The Court finds that requiring the Maduras to comply with the basic procedural rules of this Court constitutes neither an error nor a manifest injustice. The Court has warned the Maduras repeatedly that, regardless of their pro se status, they are required to follow the Local Rules and Orders of this Court as well as the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (finding that pro se litigants are "subject to

the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Accordingly, the Maduras may file a single motion and legal memorandum containing all claims or defenses for which summary judgment is sought.

### III. Conclusion

The standard for granting a motion for reconsideration should not come as a surprise to the Maduras; this Court has addressed frivolous motions for reconsideration by the Maduras on many occasions. (Doc. ## 66, 67, 137, 192, 212, 226, 230, 326). The Maduras' fatiguing attempts to abuse this Court's rules of procedure are no more productive now than they have been throughout this unnecessarily protracted litigation. Thus, the Maduras' motions for reconsideration (Doc. ## 353, 354) are denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Maduras' Motions for Reconsideration (Doc. ## 353, 354) are **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of December, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record