UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZE J. MADURA and ANNA DOLINSKA-MADURA,

Plaintiffs,

v. Case No.: 8:11-cv-2511-T-33TBM

BAC HOME LOANS SERVICING L.P., ET AL.,

Defendants.
______________________________/

BANK OF AMERICA, N.A.,

Counter-Plaintiff,

v.

ANDRZE J. MADURA and ANNA DOLINSKA-MADURA,

Counter-Defendants.
______________________________/

BANK OF AMERICA, N.A.,

Third Party Plaintiff,

v.

CIT LOAN CORPORATION, ET AL.,

Third Party Defendants.

______________________________/

**ORDER**

This cause comes before the Court pursuant to Counter-Defendants' Emergency Motion to Stay All Proceedings Pending the Outcome of their Mandamus Petitions (Doc. # 370), which

was filed on January 7, 2013. The Court grants the Motion as outlined below.

**Discussion**

In Green Leaf Nursery v. E.I. DuPont de Nemours & Co., 341 F.3d 1292, 1309 (11th Cir. 2003), the Eleventh Circuit explained, "The filing of an appeal is an event of jurisdictional significance–-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (Internal citations omitted).

Although the Maduras' Notice (Doc. # 364) and Emergency Motion (Doc. # 370) are somewhat murky regarding the exact focus of the appeal, it appears to this Court that the Maduras appeal the substance of this Court's rulings concerning their claims against the Bank and the Bank's foreclosure counterclaim.[1] At this juncture, a plethora of motions, including cross motions for summary judgment, are pending before the Court. See Doc. ## 338, 347, 355, 356, 359, 366, 367, 368, 369, 371, 375. It would be inappropriate for this

[1] In United States v. Bell, Case No. 12-11807, 2012 U.S. App. LEXIS 25727, at *1 (11th Cir. Dec. 18, 2012), the court explained that it construes pro se petitions liberally, and an appeal is not lost if a mistake is made in designating the issues appealed.

Court to address such motions at this time, during the pendency of the appeal, because "a district court does not have the power to alter the status of the case as it rests before the Court of Appeals." Green Leaf Nursery, 341 F.3d at 1309. In addition, it appears that the Maduras appeal this Court's denial of the their repeated motions for an order of recusal. As such, it would be inappropriate for this Court to continue to preside over this case while the appeal is before the Eleventh Circuit.

Thus, the Court determines that it is appropriate to stay and administratively close this case during the pendency of the appeal. In so staying and administratively closing this case, this Court is mindful of its broad discretion over the manner in which it manages the cases before it, Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002), and determines that a stay under the circumstances of this case will conserve the resources of the parties and the Court. The parties are directed to advise the Court immediately upon the resolution of the appeal.

Accordingly, it is

**ORDERED, ADJUDGED**, and **DECREED** that:

1. Counter-Defendants' Emergency Motion to Stay All Proceedings Pending the Outcome of their Mandamus

Petitions (Doc. # 370) is **GRANTED.** This matter is hereby **STAYED** during the pendency of the appeal.

2. The Clerk is instructed to **ADMINISTRATIVELY CLOSE** this case.

3. The parties are directed to advise the Court immediately upon the resolution of the appeal. When the appeal is resolved, the Court will return this case to active status.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of January 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel and Parties of Record