UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Plaintiffs,               Case No.: 8:11-cv-2511-T-33TBM

v.

BAC HOME LOANS SERVICING L.P.,
ET AL.,

    Defendants.
_____/

BANK OF AMERICA, N.A.,

    Counter-Plaintiff,

v.

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Counter-Defendants.
_____/

BANK OF AMERICA, N.A.,

    Third Party Plaintiff,

v.

CIT LOAN CORPORATION, ET AL.,

    Third Party Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to the Maduras' Motion for Judgment on the Pleadings Pertaining to the Owners' Claims in Recoupment Due to Bank of America NA's Failure to File Answer to the Same (Doc. # 338), which was

filed on November 26, 2012. Bank of America, NA filed a Response in Opposition to the Motion for Judgment on the Pleadings (Doc. # 342) on December 3, 2012. The Court denies the Motion as follows.

**Discussion**

The Maduras filed this action against the Bank, et al., in state court on October 14, 2011. (Doc. # 1). The Bank removed the action to this Court on November 4, 2011. Id. In the Amended Complaint, the Maduras allege, inter alia, that the Bank violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., with respect to the Maduras' mortgage. The Bank filed its Answer and Affirmative Defenses on December 14, 2011 (Doc. # 23), and filed a Foreclosure Counterclaim with leave of Court on May 2, 2012. (Doc. # 77).

On September 6, 2012, the Maduras filed a 140-page document containing their Answer to the Foreclosure Counterclaim as well as their affirmative defenses to the Foreclosure Counterclaim. (Doc. # 222). The Maduras enumerated 70 "affirmative defenses." Bank of America responded to the Maduras' submission on September 28, 2012, by denying each of the Maduras' affirmative defenses and demanding strict proof of each affirmative defense. (Doc. #

2

264).

At this juncture, the Maduras seek "judgment on the pleadings" as to their "recoupment claims" affirmative defenses under the misguided theory that Bank of America failed to respond to such "claims." The Maduras point the Court's attention to "Affirmative Defenses in Recoupment numbered as 39, 45, 51, 53, 54, 56, and 70." (Doc. # 338)(citing Doc. # 222). The Maduras further indicate:

> A deadline for the Bank to file a motion to strike and/or reply to the Homeowners' recoupment counterclaim for damages passed. Pleadings are closed as deadline to amend pelading [sic] alresdy [sic] passed. The Bank's failure to file reply/answer to any of the Homeowners' claims in recoupment is equivalent to admitting the allegation as true as to each of the Homeowners' claims in recoupment.

(Doc. # 338 at 2).

Thus, although titled as a Motion for Judgment on the Pleadings, it appears from reading the Maduras' Motion that the Maduras are seeking a default against the Bank. In addition, it appears that the Maduras are attempting to violate the Court's July 20, 2012, Order (Doc. # 166) by filing numerous counterclaims to the Bank's Foreclosure Counterclaim under the guise of affirmative defenses, buried in a 140-page document. The Court rejects the Maduras' characterization of their affirmative defenses as

3

"counterclaims."

Judgment on the Pleadings or any sort of default in favor of the Maduras is simply not warranted under the Federal Rules of Civil Procedure or any other governing law. The Bank responded to the Maduras' submission containing the Maduras' affirmative defenses on September 28, 2012, by denying each and requiring strict proof of each. The Maduras' belief that more was required is incorrect.[1] The Motion is thus denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Maduras' Motion for Judgment on the Pleadings Pertaining to the Owners' Claims in Recoupment Due to Bank of America NA's Failure to File Answer to the Same (Doc. # 338) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of May, 2013.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[1] Even if the Court were to accept the Maduras' theory that their affirmative defenses are actually counterclaims, the relief that the Maduras are seeking in this Motion is nevertheless unavailable because the Bank has denied each such "claim." (Doc. # 264).

4

Copies to:   All Counsel and Parties of Record