UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

     Plaintiffs,            Case No.: 8:11-cv-2511-T-33TBM

v.

BAC HOME LOANS SERVICING L.P.,
ET AL.,

     Defendants.
_____/

BANK OF AMERICA, N.A.,

     Counter-Plaintiff,

v.

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

     Counter-Defendants.
_____/

BANK OF AMERICA, N.A.,

     Third Party Plaintiff,

v.

CIT LOAN CORPORATION, ET AL.,

     Third Party Defendants.
_____/

## ORDER

    This cause comes before the Court pursuant to the
Maduras' Rule 60(b)(1)(2), Fed. R. Civ. P., Emergency Motion
for Relief from Summary Judgment Order (Doc. # 501), filed on
July 19, 2013.  Bank of America responded on July 31, 2013.

(Doc. # 511).  Also before the Court is the Maduras' Rule 41(b), Fed. R. Civ. P., Motion for Involuntary Dismissal of Bank of America's Foreclosure Counterclaim (Doc. # 502), filed on July 23, 2013, to which Bank of America responded on July 31, 2013. (Doc. # 510).  The Maduras' Rule 60(b)(2)(3), Fed. R. Civ. P., Amended Emergency Motion for Relief from Summary Judgment Order (Doc. # 503), filed on July 23, 2013, is also before the Court.  Bank of America responded on July 31, 2013. (Doc. # 512).  Furthermore, the Maduras have filed three additional Motions for Reconsideration (Doc. ## 509, 517, 518), to which Bank of America has not yet responded.  In addition, the Maduras have filed three motions seeking leave to file reply memoranda. (Doc. ## 514-516).

The Court denies the Motions as follows.

## I.   <u>Reconsideration</u>

Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration.  <u>Ludwig v. Liberty Mut. Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005).  The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60.  <u>Id.</u>  A Rule 59(e) motion must be filed within 28 days after the entry of the judgment.  Motions filed after the 28-day period will be

decided under Federal Rule of Civil Procedure 60(b). Here, each of the Motions seeking reconsideration of the Court's July 17, 2013, Summary Judgment Order (Doc. # 496) was filed within 28 days of the entry of such Order and will be addressed under Rule 59(e), Fed. R. Civ. P.

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to

-3-

correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308.

Whether asserted under either Rule 59 or 60, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Ludwig</u>, 2005 U.S. Dist. LEXIS 37718, at *11 (internal citation omitted). Furthermore, as explained in <u>Gonzalez v. Secretary for the Department of Corrections</u>, 366 F.3d 1253, 1292 (11th Cir. 2004), motions for reconsideration are not "intended to permit parties to relitigate the merits of claims or defenses, or to raise new claims or defenses that could have been asserted during the litigation of the case.  Rather, the aim of [a motion for reconsideration is] to allow a district court to grant relief when its judgment rests upon a defective foundation."

Here, the Maduras' onslaught of Motions for Reconsideration enumerated above do not provide a meritorious basis for reconsideration.  The Court will not repeat the catalogue of unsuccessful arguments the Maduras have advanced in support of reconsideration to the extent that the Maduras have simply repeated stale arguments which have been previously asserted and thoroughly addressed.  To summarize, the Maduras disagree with the Court's legal determinations that Bank of America has standing to foreclose and that the

remedy of foreclosure is appropriate in this case.  However, the Maduras have not supplied the Court with any persuasive argument showing that any of the Court's determinations are based upon a defective foundation.

The Court will address two of the Maduras' arguments, however, because the Maduras have attempted to call this Court's professionalism into question.  The Maduras allege (1) that the Court entered its Summary Judgement Order improperly because, at the time such Order was filed, a Motion to Disqualify the undersigned was pending and (2) the Court entered its Summary Judgment Order after receiving ex parte communications from Bank of America.  Neither contention has an iota of merit.

### A.   Motions for Disqualification and Recusal

The Maduras have expressed their desire for a new district judge and a new magistrate judge in these proceedings on a number of occasions.  On November 28, 2011, the Maduras filed their initial Motion to Disqualify the undersigned. (Doc. # 12).  The Court denied the Motion on November 30, 2011. (Doc. # 16).  Undeterred, the Maduras filed their second Motion to Disqualify the undersigned on June 4, 2012. (Doc. # 107).  The Court denied the second Motion to Disqualify on June 5, 2012. (Doc. # 111).  Thereafter, on December 17, 2012,

the Maduras sought the disqualification of the Honorable
Thomas B. McCoun, III, United States Magistrate Judge. (Doc.
# 356).  Judge McCoun denied the Motion on January 11, 2013.
(Doc. # 377).

The Maduras sought mandamus relief from the Eleventh
Circuit when the undersigned and Judge McCoun declined to
recuse.  The Eleventh Circuit agreed that recusal was not
warranted.  In an opinion dated March 5, 2012, the Eleventh
Circuit noted: "the Maduras had no right to a disqualification
of Judge Covington, the mandamus petition is frivolous." (Doc.
# 53).  In addition, in an Order dated February 26, 2013, the
Eleventh Circuit once again characterized the Maduras' request
that the undersigned be disqualified as "frivolous." (Doc. #
394).  The Eleventh Circuit reached the same conclusion
regarding the Maduras' frivolous attempt to disqualify Judge
McCoun. (Doc. # 395).

Relevant to the instant proceedings, the Maduras filed
a "Motion to Recuse" the undersigned at 4:25 p.m. on July 17,
2013. (Doc. # 499).  Because the Maduras filed a paper copy of
the motion with the Clerk's Office, rather than using the
Court's electronic filing system, the Motion for Recusal was
not entered on the docket until the next day, July 18, 2013.
Thus, this Court was not aware of the Motion for Recusal when

the Court entered its Summary Judgment Order on July 17, 2013, at 5:52 p.m.

It appears to the undersigned that the Maduras have engaged in a pattern of filing spurious motions for disqualification and for recusal in an attempt to delay the proceedings.  The latest Motion for Recusal is no exception.  The Court has denied the most recent motion for recusal.  That motion, regardless of when it was filed by the Maduras, does not warrant an Order of Reconsideration of the Court's Summary Judgment determinations.

**B.   Alleged Ex Parte Communications**

It is this Court's interpretation of Florida law that, in contested mortgage foreclosure actions, such as the present action, "a party who seeks to foreclose on a mortgage must produce the original note." Deutsche Bank Nat'l Trust Co. v. Clarke, 87 So. 3d 58, 61 (Fla. 4th DCA 2012).  The Court directed Bank of America to furnish the original loan documents to the Court in compliance with Florida law.  After the Court received the documents, the Court delivered the documents to the Clerk's Office for safe keeping.

Bank of America explains that its "submission of the original loan documents—which Mr. Madura has inspected in person and which were provided to Mr. Madura during his

deposition before the Honorable Magistrate Judge Thomas McCoun III (Doc. # 302) --to the Court was pursuant to an express Court order. (Doc. # 492).  The Maduras not only received that communication . . . but were also copied on [Bank of America's] submission of the original documents to the Court." (Doc. # 513 at 3).

This Court has not engaged in ex parte communications in this case.[1] Reconsideration is not warranted on the basis of alleged ex parte communications.

In summary, as to the Maduras' requests for reconsideration, the Court determines that the Maduras have not presented new evidence warranting reconsideration, have not demonstrated that there has been a change in controlling law, and have not showed that reconsideration is required to prevent a clear error or an injustice.  Furthermore, the Court specifically determines that the Maduras' meritless request that the undersigned recuse and the Maduras' unavailing argument that the undersigned engaged in ex parte communications do not require reconsideration.

**II.  <u>Motion to Dismiss</u>**

---

[1]  The Court notes that the Maduras' unsuccessful litigation strategy has also involved accusing Judge McCoun of ex parte communications in this case. (Doc. # 356).

At this juncture, the Court has granted summary judgment in Bank of America's favor on Bank of America's foreclosure counterclaim. (Doc. # 496).  Nevertheless, after the entry of the Court's Summary Judgment Order, the Maduras filed their "Rule 41(b) Fed. R. Civ. P. Motion for Involuntary Dismissal of Bank of America NA Foreclosure Counterclaim as the Bank's Purported Note is Not Enforceable Under § 201.08 Fla. Stat. or/in Alternative, in Case this Court Entered Final Judgment a Motion to Set Aside and Vacate this Judgment." (Doc. # 502).

The basis of the Motion is that the relevant Note is not enforceable because documentary stamps have not been paid. Florida Statute § 201.08(1) states in part that "the mortgage, trust deed, or other instrument shall not be enforceable in any court of this state as to any such advance unless and until the tax due thereon upon each advance that may have been paid thereunder has been paid."  Florida courts have explained the documentary stamp requirement for maintaining a foreclosure action. See e.g. Somma v. Metra Elecs. Corp., 727 So. 2d 302, 304 (Fla. 2d DCA 1999)("Section 201.08(1), Florida Statute, clearly states that in an action to enforce a promissory note the plaintiff must establish, as a condition precedent to pursuing the action, that the taxes due on the note have been paid.").

Here, the Court is satisfied that the relevant documentary taxes have, indeed, been paid because the Note indicates the payment of the same. (Doc. # 360-2 at 3, ¶ 12). Thus, the Court denies the Rule 41, Fed. R. Civ. P., motion for involuntary dismissal.

The Court also notes that the Maduras have filed various motions seeking leave to file reply memoranda and are engaged in a pattern of filing numerous frivolous motions in an apparent effort to forestall the Court's timely and orderly administration of this case to its conclusion. The Court would normally allow the submission of a reply, however, the history of this case and the voluminous docket demonstrate that the submission of further memoranda is unnecessary and would only serve to delay the proceedings.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  The Maduras' Rule 60(b)(1)(2), Fed. R. Civ. P., Emergency Motion for Relief from Summary Judgment Order (Doc. # 501) is **DENIED.**

(2)  The Maduras' Rule 41(b), Fed. R. Civ. P., Motion for Involuntary Dismissal of Bank of America's Foreclosure Counterclaim (Doc. # 502) is **DENIED.**

(3)   The Maduras' Rule 60(b)(2)(3), Fed. R. Civ. P., Amended
      Emergency Motion for Relief from Summary Judgment Order
      (Doc. # 503) is **DENIED.**

(4)   The Maduras' Motion for Reconsideration (Doc. # 509) is
      **DENIED.**

(5)   The Maduras' "Emergency" Motion for Reconsideration (Doc.
      # 517) is **DENIED.**

(6)   The Maduras' "Emergency" Motion for Reconsideration (Doc.
      # 518) is **DENIED.**

(7)   The Maduras' motions seeking leave to file reply
      memoranda (Doc. # 514), (Doc. # 515), and (Doc. # 516)
      are **DENIED.**

      **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this
<u>12th</u> day of August, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record