UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Plaintiffs,                 Case No.: 8:11-cv-2511-T-33TBM

v.

BAC HOME LOANS SERVICING L.P.,
ET AL.,

    Defendants.
_____/

BANK OF AMERICA, N.A.,

    Counter-Plaintiff,

v.

ANDRZE J. MADURA and ANNA
DOLINSKA-MADURA,

    Counter-Defendants.
_____/

BANK OF AMERICA, N.A.,

    Third Party Plaintiff,

v.

CIT LOAN CORPORATION, ET AL.,

    Third Party Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the Maduras' Verified Emergency Motion to Stay the Court's Order [496] or Stay Final Judgment filed pursuant to Rule 62(b)(4), Fed. R. Civ. P., and Rule 8(1)(A) Fed. R. App. Pro. (Doc. #

504), which was filed on July 25, 2013. Bank of America responded on July 31, 2013. (Doc. # 513). The Court denies the Motion.

**Discussion**

An exhaustive discussion of the history of this case is unwarranted at this juncture. The Maduras have filed a rash of disqualification motions aimed at the undersigned district judge and the assigned magistrate judge. The Eleventh Circuit has issued several opinions determining that the Maduras have failed to demonstrate that disqualification is warranted. Furthermore, the Eleventh Circuit has classified the Maduras' disqualification petitions as frivolous.[1]

The most recent disqualification motion was filed on July 17, 2013, when the Maduras filed their "Verified Motion to Recuse" the undersigned. (Doc. # 499). The Court denied the Motion on July 18, 2013. (Doc. # 500). At this juncture, the Maduras indicate that they have filed a petition for mandamus relief with the Eleventh Circuit in relation to the Court's denial of the Motion for recusal. The Maduras seek a stay of the proceeding pending the outcome of their mandamus petition. The Court denies the Motion.

---

[1] See Eleventh Circuit Case Nos. 12-12550, 12-15881, 12-16061, and 12-16596.

As explained in Hilton v. Braunskill, 481 U.S. 770, 777 (1987):

> Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal. See Fed. R. Civ. Proc. 62(c); Fed. R. App. Proc. 8(a). Under both Rules, however, the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

As noted, the Maduras have sought mandamus relief from the Eleventh Circuit on a number of occasions regarding the undersigned's decision that recusal is not required in this case. Each time, the Eleventh Circuit has dismissed the Maduras' mandamus petition and has characterized the Maduras' mandamus petitions as frivolous. The Court determines that the Maduras have not made a strong showing that they are likely to succeed on the merits of their current request for mandamus relief because they have previously raised similar arguments without any success. Further, the Maduras' contention that the Court engaged in ex parte communications, which forms the basis of their most recent request for disqualification, is not supported in fact or in the law.

The Maduras' failure to convince the Court that they are

likely to succeed on the merits is a critical factor in the Court's calculus, because, "[o]rdinarily the first factor is the most important" in addressing a motion to stay. <u>Garcia-Mir v. Meese</u>, 781 F.2d 1450, 1453 (11th Cir. 1986).

The Maduras also present unconvincing arguments regarding the remaining factors. The Court recognizes that the Maduras face the prospect of losing their home to foreclosure based on their failure to remit mortgage payments. However, the Court is not persuaded that the forthcoming foreclosure of the Maduras' property outweighs the harm that Bank of America would face if the Court were to stay its summary judgment order finding in favor of Bank of America due to the Maduras' patently frivolous petition for mandamus relief.[2]

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

The Maduras' Verified Emergency Motion to Stay the Court's Order [496] or Stay Final Judgment filed pursuant to Rule 62(b)(4), Fed. R. Civ. P., and Rule 8(1)(A) Fed. R. App. Pro. (Doc. # 504) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this

---

[2] To the extent the Maduras seek a stay pending the resolution of their Motions for Reconsideration, the Motion is moot because the Court has denied all Motions for Reconsideration filed and entered as of the date of this Order.

4

<u>12th</u> day of August, 2013.

                    VIRGINIA M. HERNANDEZ COVINGTON
                    UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record