UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANDRZEJ MADURA and**
**ANNA DOLINSKA-MADURA,**

    **Plaintiffs,**

**v.**                                                                                    CASE NO. 8:11-cv-2511-T-33TBM

**BAC HOME LOANS SERVICING LP, et. al.,**

    **Defendants.**
_____/

**BANK OF AMERICA, N.A.,**

    **Counter-Plaintiff,**
**v.**

**ANDRZEJ MADURA and**
**ANNA DOLINSKA-MADURA,**

    **Counter-Defendants,**
_____/

**BANK OF AMERICA, N.A.**

    **Third-Party Plaintiff,**

**CIT LOAN CORPORATION, et. al.**

    **Third-Party Defendants**
_____/

## FINAL JUDGMENT OF FORECLOSURE

**THIS CAUSE** came before the Court on the Order (Doc. # 496) granting summary judgment on all claims to defendant/counter-plaintiff Bank of America, N.A., on its own and as successor by merger to BAC Home Loans Servicing, LP (both, collectively, "Bank of America"). For the reasons set forth in the Order, the Court enters Final Judgment in favor of

Bank of America and against Andrzej Madura and Anna Dolinska-Madura, who shall take nothing by their claims in this action and who shall go hence without day.

**IT IS HEREBY ORDERED, ADJUDGED**, and **DECREED:**

1. The Court enters final judgment of foreclosure in favor of Bank of America and against Andrzej Madura and Anna Dolinska-Madura, whose address is 3614 57th Avenue Drive West, Bradenton, Florida 34210.

2. **Amounts Due and Owing.** Bank of America is due from the Maduras the following amounts:

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $ 86,017.57 |
| Interest from 10/01/06 – 07/29/13 (per diem at 14.375%) | $ 84,393.72 |
| Pre-acceleration late charges | $ 1,385.54 |
| Real Estate Taxes for the years:<br>2006 - $5,000.00<br>2007 - $3,030.51<br>2008 - $2,280.10<br>2009 - $2,077.72<br>2010 - $1,199.36<br>2011 - $1,229.59 | $ 14,817.28 |
| Property Inspection Fees | $ 753.50 |
| **GRAND TOTAL** | **$ 187,367.61** |

3. **Interest.** The Grand Total amount set forth in Paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest, as established by 28 U.S.C. § 1961.

4. **Lien on Property**. Bank of America, c/o Akerman Senterfitt, One Southeast Third Avenue, 25th Floor, Miami, Florida 33131, holds a lien for the Grand Total set forth in Paragraph 2 superior to all claims or estates of the defendant(s), on the following described property in Manatee County, Florida:

> **Unit 66, of LAKEBRIDGE, A Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 1078, Pages 289-361, inclusive, of the Public Records of Manatee County, Florida, as Amended.**
>
> **Property address: <u>3614 57th Avenue Drive West, Bradenton, Florida 34210</u>**

5. **Sale of Property.** If the Grand Total set forth in Paragraph 2, plus accrued interest at the rate described in Paragraph 3 and all costs accrued subsequent to this judgment, is not paid, the United States Marshal shall sell the subject property at public sale at a location, date, and time in Manatee County, Florida, to be determined by the United States Marshal.  The subject property will be sold to the highest bidder for cash, after having first given notice as required by Section 45.031, Florida Statutes. Bank of America shall be given an automatic bid at said sale of up to the Grand Total amount of this Final Judgment.

6. **Costs.**  Bank of America shall advance all subsequent costs of this action and shall be reimbursed for them by the United States Marshal if Bank of America is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title.  If Bank of America is the purchaser, the United States Marshal shall credit Bank of America's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

7. **Distribution of Proceeds.**  On filing the Certificate of Title, the United States Marshal shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Bank of America's costs; second, documentary stamps affixed to the Certificate; third, Bank of America's attorneys' fees; fourth, the total sum due to Bank of America, less the items paid, plus interest at the rate prescribed in Paragraph 3 from this date to the date of the sale; and, fifth, by retaining any remaining amount pending the further order of this Court.

8. **Right of Possession.**  Upon filing of the Certificate of Sale, the Maduras and all persons claiming under or against the Maduras since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718

or Chapter 720, Fla. Stat., if any.  Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the Protecting Tenants at Foreclosure Act of 2009, which was extended until December 31, 2014, by the Dodd-Frank Wall Street Reform and Consumer Protection Act.

9. The Clerk is directed to **CLOSE THIS CASE.**

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE.  IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF.  YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED.  PLEASE CHECK WITH THE CLERK OF THE COURT, WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION.  IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT LEGAL AID OF MANASOTA, 1101 6TH AVENUE WEST, BARDENTON, FLORIDA 34205 (TELEPHONE: (941) 747-1628) (WEBSITE:  www.gulfcoastlegal.org) or GULFCOAST LEGAL SERVICES, 430 12TH STREET WEST, BRADENTON, FLORIDA 34205 (TELEPHONE: (941) 746-6151) (WEBSITE: www.gulfcoastlegal.org), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES.  IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT LEGAL AID OF MANASOTA OR GULFCOAST LEGAL SERVICES, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>13th</u> day of August, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Counsel and Parties of Record
            United States Marshals Service