```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION


ANDRZEJ MADURA and ANNA
DOLINSKA-MADURA,

      Plaintiffs,                  Case No. 8:11-cv-2511-T-33TBM
v.

BAC HOME LOANS SERVICING L.P.,
ET AL.,

      Defendants.
_____/

BANK OF AMERICA, N.A.,

      Counter-Plaintiff,
v.

ANDRZEJ MADURA and ANNA
DOLINSKA-MADURA,

      Counter-Defendants.
_____/

BANK OF AMERICA, N.A.,

      Third Party Plaintiff,
v.

CIT LOAN CORPORATION, ET AL.,

      Third Party Defendants.
_____/
```

## ORDER

This matter comes before the Court pursuant to the Maduras' Rule 60 Motion for Relief from Judgment (Doc. # 540), which was filed on October 15, 2013.  Bank of America filed a

Response in Opposition to the Motion (Doc. # 553) on November 8, 2013. The Court denies the Motion for lack of jurisdiction as explained below.

**Discussion**

On July 17, 2013, the Court entered an Order, inter alia, granting summary judgment in favor of Bank of America as to Bank of America's Verified Foreclosure Counterclaim against the Maduras. (Doc. # 496). On August 13, 2013, the Court entered a Final Decree of Foreclosure in favor of Bank of America. (Doc. # 521). On August 27, 2013, the Maduras filed an appeal as to the Final Decree of Foreclosure. (Doc. # 524). That appeal is pending under Eleventh Circuit Case No. 13-13953.

In the instant Motion for Relief from Judgment, the Maduras attack the validity of the Court's Summary Judgment Order and the attendant Final Decree of Foreclosure. However, the very same issues are before the Eleventh Circuit on appeal.

In Green Leaf Nursery v. E.I. DuPont de Nemours & Co., 341 F.3d 1292, 1309 (11th Cir. 2003), the Eleventh Circuit explained, "[t]he filing of an appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control

over those aspects of the case involved in the appeal." (internal citations omitted). In addition, recognizing "the confusion which would result from the simultaneous assertion of jurisdiction by two courts over the same matter" the court in <u>Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Association</u>, 895 F.2d 711, 713 (11th Cir. 1990), explained that during an appeal, "[t]he district court retains only the authority to act in aid of the appeal, to correct clerical mistakes, or to aid in the execution of a judgment that has not been superseded." <u>Id.</u> As noted by this Court, "the district court has authority to proceed forward with portions of the case not related to the claims on appeal, [but] does not have authority to alter the status of the case as it rests before the Court of Appeals." <u>Axiom Worldwide, Inc. v. HTRD Group H.K. Ltd.</u>, No. 8:11-cv-1468-T-33TBM, 2013 U.S. Dist. LEXIS 152918, at *7-8 (M.D. Fla. Oct. 24, 2013) (internal citations omitted).

After considering these authorities, the Court determines that it lacks jurisdiction to decide the Maduras' Motion for Relief from Judgment. The Maduras request that this Court improperly assert jurisdiction over those aspects of this case that are currently on appeal. The Court declines the

invitation and denies the Motion for Relief from Judgment for lack of jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED**, and **DECREED** that:

The Maduras' Rule 60 Motion for Relief from Judgment (Doc. # 540) is **DENIED** for lack of jurisdiction.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of November, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies to: Counsel and Parties of Record