UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ANDRZEJ MADURA and ANNA
DOLINSKA-MADURA,

     Plaintiffs,            Case No. 8:11-cv-2511-T-33TBM
v.

BAC HOME LOANS SERVICING L.P.,
ET AL.,

     Defendants.
_____/

BANK OF AMERICA, N.A.,

     Counter-Plaintiff,
v.

ANDRZEJ MADURA and ANNA
DOLINSKA-MADURA,

     Counter-Defendants.
_____/

BANK OF AMERICA, N.A.,

     Third Party Plaintiff,
v.

CIT LOAN CORPORATION, ET AL.,

     Third Party Defendants.

_____/

**ORDER**

    This matter comes before the Court pursuant to the
Maduras' Motion to Clean this Court's Docket from Erroneous
Entry of Countrywide Home Loans Inc. (Doc. # 557), filed on

February 5, 2014. In the Motion, the Maduras indicate that Countrywide Home Loans "was never a party to this originally filed action . . . [and] was never [] added during this federal action." (Id. at 1). The Maduras request that the Court "correct" the docket and indicate that Bank of America agrees with the relief requested. (Id.). Even though the Motion is unopposed, the Court denies the Motion for lack of jurisdiction as explained below.

**Discussion**

On July 17, 2013, the Court entered an Order, inter alia, granting summary judgment in favor of Bank of America as to Bank of America's Verified Foreclosure Counterclaim against the Maduras. (Doc. # 496). On August 13, 2013, the Court entered a Final Decree of Foreclosure in favor of Bank of America. (Doc. # 521). On August 27, 2013, the Maduras filed an appeal as to the Final Decree of Foreclosure. (Doc. # 524). That appeal is pending under Eleventh Circuit Case No. 13-13953.

In the instant Motion, the Maduras request that the Court alter the legal landscape of the case by removing a party from the docketsheet. However, in Green Leaf Nursery v. E.I. DuPont de Nemours & Co., 341 F.3d 1292, 1309 (11th Cir. 2003), the Eleventh Circuit explained, "[t]he filing of an appeal is

2

an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (internal citations omitted). As noted by this Court, "the district court has authority to proceed forward with portions of the case not related to the claims on appeal, [but] does not have authority to alter the status of the case as it rests before the Court of Appeals." Axiom Worldwide, Inc. v. HTRD Group H.K. Ltd., No. 8:11-cv-1468-T-33TBM, 2013 U.S. Dist. LEXIS 152918, at *7-8 (M.D. Fla. Oct. 24, 2013) (internal citations omitted).

After considering these authorities, the Court determines that it lacks jurisdiction to decide the Maduras' present Motion.

Accordingly, it is

**ORDERED, ADJUDGED**, and **DECREED** that:

The Maduras' Motion to Clean this Court's Docket from Erroneous Entry of Countrywide Home Loans Inc. (Doc. # 557) is **DENIED** for lack of jurisdiction.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of February, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3

Copies to: Counsel and Parties of Record