```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                             DIVISION

ANDRZEJ MADURA and ANNA DOLINSKA-
MADURA,

            Plaintiffs,
vs.                                 Case No. 8:11-cv-2511-T-33TBM

BAC HOME LOANS SERVICING, LP and
BANK OF AMERICA, N.A.,

            Defendants.
_____/
```

**ORDER**

This cause comes before the Court pursuant to the Maduras' Motion for Indicative Ruling Under Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1 (Doc. # 568), and the Maduras' Rule 60(b)(4)Motion for Relief from Final Judgment of Foreclosure (Doc. # 569), which was filed on December 16, 2014. For the reasons that follow, the Motions are denied.

**I.   Background**

An exhaustive discussion of the history of this case is unwarranted at this juncture. On July 17, 2013, the Court entered an Order granting Bank of America's Motion for Summary Judgment as well as addressing a plethora of other pending motions. (Doc. # 496). Among other things, the Court determined that the RESPA claims presented in the Maduras' operative complaint lacked merit and that Bank of America was

entitled to summary judgment against the Maduras as to its foreclosure counterclaim. (Id.). The Court directed Bank of America to submit a proposed final judgment for the Court's consideration within ten days thereof. (Id.).

Prior to the entry of a final judgment, the Maduras filed a motion to stay the case based on their submission of a petition for writ of mandamus to the Eleventh Circuit based on the argument that this Court should have entered an Order of recusal. (Doc. # 504). On August 12, 2013, the Court denied the motion to stay based on a number of factors. (Doc. # 520). Among other things, the Court determined that the Maduras were unlikely to prevail on the merits of the petition because the Eleventh Circuit has repeatedly instructed the Maduras that mandamus relief is inappropriate under the circumstances presented in this case. The Court also noted that while the Maduras have on more than one occasion presented their recusal arguments to the Eleventh Circuit, that court has routinely rejected such arguments.

Thereafter, on August 13, 2013, this Court entered its Final Judgment of Foreclosure. (Doc. # 521). The Maduras filed an appeal of the Judgment (Doc. # 524), and the Eleventh Circuit granted the Maduras leave to appeal in forma pauperis. (See Case 13-13953). On October 2, 2013, the Eleventh Circuit Court of Appeals dismissed the petition for want of

prosecution. (Doc. # 535). Thereafter, on November 20, 2013, a "Construed Notice of Appeal" was filed. (Doc. # 562). The Eleventh Circuit entered its Opinion on the appeal from the Summary Judgment granted in favor of Bank of America, N.A. and Final Judgment of Foreclosure entered on August 13, 2013. (Doc. # 567). At this juncture, the Maduras seek an indicative ruling and relief from the Final Judgment of Foreclosure. (See Doc. ## 568, 569).

## II. Discussion

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistake , inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion for relief from judgment must be made "within a reasonable time" and if predicated upon subsections 1-3, must be made within one year of the Order in question. Fed. R. Civ.

P. 60(c)(1). In Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984), the court cautioned against reopening final judgments "lightly," explaining: "The desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments." Id.

In addition, recognizing "the confusion which would result from the simultaneous assertion of jurisdiction by two courts over the same matter" the court in Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Association, 895 F.2d 711, 713 (11th Cir. 1990), explained that during an appeal, "[t]he district court retains only the authority to act in aid of the appeal, to correct clerical mistakes, or to aid in the execution of a judgment that has not been superseded." Id. As noted by this Court, "the district court has authority to proceed forward with portions of the case not related to the claims on appeal, [but] does not have authority to alter the status of the case as it rests before the Court of Appeals." Axiom Worldwide, Inc. v. HTRD Group H.K. Ltd., No. 8:11-cv-1468-T-33TBM, 2013 U.S. Dist. LEXIS 152918, at *7-8 (M.D. Fla. Oct. 24, 2013) (internal citations omitted).

After considering these authorities, the Court determines that it lacks jurisdiction to decide the Maduras' Motion for Relief from Judgment as the Eleventh Circuit has affirmed the

Order of this Court granting Summary Judgment in favor of Bank of America, N.A. (See Doc. # 567).

Furthermore, the Maduras' Motion was filed more than a year after the entry of the Final Judgment in question and after the Eleventh Circuit affirmed the decision on appeal. "It seems clear that time is relevant.  The longer the delay the more intrusive is the effort to upset the finality of the judgment." Ritter v. Smith, 811 F.2d 1398, 1402 (11th Cir. 1987). "It is for the public good that there be an end of litigation." Waddell v. Hemerson, 329 F.3d 1300, 1309 n.11 (11th Cir. 2003). The Maduras have not presented extraordinary circumstances warranting relief pursuant to Rule 60(b). The lengthy passage of time coupled with the patent frivolity of their request for an indicative ruling and relief from judgment mandates the denial of both Motions.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Maduras' Motion for Indicative Ruling Under Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1 (Doc. # 568) is **DENIED.**

(2) The Maduras' Rule 60(b)(4) Motion for Relief from Final Judgment of Foreclosure (Doc. # 569) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of December, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record