UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZEJ MADURA and
ANNA DOLINSKA-MADURA,

        Plaintiffs,
vs.                              Case No. 8:11-cv-2511-T-33TBM

BAC HOME LOANS SERVICING,
LP and BANK OF AMERICA, N.A.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the Homeowners' Motion for Reconsideration of Order Denying Their Rule 62.1 Motion for Indicative Ruling and Rule 60(b)(4) Motion to Void Judgment of Foreclosure Due to This Court's Erroneous Deprivation without Due Process of Law (Doc. # 572), which was filed on December 29, 2014. For the reasons that follow, the Motion is denied.

**I.   Background**

At this stage of the proceedings, an exhaustive discussion of the history of this case is unwarranted. On July 17, 2013, the Court entered an Order granting Bank of America's Motion for Summary Judgment as well as addressing a plethora of other pending motions. (Doc. # 496). Among other

things, the Court determined that the RESPA claims presented in the Maduras' operative complaint lacked merit and that Bank of America was entitled to summary judgment against the Maduras as to its foreclosure counterclaim. (Id.). The Court directed Bank of America to submit a proposed final judgment for the Court's consideration within ten days thereof. (Id.).

Prior to the entry of a final judgment, the Maduras filed a motion to stay the case based on their submission of a petition for writ of mandamus to the Eleventh Circuit based on the argument that this Court should have entered an Order of recusal. (Doc. # 504). On August 12, 2013, the Court denied the motion to stay based on a number of factors. (Doc. # 520). Among other things, the Court determined that the Maduras were unlikely to prevail on the merits of the petition because the Eleventh Circuit has repeatedly instructed the Maduras that mandamus relief is inappropriate under the circumstances presented in this case. The Court also noted that while the Maduras have on more than one occasion presented their recusal arguments to the Eleventh Circuit, that court has routinely rejected such arguments.

Thereafter, on August 13, 2013, this Court entered its Final Judgment of Foreclosure. (Doc. # 521). The Maduras filed an appeal of the Judgment (Doc. # 524), and the Eleventh

Circuit granted the Maduras leave to appeal in forma pauperis. (See Case 13-13953). On October 2, 2013, the Eleventh Circuit Court of Appeals dismissed the petition for want of prosecution. (Doc. # 535). Thereafter, on November 20, 2013, a "Construed Notice of Appeal" was filed. (Doc. # 562). The Eleventh Circuit entered its Opinion on the appeal from the Summary Judgment granted in favor of Bank of America, N.A. and Final Judgment of Foreclosure entered on August 13, 2013. (Doc. # 567).

On December 16, 2014, the Maduras sought from this Court an indicative ruling and relief from the Final Judgment of Foreclosure. (See Doc. ## 568, 569). On December 18, 2014, this Court entered its Order denying the requested relief. (Doc. # 570). Thereafter, on December 29, 2014, the Maduras filed the present Motion seeking reconsideration of the denial of their Motion for indicative ruling and Rule 60(b)(4) Motion to Void Judgment of Foreclosure. (Doc. # 572).

**II.   Legal Standard**

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id.   As stated in Florida

3

College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "[a] motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly."  Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." Fla. Coll. of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. In deciding a motion for reconsideration, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005).  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the

4

Court's reasoning." Id. at *11 (internal citation and quotation omitted).

### III. Analysis

The Maduras seek reconsideration of the Court's previous Order denying their Rule 62.1 motion for indicative ruling and denying their Rule 60(b)(4) motion to void judgment of foreclosure. (Doc. # 22). The Maduras contend that "this Court overlooked Rules 12.1 and 62.1 warranting this Court [to indicate] its granting or denying on merits [the] Rule 60(b)(4) Motion which [is] the appropriate vehicle for perfecting this Court['s] jurisdiction." (Doc. # 572). Federal Rule of Civil Procedure 62.1 states in relevant part:

(a) Relief from pending appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

(1) defer considering the motion;

(2) deny the motion; or

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

(b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

(c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

5

Fed. R. Civ. P. 62.1.

In the present Motion, the Maduras request that this Court reconsider its Order denying their Motion for indicative ruling and Motion to void judgment of foreclosure. (See Doc. # 572). However, the Court finds that the Maduras have failed to meet their burden of demonstrating the grounds necessary to allow this Court to reconsider its Order. The Maduras do not assert that there has been an intervening change in the law and presents no new evidence. In addition, the Maduras fail to demonstrate that reconsideration is necessary to prevent manifest injustice or clear error. Instead, the Maduras use this Motion as a vehicle to relitigate issues already decided by this Court; namely, the final judgment of foreclosure which has been affirmed on appeal. (See Doc. # 567). The Maduras use of Rule 62.1 is improper in light of the fact that the Eleventh Circuit Order affirming this Court's final judgment was entered on November 10, 2014, (Doc. # 567), over a month before the Maduras filed the relevant Motion. At the time the Motion for Indicative Ruling was filed, there were no pending appeals as the Eleventh Circuit had already issued its decision. Although the Maduras argue that "this Court oveloooked that it should

sua sponte void [the] Judgment due to due process violations of either this Court's mismanagement of this case or by the Bank as shown in the Rule 60(b)(4) motion," this Court is unpersuaded. (Doc. # 572 at 3). Through this Motion the Maduras seek unlimited opportunities to argue against that which has been decided by this Court and affirmed by the Eleventh Circuit. This Court's final judgment and the affirmance of the Eleventh Circuit is sound in law and reasoning and the Maduras have failed to show otherwise.

The Court stands behind its December 18, 2014, Order (Doc. # 570), which denied the requested relief, and held, as it does today, that voiding a final judgment which has been affirmed by the Eleventh Circuit goes against that which this Court upholds – justice and finality. Therefore, the Maduras Motion for Reconsideration is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Homeowners' Motion for Reconsideration of Order denying their Rule 62.1 Motion for Indicative Ruling and Rule 60(b)(4) Motion to Void Judgment of Foreclosure Due to This Court's Erroneous Deprivation Without Due Process of Law (Doc. # 572) is **DENIED.**

7

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of December, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record