UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

ANDRZEJ MADURA and ANNA DOLINSKA-MADURA,

        Plaintiffs,
vs.                      Case No. 8:11-cv-2511-T-33TBM

BAC HOME LOANS SERVICING, LP and
BANK OF AMERICA, N.A.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the Maduras' Motion for Indicative Ruling Under Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1 (Doc. # 579), the Maduras' Amended Rule 60(b)(2)(3)(6) Motion for Relief from Final Judgment of Foreclosure (Doc. # 578), filed on January 7, 2015, and the Maduras' Renewed Motion to Clean This Court's and the Appellate Court's Docket From Erroneous 07/17/2012 Entry of Countrywide Home Loans, Inc. As a Party to This Case filed on January 12, 2015. (Doc. # 584). For the reasons that follow, the Motions are denied.

**I.   Background**

An exhaustive discussion of the history of this case is unwarranted at this juncture. On July 17, 2013, the Court entered an Order granting Bank of America's Motion for Summary Judgment as well as addressing a plethora of other pending

motions. (Doc. # 496). Among other things, the Court determined that the RESPA claims presented in the Maduras' operative complaint lacked merit and that Bank of America was entitled to summary judgment against the Maduras as to its foreclosure counterclaim. (Id.). The Court directed Bank of America to submit a proposed final judgment for the Court's consideration within ten days thereof. (Id.).

Prior to the entry of a final judgment, the Maduras filed a motion to stay the case based on their submission of a petition for writ of mandamus to the Eleventh Circuit based on the argument that this Court should have entered an Order of recusal. (Doc. # 504). On August 12, 2013, the Court denied the motion to stay based on a number of factors. (Doc. # 520). Among other things, the Court determined that the Maduras were unlikely to prevail on the merits of the petition because the Eleventh Circuit has repeatedly instructed the Maduras that mandamus relief is inappropriate under the circumstances presented in this case. The Court also noted that while the Maduras have on more than one occasion presented their recusal arguments to the Eleventh Circuit, that court has routinely rejected such arguments.

Thereafter, on August 13, 2013, this Court entered its Final Judgment of Foreclosure. (Doc. # 521). The Maduras filed an appeal of the Judgment (Doc. # 524), and the Eleventh

Circuit granted the Maduras leave to appeal in forma pauperis. (See Case 13-13953). On October 2, 2013, the Eleventh Circuit Court of Appeals dismissed the petition for want of prosecution. (Doc. # 535). Thereafter, on November 20, 2013, a "Construed Notice of Appeal" was filed. (Doc. # 562). The Eleventh Circuit entered its Opinion on the appeal from the Summary Judgment granted in favor of Bank of America, N.A. and Final Judgment of Foreclosure entered on August 13, 2013. (Doc. # 567). At this juncture, the Maduras seek an indicative ruling and relief from the Final Judgment of Foreclosure and an Order cleaning the Court's docket. (See Doc. ## 578, 579, 584).

## II. Discussion

On December 18, 2014, this Court entered an Order denying the Maduras' Motion for Indicative Ruling Under Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1 and the Maduras' Rule 60(b)(4) Motion for Relief from Final Judgment of Foreclosure. (Doc. # 570). On January 7, 2015, the Maduras filed an appeal as to the above Order. That appeal was transmitted to the Eleventh Circuit on January 8, 2015. (Doc. # 583).

In the instant Motion for Relief from Judgment and request for indicative ruling, the Maduras attack the validity of the Court's Summary Judgment Order and the attendant Final

Decree of Foreclosure, which have been affirmed on appeal by the Eleventh Circuit. (See Doc. # 567). However, the very same issues are before the Eleventh Circuit on appeal again.

In Green Leaf Nursery v. E.I. DuPont de Nemours & Co., 341 F.3d 1292, 1309 (11th Cir. 2003), the Eleventh Circuit explained, "[t]he filing of an appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (internal citations omitted). In addition, recognizing "the confusion which would result from the simultaneous assertion of jurisdiction by two courts over the same matter" the court in Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Association, 895 F.2d 711, 713 (11th Cir. 1990), explained that during an appeal, "[t]he district court retains only the authority to act in aid of the appeal, to correct clerical mistakes, or to aid in the execution of a judgment that has not been superseded." Id. As noted by this Court, "the district court has authority to proceed forward with portions of the case not related to the claims on appeal, [but] does not have authority to alter the status of the case as it rests before the Court of Appeals." Axiom Worldwide, Inc. v. HTRD Group H.K. Ltd., No. 8:11-cv-1468-T-33TBM, 2013

U.S. Dist. LEXIS 152918, at *7-8 (M.D. Fla. Oct. 24, 2013) (internal citations omitted).

After considering these authorities, the Court determines that it lacks jurisdiction to decide the Maduras' Motions. The Maduras request that this Court improperly assert jurisdiction over those aspects of this case while the case is currently on appeal. The Court declines the invitation and denies the Motion for Relief from Judgment, Motion for Indicative Ruling for lack of jurisdiction, and the Motion to Clean this Court's docket.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Maduras' Motion for Indicative Ruling Under Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1 (Doc. # 579) is **DENIED.**

(2) The Maduras' Amended Rule 60(b)(2)(3)(6) Motion for Relief from Final Judgment of Foreclosure (Doc. # 578) is **DENIED.**

(3) The Maduras' Renewed Motion to Clean This Court's and the Appellate Court's Docket from Erroneous 07/17/2012 Entry of Countrywide Home Loans Inc. as a Party to This Case (Doc. # 584) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of January, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record