```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                       DIVISION
```

ANDRZEJ MADURA and ANNA DOLINSKA-
MADURA,

        Plaintiffs,

v.                       Case No. 8:11-cv-2511-T-33TBM

BAC HOME LOANS SERVICING, LP, et al.,

        Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to the Maduras' Motion for Indicative Ruling Under Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1 (Doc. # 598) and the Maduras' "Rule 60(b)(6) Motion for Relief from Judgment of Foreclosure due to Intervening U.S. Supreme Court's <u>Jesinoski</u> and State Courts Precluding Judgment and Plain Errors of Law Justifying Relief in Cases Involving Extraordinary Circumstances Including Legal Error" (Doc. # 599), both filed April 29, 2015. Bank of America filed a Response in Opposition to the Motions on June 1, 2015. (Doc. # 605). For the reasons that follow, the Motions are denied.

**I.**    **Background**

An exhaustive discussion of the history of this case is unwarranted at this juncture. On July 17, 2013, the Court entered an Order granting Bank of America's Motion for Summary

Judgment as well as addressing a plethora of other motions. (Doc. # 496). Among other things, the Court determined that Bank of America was entitled to summary judgment against the Maduras as to its foreclosure counterclaim. (<u>Id.</u>).

Prior to the entry of a final judgment, the Maduras filed a motion to stay the case based on their submission of a petition for writ of mandamus to the Eleventh Circuit based on the argument that this Court should have entered an Order of recusal. (Doc. # 504). On August 12, 2013, the Court denied the motion to stay based on a number of factors. (Doc. # 520). Among other things, the Court determined that the Maduras were unlikely to prevail on the merits of the petition because the Eleventh Circuit has repeatedly instructed the Maduras that mandamus relief is inappropriate under the circumstances presented in this case. The Court also noted that while the Maduras have on more than one occasion presented their recusal arguments to the Eleventh Circuit, that court has routinely rejected such arguments.

Thereafter, on August 13, 2013, this Court entered its Final Judgment of Foreclosure. (Doc. # 521). The Eleventh Circuit affirmed the Court's Summary Judgment Order on November 10, 2014, in a lengthy and detailed Order. (Doc. # 567)(Case 13-13953). Although the Eleventh Circuit finally determined the rights of the parties in its November 10, 2014,

Order, the Maduras have persisted in filing copious motions in this Court as well as in the Eleventh Circuit.

For instance, on December 16, 2014, the Maduras petitioned this Court for an indicative ruling under Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1 (Doc. # 568) and for relief from the Judgment of Foreclosure under Federal Rule of Civil Procedure 60(b)(4), raising due process arguments. (Doc. # 569). The Court denied both Motions on December 18, 2014. (Doc. # 570).

After filing various unsuccessful motions for reconsideration and motions for sanctions in the Eleventh Circuit, the Maduras filed "Appellants' Motion to Correct the Incorrect Filing as a: 'Motion for Reconsideration' of their Rule 35(a) Petition for Rehearing *en banc* of Senior Judge's Proceeding of Denying Motion for Leave to File a Supplement to their 12/1/2015 Petition for Rehearing *en banc* which contains Arguments as to 01/13/2015 Supreme Court's Decision in Jesinoski, 574 U.S. __ (2005), and Send it to all Active Judges for Determination Whether this Court Should be Polled for Rehearing *en banc* on this New Issue" on March 23, 2015. Therein, the Maduras argued that the Eleventh Circuit's November 10, 2014, Order affirming this Court's Summary Judgment Order is at odds with the Supreme Court's recent decision in Jesinoski v. Countrywide Home Loans, Inc., 135 S.

Ct. 790 (Jan. 13, 2015), which held that "[t]he Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated" and that it is not necessary to file a suit for a borrower to effect rescission: "rescission is effected when the borrower notifies the creditor of his intention to rescind." Id. at 792. On April 21, 2015, the Eleventh Circuit denied the Maduras' Motion concerning the application of Jesinoski.

On April 29, 2015, the Maduras filed the present Motion for Indicative Ruling and Motion for Reconsideration, which once again raise the implications of the Jesinoski opinion. (Doc. ## 598, 599).

**II. Discussion**

Rule 62.1 states in pertinent part:

(a) Relief Pending Appeal.  If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
(1)  defer considering the motion;
(b)  deny the motion; or
(c)  state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1.

The Court denies the Motion for an Indicative Ruling based on "the confusion which would result from the simultaneous assertion of jurisdiction by two courts over the

same matter." Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, 895 F.2d 711, 713 (11th Cir. 1990). As previously noted by this Court, "the district court has authority to proceed forward with portions of the case not related to the claims on appeal, [but] does not have authority to alter the status of the case as it rests before the Court of Appeals." Axiom Worldwide, Inc. v. HTRD Group H.K. Ltd., No. 8:11-cv-1468-T-33TBM, 2013 U.S. Dist. LEXIS 152918, at *7-8 (M.D. Fla. Oct. 24, 2013) (internal citations omitted).

The Maduras previously argued that they effectively rescinded their loan under the auspices of Jesinoski in a Motion filed in the Eleventh Circuit. The Eleventh Circuit dispatched the Maduras' arguments in an Order dated April 21, 2015. The Maduras invite this Court to entertain the same arguments that the Eleventh Circuit rejected. The Court declines to do so.

The Court likewise denies the Maduras' request for relief under Federal Rule of Civil Procedure 60(b)(6). That Rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1) mistake , inadvertence, surprise, or excusable neglect;

>(2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion for relief from judgment must be made "within a reasonable time" and if predicated upon subsections 1-3, must be made within one year of the Order in question. Fed. R. Civ. P. 60(c)(1). In Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984), the court cautioned against reopening final judgments "lightly," explaining: "The desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments." Id.

After considering these authorities, the Court determines that it lacks jurisdiction to decide the Maduras' Motion for Relief from Judgment as the Eleventh Circuit has already affirmed the Order of this Court granting Summary Judgment in favor of Bank of America. (Doc. # 567).

Furthermore, the Maduras' Motion was filed more than a year after the entry of the Final Judgment in question and after the Eleventh Circuit affirmed the decision on appeal.

"It seems clear that time is relevant. The longer the delay the more intrusive is the effort to upset the finality of the judgment." Ritter v. Smith, 811 F.2d 1398, 1402 (11th Cir. 1987). "It is for the public good that there be an end of litigation." Waddell v. Hemerson, 329 F.3d 1300, 1309 n.11 (11th Cir. 2003). The Maduras have not presented extraordinary circumstances warranting relief pursuant to Rule 60(b). The Motions are accordingly denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Maduras' Motion for Indicative Ruling Under Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1 (Doc. # 598) is **DENIED.**

(2) The Maduras' Rule 60(b)(6) Motion for Relief from Judgment of Foreclosure (Doc. # 599) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of June, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record