UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRZEJ MADURA and ANNA
DOLINSKA-MADURA,

      Plaintiffs,          Case No.: 8:11-cv-2511-T-33TBM

v.

BAC HOME LOANS SERVICING L.P.,
ET AL.,

      Defendants.
_____/

**ORDER**

    This matter is before the Court pursuant to Bank of America, N.A.'s Motion for Sanctions and for Order (1) Declaring the Maduras Vexatious Litigants and (2) Precluding the Maduras from Filing any Document in this or any Other Federal Court without the Signature of an Attorney Admitted to Practice in that Court (Doc. # 619), filed on July 27, 2015. The Maduras filed a Response in Opposition to the Motion on August 24, 2015. (Doc. # 624). As explained below, the Court denies the Motion.

**Discussion**

    A lengthy discussion of the procedural history of this case is unnecessary to decide the present Motion. Suffice it to say that the Maduras and Bank of America have been embroiled in litigation regarding a mortgage transaction in state court and federal court for the past 13 years. At this

juncture, while multiple appeals are still pending in the Eleventh Circuit, Bank of America seeks an Order sanctioning the Maduras, declaring the Maduras "vexatious litigators," and barring the Maduras from filing any documents in any federal court without the signature of counsel. In the alternative, Bank of America request that the Court "obtain leave of court allowing them to proceed pro se with respect to each individual filing." (Doc. # 619 at 2).

The Court has taken this opportunity to evaluate some cases in which it was necessary to enter a Martin-Trigona injunction to prevent abuse of the court system. For instance, in Riccard v. Prudential Insurance Company of America, 307 F.3d 1277 (11th Cir. 2002), Riccard, a disgruntled ex-employee

> launched a bitter campaign against Prudential that has included the filing of four lawsuits; the filing of complaints alleging misconduct by Prudential with the Securities and Exchange Commission, the United States Attorney's Office, the Banking and Insurance Department of one state, and the Agricultural Department of another; the filing of a motion for sanctions against Prudential and some of the attorneys representing it; and the filing of ethical complaints with the Bar Association of two states against those attorneys.

Id. at 1282.

In response, the court entered an injunction barring Riccard from suing Prudential in any court, state or federal,

"unless he first obtained leave to file from the district court." Id. at 1295. The court explained that "leave would be freely given if the new action did not involve Riccard's former employment with Prudential [as] [t]hree or four lawsuits over one employment relationship is enough." Id. The court reasoned that

> a monetary sanction was insufficient to deter Riccard from future baseless, bad-faith filings and therefore would be insufficient to protect the court's ability to carry out its judicial functions because (1) Riccard was not financially well off and could not afford to pay a sanction; and (2) even if he could afford to pay, Riccard would gladly do so in order to continue his vendetta against Prudential.

Id. The court further noted, "given Riccard's near-obsession regarding his former employment, injunctive relief is the only means that offers any chance of preventing future harassment of Prudential." Id.

The Eleventh Circuit agreed that the circumstances presented in Riccard warranted an injunction restricting Riccard's access to the courts. Harkening back to Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993), the Eleventh Circuit explained, "The court's power to protect its jurisdiction includes the power to enjoin a dissatisfied party bent on re-litigating claims that were (or could have been) previously litigated before the court from filing in both

3

judicial and non-judicial forums, as long as the injunction does not completely foreclose a litigant from any access to the courts." Riccard, 307 F.3d at 1295.

In this instance, Bank of America seeks an Order which would require the Maduras to obtain the signature of an attorney on any future documents that they plan to file in any federal court. While this restriction technically would not "completely foreclose" their access to the court, in reality, the Court determines that it would place an insurmountable roadblock between the Maduras and the federal courts. Although the Court is not intimately familiar with the financial circumstances of the Maduras, the docket reflects that both Plaintiffs have filed an affidavit of indigency (Doc. ## 92, 93) and, accordingly, the Maduras would face a significant financial hardship if they were required to retain the services of an attorney. In addition, it seems unfair, at this juncture, to encumber the Maduras with new requirements, such as hiring counsel or seeking court permission to proceed pro se, because multiple appeals are still pending in the Eleventh Circuit.

The Court understands the frustration Bank of America may be experiencing as a party that has had the burden of litigating this action in numerous cases over the course of 13

years.  Nevertheless, the Court determines it is appropriate to deny the Motion.  In contrast to Riccard and other vexatious plaintiffs who have improperly used the Court as a vehicle to exact a "vendetta" against an opposing party, the Maduras have utilized the courts to pursue their rights.  The Maduras have espoused unsuccessful arguments and have advanced unavailing positions, sometimes repeatedly.  However, the record does not reflect any inappropriate behavior justifying the sanctions now sought by Bank of America.  The Motion is thus denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Bank of America, N.A.'s Motion for Sanctions and for Order (1) Declaring the Maduras Vexatious Litigants and (2) Precluding the Maduras from Filing any Document in this or any Other Federal Court without the Signature of an Attorney Admitted to Practice in that Court (Doc. # 619) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of August, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record