UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

ANDRZEJ MADURA and ANNA DOLINSKA-
MADURA,

        Plaintiffs,
v.                         Case No. 8:11-cv-2511-T-33TBM

BAC HOME LOANS SERVICING, LP, et
al.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Bank of America, N.A.'s Motion to Confirm Foreclosure Sale (Doc. # 636), filed on March 14, 2016.  Although the Maduras did not file a Response in Opposition to the Motion to Confirm Foreclosure Sale, they did weigh in on the matter by filing their Motion to Vacate Foreclosure Sale and the Report of Sale by United States Marshal on March 16, 2016. (Doc. # 637). Bank of America filed a Response in Opposition to the Motion to Vacate (Doc. # 638) on April 4, 2016.  For the reasons that follow, the Motion to Confirm Foreclosure Sale is granted and the Motion to Vacate Foreclosure Sale is denied.

**I.   Background**

An exhaustive discussion of the history of this case is unwarranted at this juncture. On July 17, 2013, the Court entered an Order granting Bank of America's Motion for Summary

Judgment as well as addressing a plethora of other motions. (Doc. # 496). Among other things, the Court determined that Bank of America was entitled to summary judgment against the Maduras as to its foreclosure counterclaim. (Id.).

Prior to the entry of a final judgment, the Maduras filed a motion to stay the case based on their submission of a petition for writ of mandamus to the Eleventh Circuit based on the argument that this Court should have entered an Order of recusal. (Doc. # 504). On August 12, 2013, the Court denied the motion to stay based on a number of factors. (Doc. # 520). Among other things, the Court determined that the Maduras were unlikely to prevail on the merits of the petition because the Eleventh Circuit has repeatedly instructed the Maduras that mandamus relief is inappropriate under the circumstances presented in this case. The Court also noted that while the Maduras have on more than one occasion presented their recusal arguments to the Eleventh Circuit, that court has routinely rejected such arguments.

Thereafter, on August 13, 2013, this Court entered its Final Judgment of Foreclosure. (Doc. # 521). The Eleventh Circuit affirmed the Court's Summary Judgment Order on November 10, 2014, in a lengthy and detailed Order. (Doc. # 567)(Case 13-13953). The United States Supreme Court denied

the Maduras' petition for writ of certiorari on October 9, 2015. (Doc. # 627).

Although the Eleventh Circuit determined the rights of the parties in its November 10, 2014, Order, the Maduras have persisted in filing copious motions for relief from the foreclosure judgment, as well as legions of unsuccessful appeals.

For instance, on December 16, 2014, the Maduras petitioned this Court for an indicative ruling under Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1 (Doc. # 568) and for relief from the Judgment of Foreclosure under Federal Rule of Civil Procedure 60(b)(4), raising due process arguments. (Doc. # 569). The Court denied both Motions on December 18, 2014. (Doc. # 570).

After filing various unsuccessful motions for reconsideration and motions for sanctions in the Eleventh Circuit, the Maduras filed "Appellants' Motion to Correct the Incorrect Filing as a: 'Motion for Reconsideration' of their Rule 35(a) Petition for Rehearing *en banc* of Senior Judge's Proceeding of Denying Motion for Leave to File a Supplement to their 12/1/2015 Petition for Rehearing *en banc* which contains Arguments as to 01/13/2015 Supreme Court's Decision in Jesinoski, 574 U.S. __ (2005), and Send it to all Active

Judges for Determination Whether this Court Should be Polled for Rehearing *en banc* on this New Issue" on March 23, 2015.

Therein, the Maduras argued that the Eleventh Circuit's November 10, 2014, Order affirming this Court's Summary Judgment Order is at odds with the Supreme Court's decision in Jesinoski v. Countrywide Home Loans, Inc., 135 S.Ct. 790 (Jan. 13, 2015), which held that "[t]he Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated" and that it is not necessary to file a suit for a borrower to effect rescission: "rescission is effected when the borrower notifies the creditor of his intention to rescind." Id. at 792. On April 21, 2015, the Eleventh Circuit denied the Maduras' Motion concerning the application of Jesinoski.

On April 29, 2015, the Maduras filed a Motion for Indicative Ruling and Motion for Reconsideration, which once again raised the implications of the Jesinoski opinion. (Doc. ## 598, 599). This Court denied the Motions in an Order filed on June 4, 2015. (Doc. # 606).

Bank of America reports that the Maduras never paid the total amount due and owing under the Final Judgment and the United States Marshal held a public sale of the Property on February 11, 2016, at 2:00PM at the Manatee County Courthouse. (Doc. # 636 at 3). Bank of America was the successful bidder.

-4-

The United States Marshal filed a Report of Sale on February 16, 2016. (Doc. # 633).  At this time, Bank of America seeks an Order confirming the foreclosure sale and the Maduras seek an Order vacating the sale.

## II.  Discussion

Courts have broad discretion in determining whether to confirm or to vacate a judicial sale. See Citibank, N.A. v. Data Lease Fin. Corp., 645 F.2d 333, 339 (5th Cir. 1981). "Such determinations ordinarily will not be disturbed except for an abuse of discretion, recognizing the strong public policy in favor of the finality of judicial sales." JP Morgan Chase Bank, N.A. v. Surek, No. 11-00263, 2013 U.S. Dist. LEXIS 205, at *3 (S.D. Ala. Jan. 2, 2013). "Generally courts have adopted the policy that confirmation will not be refused except for substantial reasons, and that in the absence of fraud or misconduct, the highest bidder will ordinarily be accepted as the purchaser of the property offered for sale." Id. (citing First Nat. Bank of Jefferson Parish v. M/V Lightning Power, 776 F.2d 1258, 1261 (5th Cir. 1985)).

Pursuant to 28 U.S.C. § 2001, any realty sold under order or decree of any court in the United States shall be sold at public sale at the courthouse of the county in which the

greater part of the property is located and such sale shall be
upon such terms and conditions as the court directs.

Bank of America asserts that the foreclosure sale was
sold in compliance with 28 U.S.C. § 2001 and the Court's
instructions.  Bank of America adds that Notice of the sale
was provided by publication for four consecutive weeks in a
Manatee County, Florida newspaper pursuant to 28 U.S.C. § 2002
and Florida Statute § 45.031.  Bank of America has filed with
the Court proof of such publication. (Doc. # 636-1).

The Maduras, on the other hand, seek an Order vacating
the Foreclosure sale; however, their arguments are unclear and
unavailing.  It appears that the Maduras once again question
the Court's Foreclosure Judgment asserting that the Court's
Judgment did not state the date, time, and location of the
foreclosure sale.  However, the Court's Order left these
determinations to the discretion of the United States Marshal.
The Maduras have not demonstrated any error in process or
procedure of the Court or the United States Marshal.

The Court agrees with the Maduras' contention that the
Court did not utilize a state court form (Florida Rule of
Civil Procedure Form 1.996(b)).  However, the Court was not
required to use that form. As stated in Royal Palm Corporate
Center Association v. PNC Bank, N.A., 89 So. 3d 923, 928 (Fla.
DCA 2012), "Nothing in the Supreme Court's adoption of the

-6-

form makes its utilization mandatory in all cases; rather, its purpose is to provide a clear and readable judgment that is in 'conformity with current statutory provisions and requirements.'" (citing In re Amendments to Fla. R. Civ. P., 44 So. 3d 555, 558 (Fla. 2010)).

Florida substantiative law establishes that setting a foreclosure sale and specifying a place of sale in the final judgment of foreclosure is discretionary. See Fla. Stat. § 45.031 ("In any sale of real or personal property under an order or judgment, the procedures provided in this section and ss. 45.0315-45.035 may be followed as an alternative to any other sale procedure if so ordered by the court.").  Florida law gives the Court ample "discretion to tailor the procedures for a foreclosure sale by using a different procedure after considering the equities in the case." Royal Palm Corp. Ctr. Ass'n, 89 So. 3d at 927-28.  Similarly, the federal statute governing sales of real property pursuant to the decree of a federal court grants discretion regarding setting the date, time, and location of the sale and only requires that the sale take place "at the courthouse of the county, parish, or city in which the greater part of the property is located . . . . upon such terms and conditions as the court directs." 28 U.S.C. § 2001(a).

The second argument the Maduras advance is that they did not receive proper notice of the foreclosure sale.  This argument is also unsuccessful.  Bank of America has provided the Court with proof that it published the notice of sale for four weeks in a newspaper of general circulation in Manatee County, Florida and included the relevant information about the foreclosure sale in that notice. (Doc. # 636-1).  This is consistent with 28 U.S.C. § 2002.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Bank of America, N.A.'s Motion to Confirm Foreclosure Sale (Doc. # 636) is **GRANTED.**

(2) The Maduras' Motion to Vacate Foreclosure Sale and the Report of Sale by United States Marshal (Doc. # 637) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of April, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE