UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

ANDRZEJ MADURA and ANNA DOLINSKA-
MADURA,

        Plaintiffs,
v.                          Case No. 8:11-cv-2511-T-33TBM

BAC HOME LOANS SERVICING, LP, et
al.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the Maduras' Emergency Motion to Set Aside this Court's Confirmation of Foreclosure Sale, Vacate the Report of Sale by United States Marshall and/or Allow to File Objections to it and to the Amount of the Bid, and for Reconsideration of the Order Denying the Motion to Vacate Foreclosure Sale (Doc. # 640), filed on April 11, 2016. Bank of America, N.A. filed a Response in Opposition to the Motion on April 25, 2016. (Doc. # 641). For the reasons that follow, the Motion is denied.

**I.   Background**

An exhaustive discussion of the history of this case is unwarranted at this juncture. On July 17, 2013, the Court entered an Order granting Bank of America's Motion for Summary Judgment as well as addressing a plethora of other motions. (Doc. # 496). Among other things, the Court determined that

Bank of America was entitled to summary judgment against the Maduras as to its foreclosure counterclaim. (Id.).

Prior to the entry of a final judgment, the Maduras filed a motion to stay the case based on their submission of a petition for writ of mandamus to the Eleventh Circuit based on the argument that this Court should have entered an Order of recusal. (Doc. # 504). On August 12, 2013, the Court denied the motion to stay based on a number of factors. (Doc. # 520). Among other things, the Court determined that the Maduras were unlikely to prevail on the merits of the petition because the Eleventh Circuit has repeatedly instructed the Maduras that mandamus relief is inappropriate under the circumstances presented in this case. The Court also noted that while the Maduras have on more than one occasion presented their recusal arguments to the Eleventh Circuit, that court has routinely rejected such arguments.

Thereafter, on August 13, 2013, this Court entered its Final Judgment of Foreclosure. (Doc. # 521). The Eleventh Circuit affirmed the Court's Summary Judgment Order on November 10, 2014, in a lengthy and detailed Order. (Doc. # 567)(Case 13-13953). The United States Supreme Court denied the Maduras' petition for writ of certiorari on October 9, 2015. (Doc. # 627).

Although the Eleventh Circuit determined the rights of the parties in its November 10, 2014, Order, the Maduras have persisted in filing copious motions for relief from the foreclosure judgment, as well as legions of unsuccessful appeals.

For instance, on December 16, 2014, the Maduras petitioned this Court for an indicative ruling under Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1 (Doc. # 568) and for relief from the Judgment of Foreclosure under Federal Rule of Civil Procedure 60(b)(4), raising due process arguments. (Doc. # 569). The Court denied both Motions on December 18, 2014. (Doc. # 570).

After filing various unsuccessful motions for reconsideration and motions for sanctions in the Eleventh Circuit, the Maduras filed "Appellants' Motion to Correct the Incorrect Filing as a: 'Motion for Reconsideration' of their Rule 35(a) Petition for Rehearing *en banc* of Senior Judge's Proceeding of Denying Motion for Leave to File a Supplement to their 12/1/2015 Petition for Rehearing *en banc* which contains Arguments as to 01/13/2015 Supreme Court's Decision in Jesinoski, 574 U.S. \_\_ (2005), and Send it to all Active Judges for Determination Whether this Court Should be Polled for Rehearing *en banc* on this New Issue" on March 23, 2015.

Therein, the Maduras argued that the Eleventh Circuit's November 10, 2014, Order affirming this Court's Summary Judgment Order is at odds with the Supreme Court's decision in <u>Jesinoski v. Countrywide Home Loans, Inc.</u>, 135 S.Ct. 790 (Jan. 13, 2015), which held that "[t]he Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated" and that it is not necessary to file a suit for a borrower to effect rescission: "rescission is effected when the borrower notifies the creditor of his intention to rescind." <u>Id.</u> at 792. On April 21, 2015, the Eleventh Circuit denied the Maduras' Motion concerning the application of <u>Jesinoski</u>.

On April 29, 2015, the Maduras filed a Motion for Indicative Ruling and Motion for Reconsideration, which once again raised the implications of the <u>Jesinoski</u> opinion. (Doc. ## 598, 599). This Court denied the Motions in an Order filed on June 4, 2015. (Doc. # 606).

Bank of America reports that the Maduras never paid the total amount due and owing under the Final Judgment and the United States Marshal held a public sale of the Property on February 11, 2016, at 2:00PM at the Manatee County Courthouse. (Doc. # 636 at 3). Bank of America was the successful bidder. The United States Marshal filed a Report of Sale on February 16, 2016. (Doc. # 633). Thereafter, Bank of America filed a

-4-

Motion seeking an Order confirming the foreclosure sale. (Doc. # 636). The Maduras, on the other hand, filed a Motion seeking an Order vacating the sale. (Doc. # 637). On April 6, 2016, the Court granted Bank of America's Motion to Confirm the Foreclosure Sale and denied the Maduras' Motion to Vacate Foreclosure Sale. (Doc. # 639). By the present Motion, the Maduras seek reconsideration of the Court's April 6, 2016, Order. (Doc. # 640).

## II. Legal Standard

The Maduras' Motion seeking reconsideration will be decided under Rule 59(e) of the Federal Rules of Civil Procedure. Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005).

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be

employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308. Further, as explained in <u>Ludwig</u>, 2005 U.S. Dist. LEXIS 37718, at *8, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." <u>Id.</u> at 9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Id.</u> at 11. (citation omitted).

### III. **Analysis**

Here, the Maduras do not assert that there has been an intervening change in controlling law. Nor do the Maduras contend that they have discovered new evidence that should be presented to the Court. Instead, they re-assert the arguments that they presented in their Motion to Vacate (Doc. # 637), which the Court previously considered and rejected. The

Maduras have not raised new ground and have not persuaded the Court that it reached an erroneous decision.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Maduras' Emergency Motion to Set Aside this Court's Confirmation of Foreclosure Sale, Vacate the Report of Sale by United States Marshall and/or Allow to File Objections to it and to the Amount of the Bid, and for Reconsideration of the Order Denying the Motion to Vacate Foreclosure Sale (Doc. # 640) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of May, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE