UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

ANDRZEJ MADURA and ANNA DOLINSKA-MADURA,

    Plaintiffs,

v.    Case No. 8:11-cv-2511-T-33TBM

BAC HOME LOANS SERVICING, LP, et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the Maduras' Motion for this Court Docketing of Evaluated Bank of America NA's Foreclosure Documents Received by Fedex per its Order Doc. 492 and Request to Preserve this Evidence for Further Investigation and Litigation (Doc. # 646), which was filed on May 31, 2016. Bank of America, N.A. filed a Response in Opposition to the Motion on June 17, 2016. (Doc. # 650). For the reasons that follow, the Motion is denied.

**I.   Background**

An exhaustive discussion of the history of this case is unwarranted at this juncture. On July 17, 2013, the Court entered an Order granting Bank of America's Motion for Summary Judgment as well as addressing a plethora of other motions. (Doc. # 496). Among other things, the Court determined that

Bank of America was entitled to summary judgment against the Maduras as to its foreclosure counterclaim. (Id.).

Prior to the entry of a final judgment, the Maduras filed a motion to stay the case based on their submission of a petition for writ of mandamus to the Eleventh Circuit premised on the argument that this Court should have entered an Order of recusal. (Doc. # 504). On August 12, 2013, the Court denied the motion to stay after considering a number of relevant factors. (Doc. # 520). Among other things, the Court determined that the Maduras were unlikely to prevail on the merits of the petition because the Eleventh Circuit has repeatedly instructed the Maduras that mandamus relief is inappropriate under the circumstances presented in this case. The Court also noted that while the Maduras have on more than one occasion presented their recusal arguments to the Eleventh Circuit, that court has routinely rejected such arguments.

Thereafter, on August 13, 2013, this Court entered its Final Judgment of Foreclosure. (Doc. # 521). The Eleventh Circuit affirmed the Court's Summary Judgment Order on November 10, 2014, in a lengthy and detailed Order. (Doc. # 567)(Case 13-13953). The United States Supreme Court denied the Maduras' petition for writ of certiorari on October 9, 2015. (Doc. # 627).

Although the Eleventh Circuit determined the rights of the parties in its November 10, 2014, Order, the Maduras have persisted in filing copious motions for relief from the foreclosure judgment, as well as legions of unsuccessful appeals.

For instance, on December 16, 2014, the Maduras petitioned this Court for an indicative ruling under Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1 (Doc. # 568), and for relief from the Judgment of Foreclosure under Federal Rule of Civil Procedure 60(b)(4), raising due process arguments (Doc. # 569). The Court denied both Motions on December 18, 2014. (Doc. # 570).

After filing various unsuccessful motions for reconsideration and motions for sanctions in the Eleventh Circuit, the Maduras filed "Appellants' Motion to Correct the Incorrect Filing as a: 'Motion for Reconsideration' of their Rule 35(a) Petition for Rehearing *en banc* of Senior Judge's Proceeding of Denying Motion for Leave to File a Supplement to their 12/1/2015 Petition for Rehearing *en banc* which contains Arguments as to 01/13/2015 Supreme Court's Decision in Jesinoski, 574 U.S. __ (2005), and Send it to all Active Judges for Determination Whether this Court Should be Polled for Rehearing *en banc* on this New Issue" on March 23, 2015.

Therein, the Maduras argued that the Eleventh Circuit's November 10, 2014, Order affirming this Court's Summary Judgment Order is at odds with the Supreme Court's decision in Jesinoski v. Countrywide Home Loans, Inc., 135 S.Ct. 790 (Jan. 13, 2015), which held that "[t]he Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated" and that it is not necessary to file a suit for a borrower to effect rescission: "rescission is effected when the borrower notifies the creditor of his intention to rescind." Id. at 792. On April 21, 2015, the Eleventh Circuit denied the Maduras' Motion concerning the application of Jesinoski.

On April 29, 2015, the Maduras filed a Motion for Indicative Ruling and Motion for Reconsideration, which once again raised the implications of the Jesinoski opinion. (Doc. ## 598, 599). This Court denied the Motions in an Order filed on June 4, 2015. (Doc. # 606).

Since that time, the Maduras have filed scores of frivolous motions and petitions. The present Motion is akin to the vast array of unsuccessful Motions that the Maduras have persisted in filing since the adjudication of their rights in this Court and at the appellate level.

**II. Analysis**

In connection with the foreclosure proceedings, the Court directed Bank of America to submit original documents for the Court's inspection: "As explained in Deutsche Bank Nat'l Trust Co. v. Clarke, 87 So. 3d 58, 61 (Fla. 4th DCA 2012), 'A promissory note is a negotiable instrument.  Therefore, a party who seeks to foreclose on a mortgage must produce the original note.'"  (Doc. # 492).   The Maduras and their expert had the opportunity to inspect the documents, and the Maduras filed a certified copy of the documents on the record. (Doc. # 559-1).  At this juncture, the Maduras seek an Order barring Bank of America from retrieving the documents, referencing the threat of future litigation.

As correctly depicted by Bank of America, "The Maduras always threaten litigation [and] Bank of America cannot always be considered in reasonable anticipation of litigation based on the Maduras' never-ending threats." (Doc. # 650 at 2, 4). The Maduras' requests regarding the original documents are redundant and unnecessary at this juncture.  The Maduras have had the chance to evaluate the documents, and a certified copy of the documents has already been entered on the Court's docket.  The Court denies the Motion and finds that it is frivolous.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

-5-

The Maduras' Motion for this Court Docketing of Evaluated Bank of America NA's Foreclosure Documents Received by Fedex per its Order Doc. 492 and Request to Preserve this Evidence for Further Investigation and Litigation (Doc. # 646) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of June, 2016.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE