UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

ANDRZEJ MADURA and ANNA DOLINSKA-
MADURA,

                    Plaintiffs,
v.                                 Case No. 8:11-cv-2511-T-33TBM

BAC HOME LOANS SERVICING, LP, et
al.,

                    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to two Motions to Stay Pending Appeal filed by the Maduras: the Maduras' "Motion to Stay Pending Appeal this Court's Order (Doc. # 639) Confirming the Sale of their Home" (Doc. # 658), filed on July 8, 2016, and the Maduras' "Motion to Stay Pending Appeal this Court's Order (Doc. # 651) Denying Docketing the Originals of Appellee's Letter and Foreclosure Documents Ex Parte Received Directly to its Chamber, which some were founded to be Forged, and Denying to Preserve them for Further Litigation and to not Return this Evidence including Surrendered Note to Appellee" (Doc. # 661), filed on July 7, 2016.

Bank of America filed a Response in Opposition to the Motions to Stay (Doc. ## 663, 664) on July 22, 2016. Thereafter, on July 27, 2016, the Maduras filed Motions requesting the opportunity to file reply memoranda (Doc. ##

665, 666), to which Bank of America responded in a consolidated submission on August 5, 2016. (Doc. # 667). As discussed below, all Motions are denied.

## I.   **Background**

An exhaustive discussion of the history of this case is unwarranted at this juncture. On July 17, 2013, the Court entered an Order granting Bank of America's Motion for Summary Judgment as well as addressing a plethora of other motions. (Doc. # 496). Among other things, the Court determined that Bank of America was entitled to summary judgment against the Maduras as to its foreclosure counterclaim. (Id.).  In connection with those proceedings, the Court directed Bank of America to submit the original documents for the Court's inspection.  (Doc. # 492).  The Court did so because "As explained in Deutsche Bank Nat'l Trust Co. v. Clarke, 87 So. 3d 58, 61 (Fla. 4th DCA 2012), 'A promissory note is a negotiable instrument.  Therefore, a party who seeks to foreclose on a mortgage must produce the original note.'"

The Maduras and their expert had the opportunity to inspect the documents, the Maduras were copied on Bank of America's submission of the documents to the Court, and the

Maduras filed a certified copy of the documents on the record. (Doc. # 559-1).[1]

Prior to the entry of a final judgment, the Maduras filed a motion to stay the case based on their submission of a petition for writ of mandamus to the Eleventh Circuit based on the argument that this Court should have entered an Order of recusal. (Doc. # 504). On August 12, 2013, the Court denied the motion to stay based on a number of factors. (Doc. # 520). Among other things, the Court determined that the Maduras were unlikely to prevail on the merits of the petition because the Eleventh Circuit has repeatedly instructed the Maduras that mandamus relief is inappropriate under the circumstances presented in this case. The Court also noted that while the Maduras have on more than one occasion presented their recusal arguments to the Eleventh Circuit, that court has routinely rejected such arguments.

---

[1] Although the Court Ordered production of the original note for inspection with the purpose of protecting the Maduras, the Maduras have filed scores of frivolous motions since that time predicated upon the notion that the Court engaged in an ex parte communication with the Bank when it reviewed the original documents. See e.g. "Maduras' Motion for this Court Docketing of Evaluated Bank of America NA's Foreclosure Documents Received by Fedex per its Order Doc. 492 and Request to Preserve this Evidence for Further Investigation and Litigation." (Doc. # 646). The Court denied that Motion on June 21, 2016 (Doc. # 651), and the Maduras filed a Motion for Reconsideration. (Doc. # 654). The Court denied the Motion for Reconsideration (Doc. # 655), and the Maduras appealed. (Doc. # 660).

Thereafter, on August 13, 2013, this Court entered its Final Judgment of Foreclosure. (Doc. # 521).  The Eleventh Circuit affirmed the Court's Summary Judgment Order on November 10, 2014, in a lengthy and detailed Order. (Doc. # 567)(Case 13-13953).  The United States Supreme Court denied the Maduras' petition for writ of certiorari on October 9, 2015. (Doc. # 627).

Although the Eleventh Circuit determined the rights of the parties in its November 10, 2014, Order, the Maduras have persisted in filing copious motions for relief from the foreclosure judgment, as well as legions of unsuccessful appeals.

Bank of America reports that the Maduras never paid the total amount due and owing under the Final Judgment and the United States Marshal held a public sale of the Property on February 11, 2016, at 2:00PM at the Manatee County Courthouse. (Doc. # 636 at 3).  Bank of America was the successful bidder. The United States Marshal filed a Report of Sale on February 16, 2016. (Doc. # 633).  Thereafter, Bank of America filed a Motion seeking an Order confirming the foreclosure sale. (Doc. # 636).  The Maduras, on the other hand, filed a Motion seeking an Order vacating the sale. (Doc. # 637).  On April 6, 2016, the Court granted Bank of America's Motion to Confirm the Foreclosure Sale and denied the Maduras' Motion to Vacate

-4-

Foreclosure Sale. (Doc. # 639).   Unhappy with the Court's Order denying the Motion to Vacate Foreclosure Sale, the Maduras filed an "Emergency Motion" seeking reconsideration. (Doc. # 640).  The Court denied the Motion for Reconsideration on May 2, 2016. (Doc. # 642).   The Maduras filed an appeal (Doc. # 644) on May 5, 2015.

In the course of these proceedings, the Maduaras have initiated numerous appeals.   On July 1, 2016, the Eleventh Circuit issued an Order affirming various Orders entered by this Court, and noted that "the Maduras have been litigating claims concerning their home-mortgage loan in state and federal court since 2002." (Doc. # 657 at 4, n.1).   The Eleventh Circuit also ruled that "the law-of-the-case doctrine bars reconsideration of those issues" that have already been decided, including that "the judge did not engage in ex parte communications by receiving the original note from BOA." (Id. at 19).

At this juncture, the Maduras seek an Order staying the Court's Order Confirming Foreclosure Sale (Doc. # 639) and staying the Court's Order "Denying Docketing of Originals" (Doc. # 651) pending the outcome of the appeals that they have recently initiated. The Motions to Stay are ripe for the Court's review.

**II.  Discussion**

As explained in <u>Hilton v. Braunskill</u>, 481 U.S. 770, 777 (1987):

> Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal. <u>See</u> Fed. R. Civ. Proc. 62(c); Fed. R. App. Proc. 8(a). Under both Rules, however, the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

<u>Id.</u>

Here, with regard to both Motions to stay, the Court finds that the Maduras are unlikely to prevail on appeal. The arguments that the Maduras present have already been considered by the Court and found lacking in merit, with some issues having been advanced and rejected on multiple occasions by this Court and on appeal. In this Court's view, the Maduras have not set forth any convincing arguments concerning their likelihood of success on appeal.

The Court likewise determines that the Maduras have failed to demonstrate that they risk irreparable injury. Although the Maduras appeal the Court's Orders bearing on the foreclosure of their property, the Maduras have not indicated why the equities favor their continued habitation of the property mortgage-free.

The Court also notes that Bank of America has provided cogent and convincing arguments concerning the injury it will face, as a judgment creditor, if the Court stays the orders in question:

> BANA has not received a penny from the Maduras in over ten years.  BANA now owns the property.  The Maduras are not only living in a house for free, but in a house they no longer have a right to. BANA has expended enormous amounts of resources litigating against them and continues to do so.

(Doc. # 663 at 5).

Finally, the Court finds that the Maduras have not presented any convincing arguments regarding whether the requested stay would affect the public interest.  Because the Maduras have failed to carry their burden, the Court denies the Motions.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   The Maduras' "Motion to Stay Pending Appeal this Court's Order (Doc. # 639) Confirming the Sale of their Home" (Doc. # 658) and "Motion to Stay Pending Appeal this Court's Order (Doc. # 651) Denying Docketing the Originals of Appellee's Letter and Foreclosure Documents Ex Parte Received Directly to its Chamber, which some were founded to be Forged, and Denying to Preserve them for Further Litigation and to not Return this Evidence

including Surrendered Note to Appellee" (Doc. # 661) are

**DENIED.**

(2)   The Maduras' requests to file reply memoranda (Doc. ##

665, 666) are **DENIED AS MOOT.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u>

day of August 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE