**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANDRZEJ MADURA and ANNA
DOLINSKA-MADURA,

    **Plaintiffs,**

v.                                                             **Case No. 8:11-cv-2511-T-33TBM**

BAC HOME LOANS SERVICING, L.P.,
et al.,

    **Defendants.**
_____/

BANK OF AMERICA, N.A.,

    **Counter-Plaintiff,**

v.

ANDRZEJ MADURA and ANNA
DOLINSKA-MADURA,

    **Counter-Defendants.**
_____/

# O R D E R

THIS MATTER is before the Court on **Counter-Plaintiff Bank of America, N.A.'s (BANA) Renewed Motion for Issuance of Writ of Possession** (Doc. 680), Counter-Defendants' response in opposition (Doc. 681), **Plaintiffs' construed motion for stay** (Doc. 683), BANA's response (Doc. 684), and Plaintiffs' reply (Doc. 687).

By way of brief procedural history, Plaintiffs Andrzej and Anna Dolinska-Madura ("the Maduras") filed a *pro se* amended complaint in state court against BANA and BAC Home Loans Servicing f/k/a Countrywide Home Loans Servicing, alleging violations of Real Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, *et. seq.*[1] (Doc. 2). In November 2011, Defendants removed the case to this court, and BANA filed a counterclaim for mortgage foreclosure against the Maduras' condominium at 3614 57th Avenue Drive West, Bradenton, Florida. (Docs. 1, 77). In July 2013, the district judge entered an order granting BANA's motion for summary judgment on its foreclosure counterclaim. (Doc. 496). A Final Decree of Foreclosure was entered against the Maduras and in BANA's favor August 13, 2013, regarding the condominium, which is legally described as Unit 66, LAKEBRIDGE, A Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 1078, Pages 289–361, inclusive, of the Public Records of Manatee County, Florida, as Amended. (Doc. 521). The Maduras appealed the final order of foreclosure, the Eleventh Circuit dismissed the appeal, and the Supreme Court denied the Maduras' petition for writ of certiorari. (Docs. 524, 535, 539). Suffice it to say that thereafter, the Maduras filed numerous motions and appeals to the Eleventh Circuit which were unsuccessful.

BANA filed a motion to confirm foreclosure sale which was granted by the district judge in April 2016. (Docs. 636, 639). The Maduras appealed and sought *in forma pauperis* status from the Eleventh Circuit. By Order of the Eleventh Circuit, the Maduras' appeal was

---

[1] The Maduras initiated numerous lawsuits against Bank of America and others related to the subject property and mortgage in state and federal court. For a detailed discussion of the background of the Maduras' loan and the extensive litigation history, see *Madura v. BAC Home Loans Servicing, LP*, 593 F. App'x 834, 836–41 (11th Cir. 2014).

determined to be frivolous and their motion to proceed on appeal *in forma pauperis* was denied. (Doc. 688). In reaching this conclusion, the Eleventh Circuit recounted that BANA asserted the Maduras never paid the amount owing on the mortgage and the Maduras did not object, sale of the property was conducted in the county where the property is located, BANA complied with the terms provided by the district court's order of foreclosure, and notice of the sale was properly provided and satisfied both federal and state notice requirements. *Id.*

By its motion, BANA, as current owner of the Lakebridge Condominium Unit 66, seeks a Writ of Possession permitting it to take possession of this property. (Doc. 680). BANA previously filed a motion for writ of possession which was denied without prejudice by the undersigned due to BANA's failure to allege compliance with the notice provisions of Florida Statute § 83.561, which addresses the termination of a rental agreement upon foreclosure, or to otherwise provide proof as to why § 83.561 does not apply. (Docs. 656, 679). By its renewed motion, BANA contends no notice to the tenant was necessary because § 83.561 is inapplicable here where the lease for the property was not the result of an arm's length transaction and the rent is well below fair market value. (Doc. 680 at 3). It files the affidavits of Diana K. Berry and Alexander Hall in support. (Docs. 680-2, 680-3).

BANA argues that the purported lease of the property by the Maduras' grandson, Lucas Lapinski, is invalid.[2] According to the motion, Mr. Lapinski has been living on the subject property as a tenant since January 1, 2016. In April 2016, counsel for BANA received

---

[2] A copy of the residential lease entered into between Anna Dolinski-Madura and Lucas Lapinski is attached to the motion. (Doc. 680-2 at 6–14). The lease is dated December 10, 2015, and is for the term from January 1, 2016, through January 1, 2018. *Id.* at 6, 13. Monthly rent is $639.00, with landlord to provide water, sewer, and electricity. *Id.* at 6, 9.

3

a copy of a lease from Mr. Lapinski.  BANA argues that pursuant to the Declaration of Condominium ("the Declaration") governing condominium leases for units at the Lakebridge Condominium, prior approval of a lease is required by the Condominium Association. Here, the lease between the Maduras and Mr. Lapinski was never submitted for approval.   It further claims that even if it had been submitted for approval, the lease would not have been approved because the term of the lease is two years which violates the Declaration's provision limiting leases to no longer than one year.  BANA also asserts the $639 monthly rent is less than half the market rate.  For these reasons, BANA urges § 83.561 does not apply because the purported lease was not a bona fide lease and the notice provisions of Florida Statute § 83.561 are inapplicable to Mr. Lapinski because his rental agreement is not the result of an arm's length transaction and allows Lapinski to pay rent that is substantially less than the fair market rent for the premises.  *See* Fla. Stat. § 83.561(3)(b)-(c).  Thus, whoever is occupying the premises is not an authorized occupant, and there are no valid impediments to BANA taking possession of the property.  (Doc. 680).

The motion is supported by the affidavit of Diana Berry, vice-president and member of the Board of Directors for Lakebridge Condominium Association.  Ms. Berry's affidavit states she has personal knowledge that the Maduras' lease with Mr. Lapinski was never submitted for approval, and if it had been, would not have been approved because it is for a term in excess of one year.  Additionally, she avers that the $639 monthly lease amount is less than half the market rate of $1500, the amount a comparable condominium unit could be leased for.  According to Ms. Berry, it is unknown to the Condominium Association who is residing at the condominium, but the Maduras no longer reside in the property.  (Doc. 680-2).

To the extent that the Maduras claim to occupy the premises, BANA argues that the Maduras would not be protected under § 83.561 because the statute does not apply where the tenant is the mortgagor in the subject foreclosure, as is the case here. *See* Fla. Stat. § 83.561(3)(a).

Because BANA holds title to the property, it submits that no current tenant has a right to occupy the property under either the Protecting Tenants at Foreclosure Act of 2009 (which has since expired) or § 83.561. Thus, BANA urges this Court grant its motion for writ of possession and requests issuance of the proposed writ of possession attached to the motion. (Doc. 680-4).

The Maduras have filed a response in opposition to BANA's renewed motion. (Doc. 681). In their response, they also seek a stay of issuance of the writ of possession in order for the court to conduct an evidentiary hearing regarding the allegations of Diana Berry's affidavit they claim are false or misleading and until such time as the Eleventh Circuit rules on their pending appeals.[3] In support, they submit their affidavits. (Docs. 681-1, 681-2).

The Maduras argue the Berry affidavit is false and misleading because they contend they submitted the Lapinski lease to the Association for approval, but no one has approved or denied the lease.[4] Because ten months have passed between when the lease was submitted

---

[3] The response also has been docketed at (Doc. 683) as a pending motion to stay.

[4] According to the documents attached to their response, the Maduras are Defendants in a Manatee county court lawsuit filed by the Lakebridge Condominium Association. (Doc. 681-3). They attached a notice of mediation and notice of canceling mediation from that litigation. *Id.* They contend approval of the Lapinski lease was to be addressed in the March 2016 mediation in that case, but because the Association canceled the mediation, no formal disposition was made regarding the lease. Thus, they urge the lack of rejection of the lease means it has been impliedly accepted. However, it does not appear that they made any effort

5

and the filing of their response, the Maduras argue it is clear that Berry and the Association have adopted the lease due to the Association's inaction regarding it.

The Maduras also respond the Berry affidavit is misleading and speculative. They claim their condominium unit is larger than others in Lakebridge and actually consists of four bedrooms, two bathrooms, and a three-car garage, and Mr. Lapinski rents only half of it. Because he is only paying for half of the premises,[5] they urge the monthly lease fee is not less than a fair market rent. While they do not deny that Lapinski is their grandson, they aver they are independent parties, are on equal footing with Lapinski, and have no interest with him. (Docs. 681-1, 681-2). Finally, the Maduras claim the Berry affidavit is false because they still live at the subject property.

In response to the motion to stay, BANA argues this is another stall tactic of the Maduras and the request should be denied. (Doc. 684). It points out the Maduras' statements illustrate yet another violation of the Declaration, namely the provision prohibiting the unit from being partially or sub-leased. It urges the lease is a sham being misused by the Maduras to impede BANA from rightfully obtaining the writ of possession. BANA submits the court can decide the motions on the pleadings and documents submitted without need for an evidentiary hearing.

The Maduras filed a reply to BANA's response stating the response was an unauthorized reply, BANA is the cause of the delay, Berry is an interested witness, and the

---

to submit the lease to the Board for approval.

[5]According to the affidavit of Anna Dolinska-Madura, she leased one of the two apartments with a shared kitchen in unit 66 to Lucas Lapinski. She claims excluded from the lease was Mr. Lapinski's use of the dishwasher, refrigerator and washer/dryer. (Doc. 681-2).

notice provisions of § 83.561 may not be precluded by the Declaration of Condominium's prohibition of sub-leases. (Doc. 687).

For the reasons that follow, the Maduras' construed motion (Doc. 683) for stay of issuance of the writ of possession is due to be denied and BANA's renewed motion for writ of possession (Doc. 680) is due to be granted.

The Maduras' motion for a stay is predicated, in part, on their multiple pending appeals. As discussed above, the Eleventh Circuit in a recent order denied the Maduras' appeal of the final order of foreclosure, finding the district court properly granted BANA's motion to confirm foreclosure sale and concluding the appeal was frivolous. (Doc. 688). Accordingly, this provides no basis for a stay.

As for the Maduras' claim that a stay is necessary to conduct an evidentiary hearing regarding Diana Berry's affidavit, the court disagrees. The Maduras cannot show they obtained prior approval of the Condominium Association for the lease. Even if the Maduras' affidavits create an issue of fact as to whether payment of $639 constitutes a fair market value for the monthly rent, and I think as presented, it does not, the Maduras do not dispute the applicability or authenticity of the Amendment to the Declaration of Condominium (Doc. 680-2 at 4) and the 2010 Rules and Regulations (Doc. 680-2 at 5) submitted by BANA. Among other requirements, these documents provide: "The Board of Directors must approve all sales and rentals"; "No unit may be leased unless the entire unit is leased to the same tenant, and no part of a unit may be subleased"; "No sub-leases are permitted, individual rooms may not be rented"; "The maximum lease period for a unit is one year, with Board approval required to extend"; and "Each unit must be occupied by a single family." By their

7

response, the Maduras represent they leased only half of their condominium unit to Mr. Lapinski which would appear to conflict with both the Declaration and the Rules. Coupled with the two-year term of the lease, the fact that the lease was never presented for approval, and Berry's representation the lease would not have been approved in any event because of its noncompliance with the Declaration of Condominium, I find further argument on the matter unnecessary.

The Maduras cite *Molins Val Cibao, C. por A.v. Lama*, 633 F.3d 1330, 1355 (11th Cir. 20110) for their argument that the Association and Berry adopted the Lapinski lease by their inaction. However, that court noted, "[t]he principal must have full knowledge of the initially unauthorized agents' conduct and approve of that conduct." *Id.* (citing *Frankenmuth Mut. Ins. Co. v. Magaha*, 769 So. 2d 1012, 1021–22 (Fla. 2000)). There is no allegation by the Maduras that the Board of Directors knew of the terms of the lease or that it was ever submitted for approval. Rather, Mr. Madura states he contacted Berry's attorney and addressed his wife's lease with the attorney, but it was decided the lease would be a matter to be addressed at the state court mediation, which ultimately never occurred. Further, there is no indication in the lease that Mr. Lapinski was only leasing half of the premises and that the Maduras would be living there as well. Thus, their argument that a stay is necessary to conduct an evidentiary hearing on the matter is unavailing because their own response and affidavits demonstrate the lease violated the provisions of the Declaration and the Rules in any event. Accordingly, the Maduras' construed motion for a stay (Doc. 683) is **denied.**

Regarding BANA's motion for writ of possession, the court finds BANA has sufficiently established the protections and notice provisions of Florida Statute § 83.561 do

not apply in these circumstances. As to the Maduras, provision (3) specifically states the statute is inapplicable if "[t]he tenant is the mortgagor in the subject foreclosure." Fla. Stat. § 83.561(3)(a). Thus, even if the Maduras were living in the subject property, they would not be entitled to the notice requirements and protections of the statute.

As for Mr. Lapinski's status as a tenant of the premises, the court has considered the submissions by both parties and concludes Mr. Lapinski was not entitled to the protections and notice provisions of Florida Statute § 83.561 in these circumstances.

The protections and notice provisions of § 83.561 are inapplicable if …

(b) The tenant's rental agreement is not the result of an arm's length transaction.

(c) The tenant's rental agreement allows the tenant to pay rent that is substantially less than the fair market rent for the premises, unless the rent is reduced or subsidized due to a federal, state, or local subsidy.

Fla. Stat. § 83.561(3)(b), (c).

The evidence here shows that Mr. Lapinski entered into a lease with Mrs. Madura for a term of two years[6] at a rate of $639 per month. The lease was never approved by the Condominium Association. Mr. Lapinski was either leasing only half of the premises while the Maduras continued to live there or he was leasing the entire premises for a rate below market value. The Declaration and Rules and Regulations prohibit a partial or sub-lease of a unit and prohibit leases in excess of a one-year term without Board approval. The Association's vice president submitted an affidavit stating the lease was never approved and in any event, would not have been approved given its term in excess of one year, and the lease

---

[6]The lease is somewhat ambiguous in that it purports to be for a twelve-month period beginning 01/01/2016 and ending 01/01/2018.

provided for a monthly rent that was less than half what the fair market rental rate is for comparable properties.  The Maduras' argument actually supports the fair market value statement.  The Licensed Community Association Manager for the Lakebridge Condominium's management company submitted an affidavit stating no unit leased in Lakebridge utilizes Section 8 or other governmental subsidies to supplement the rent for a unit. (Doc. 680-3).  In sum, the Maduras rely upon a lease which appears entirely unenforceable under the Declaration and the Rules and Regulations of the Condominium Association.  Given the long history of this litigation and the Maduras' efforts to thwart BANA's efforts to obtain possession of this property, it is a fair and reasonable conclusion that the lease was granted Mr. Lapinski on favorable terms below market value as a blocking move to prevent BANA from gaining possession.  Even assuming the Maduras have standing to protest the lack of notice to Lapinski, I conclude that the lease between the Maduras and Lapinski is not the result of an arm's length transaction as such term is used in the statute.  For that reason alone, the tenant notice provisions of the statute are not available to Mr. Lapinski.

Moreover, Mr. Lapinski is not paying fair market rate for this Condominium under either BANA's or the Maduras' argument assuming he occupies the whole of the Condominium.  Assuming he leases only a portion of the premises and shares occupancy of the Condominium with the Maduras, as they urge, his occupancy is still in violation of the Declaration and Rules and Regulations of the condominium and is unenforceable.  Thus, I conclude that section (3)(c) is invoked and offers further grounds for concluding no notice to tenant is required in the circumstances.

Upon due and thorough consideration, BANA's Renewed Motion for Issuance of Writ of Possession (Doc. 680) is **granted**. The Clerk is directed to issue the proposed Writ of Possession (Doc. 680-4).

**DONE and ORDERED** in Tampa, Florida, this 26th day of January 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record
*Pro se* Plaintiffs