```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                            DIVISION
```

ANDRZEJ MADURA and ANNA DOLINSKA-
MADURA,

               Plaintiffs,
v.                                   Case No. 8:11-cv-2511-T-33TBM

BAC HOME LOANS SERVICING, LP, et
al.,

               Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the Maduras' "Emergency Rule 60(b)(6) Motion for Relief from July 13 2010 Order of Dismissal with Prejudice and July 17, 2013 Judgment of Foreclosure in Light of Controlling Eleventh Circuit's Law Set Forth in January 31, 2017 *CSX Transportation v. General Mills*" (Doc. # 693) and "Plaintiffs' Emergency Motion to Set Aside or, in the Alternative, to Stay this Court's Confirmation of Foreclosure Sale and 1/27/2017 Writ of Possession Order, Pending Ruling on their 02/21/2017 Rule 60(b)(6) Motion for Relief from Judgment of Foreclosure" (Doc. # 694), both of which were filed on February 22, 2017. Bank of America, N.A. filed a Response in Opposition to the Motion on March 6, 2017. (Doc. # 700). For the reasons that follow, the Motions are denied.

**I.   Background**

An exhaustive discussion of the history of this case is unwarranted at this juncture. On July 17, 2013, the Court entered an Order granting Bank of America's Motion for Summary Judgment, as well as addressing a plethora of other motions. (Doc. # 496). Among other things, the Court determined that Bank of America was entitled to summary judgment against the Maduras as to its foreclosure counterclaim. (Id.).

Prior to the entry of a final judgment, the Maduras filed a motion to stay the case based on their submission of a petition for writ of mandamus to the Eleventh Circuit based on the argument that this Court should have entered an Order of recusal. (Doc. # 504). On August 12, 2013, the Court denied the motion to stay. (Doc. # 520).  Thereafter, on August 13, 2013, this Court entered its Final Judgment of Foreclosure. (Doc. # 521).   The Eleventh Circuit affirmed the Court's Summary Judgment Order on November 10, 2014, in a lengthy and detailed Opinion. (Doc. # 567)(Case 13-13953).   The United States Supreme Court denied the Maduras' petition for writ of certiorari on October 9, 2015. (Doc. # 627).

Bank of America reports that the Maduras never paid the total amount due and owing under the Final Judgment and the United States Marshal held a public sale of the Property on

February 11, 2016, at 2:00PM at the Manatee County Courthouse. (Doc. # 636 at 3). Bank of America was the successful bidder. The United States Marshal filed a Report of Sale on February 16, 2016. (Doc. # 633). Thereafter, Bank of America filed a Motion seeking an Order confirming the foreclosure sale. (Doc. # 636). The Maduras, on the other hand, filed a Motion seeking an Order vacating the sale. (Doc. # 6 37). On April 6, 2016, the Court granted Bank of America's Motion to Confirm the Foreclosure Sale and denied the Maduras' Motion to Vacate Foreclosure Sale. (Doc. # 639).

In response, the Maduras filed an appeal, and sought leave to proceed in forma pauperis on appeal. By Order of the Eleventh Circuit, the Maduras' appeal was determined to be frivolous and their motion for leave to appeal in forma pauperis denied. (Doc. # 688). The Eleventh Circuit explained that the Maduras never paid the amount owing on the mortgage, the sale was conducted in the county where the property is located, the Bank complied with the terms provided by the court's Order of foreclosure, and the notice of the sale satisfied relevant federal and state notice requirements. (Id.).

The Bank, as the owner of the property, filed a Motion for Writ of Possession. The Maduras opposed the issuance of the Writ of Possession by arguing that their nephew, Lucas

Lapinski, signed a lease to inhabit the property for a two year term at the rate of $639 a month. After protracted proceedings, the Magistrate Judge issued a Writ of Possession on January 26, 2017. (Doc. # 689). The Magistrate Judge considered affidavits provided by the parties and determined that the lease was not valid because it was not approved by the Condominium Association. (Id. at 9). The Magistrate Judge also held that "Mr. Lapinski is not paying fair market rate for this Condominium" and found "the lease was granted Mr. Lapinski on favorable terms below market value as a blocking move to prevent [the Bank] from gaining possession." (Id. at 10). The Maduras have filed a Motion for Reconsideration regarding the issuance of the writ of possession (Doc. # 692), which will be addressed via separate order.

By the present Motions, the Maduras contend that this Court's foreclosure judgment is contrary to recent rulings by the Eleventh Circuit and that the Court should vacate its summary judgment Order, as well as the Order of confirmation of foreclosure sale.

## II. **Legal Standard**

Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration. Ludwig v. Liberty Mutual Fire Ins. Co., Case No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS

37718, at *6 (M.D. Fla. Mar. 30, 2005). The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60. Id. A Rule 59(e) motion must be filed within 28 days after the entry of the judgment. Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b).

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Likewise, Rule 60(b), Fed. R. Civ. P., is available to relieve a party from a final judgment or order for the following reasons:

>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud . . . misrepresentation, or misconduct by the opposing party;

```
(4)   the judgment is void;
(5)   the judgment has been satisfied . . .; or
(6)   any other reason that justifies relief.
```

Fed. R. Civ. P. 60(b).

Whether asserted under either Rule 59 or 60, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Ludwig, 2005 U.S. Dist. LEXIS 37718, at *11 (internal citation omitted).

### III. **Analysis**

Here, the Maduras claim that the Court's foreclosure judgment and related order confirming foreclosure sale are due to be vacated based on the Eleventh Circuit case CSX Transportation, Inc. v. General Mills, Inc., No. 15-12095, 2017 U.S. App. LEXIS 1617 (11th Cir. Jan. 30, 2017). In that case, the court noted: "Whether federal common law borrows the state rule of collateral estoppel to determine the preclusive effect of a judgment rendered by a court that exercised diversity jurisdiction is unclear under our case law." Id. at *8. After listing several inconsistencies, the Eleventh Circuit clarified: "We hold that federal common law borrows the state rule of collateral estoppel to determine the preclusive effect of a federal judgment where the court exercised diversity jurisdiction." Id. at *15. In rendering this decision, the Eleventh Circuit retreated from its holding

Case 8:11-cv-02511-VMC-TBM   Document 702   Filed 03/08/17   Page 6 of 12 PageID 8943

```
(4)   the judgment is void;
(5)   the judgment has been satisfied . . .; or
(6)   any other reason that justifies relief.
```

Fed. R. Civ. P. 60(b).

Whether asserted under either Rule 59 or 60, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Ludwig, 2005 U.S. Dist. LEXIS 37718, at *11 (internal citation omitted).

### III. **Analysis**

Here, the Maduras claim that the Court's foreclosure judgment and related order confirming foreclosure sale are due to be vacated based on the Eleventh Circuit case CSX Transportation, Inc. v. General Mills, Inc., No. 15-12095, 2017 U.S. App. LEXIS 1617 (11th Cir. Jan. 30, 2017). In that case, the court noted: "Whether federal common law borrows the state rule of collateral estoppel to determine the preclusive effect of a judgment rendered by a court that exercised diversity jurisdiction is unclear under our case law." Id. at *8. After listing several inconsistencies, the Eleventh Circuit clarified: "We hold that federal common law borrows the state rule of collateral estoppel to determine the preclusive effect of a federal judgment where the court exercised diversity jurisdiction." Id. at *15. In rendering this decision, the Eleventh Circuit retreated from its holding

in Tampa Bay Water v. HDR Engineering, Inc., 731 F.3d 1171, 1179 (11th Cir. 2013), which states that federal common law incorporates collateral estoppel as defined by federal law to determine the preclusive effect of issues decided by a federal court that exercised diversity jurisdiction.

The Maduras seize on the fact that the Eleventh Circuit's Order affirming this Court's foreclosure Judgment - Madura v. BAC Home Loans Servicing, L.P., 593 Fed. Appx. 834, 843 (11th Cir. 2014) - cites to Tampa Bay Water. The Maduras contend:

> In the instant case, the extraordinary circumstances exist of Jan. 31, 2017 Eleventh Circuit's *CSX Transportations*, which bars its *Tampa Bay* the basis of Nov. 10, 2014 affirmance of this Court's SJ foreclosure. *CSX Transportation* also bars this Court's July 13, 2010 dismissal with prejudice Order which was based on federal instead on the state preclusion law. This also bars this Court's July 17, 2013 SJ foreclosure of rescinded mortgage based on Bana forged Note where this Court by applying federal res judicata deprived plaintiffs from raising defenses against foreclosure of their home.

(Doc. # 693 at 7-8).

The Court rejects the Maduras' argument for three independent reasons.

### 1. **The Court Did Not Rely on Preclusion Exclusively**

This Court's 2013 summary judgment Order (Doc. # 496) does not depend exclusively on claim preclusion or issue preclusion -- those aspects of the Court's ruling were

secondary to the analysis on the merits. The Court made merits-based findings on every aspect of the Maduras' case-in-chief and on each of the Maduras' defenses. The Court's Order was detailed and contained an in-depth factual discussion, as did the Eleventh Circuit's Order of affirmance. (Doc. # 496).

The Bank correctly posits that "the Court used <u>no</u> preclusion analysis to dispose of the Maduras' RESPA claims, their rescission claims, or in its discussion of BANA's case-in-chief and proof of standing." (Doc. # 700 at 5)(internal citations omitted). While the Court did indeed refer to principles of preclusion three times in its summary judgment order (as to the Maduras' forgery, usury, and TILA defenses), the Court made alternative, merits-based findings.

Specifically, the Court determined that the Maduras ratified any alleged forgery by making monthly payments for years after discovering the alleged forgery. (Doc. # 496 at 36). The Court likewise rejected the TILA defense, finding that "the Maduras have failed to explain how a violation of this statute would preclude foreclosure" and commenting that the TILA allegations were not supported by the evidence. (<u>Id.</u> at 50). Similarly, with respect to usury, the Court found that an overwhelming lack of evidence required that summary judgment be granted as to that claim, specifically commenting:

"The Maduras have not supported their usury claims with an iota of evidence." (Id. at 53-54).

As correctly argued by the Bank, the Court's findings are not affected by the recent CSX decision, and "the judgment would remain perfectly valid and enforceable if its secondary preclusion analysis were flawed. This applies to the Eleventh Circuit's affirmance as well." (Doc. # 700 at 6).

### 2. The CSX Decision is not Applicable

The holding in CSX applies where a federal court is considering the preclusive effect of a prior federal judgment where that earlier judgment was entered by a court exercising diversity jurisdiction. CSX Transp., 846 F.3d at 1335 (addressing whether federal common law borrows state or federal law of collateral estoppel "to determine the preclusive effect of an earlier judgment of a federal court that exercised diversity jurisdiction"). The Bank correctly asserts: "The CSX case has no application here because this Court and the Eleventh Circuit considered the preclusive effect of two federal judgments (Madura 2 and Madura 3), both of which invoked federal question jurisdiction and neither of which arose under the Court's diversity jurisdiction." (Doc. # 700 at 6). In sum, CSX does not apply because the prior

judgments that this Court referenced did not arise under diversity.

### 3. Florida Collateral Estoppel Yields Identical Result

Even if the Maduras are correct in their supposition that the CSX case applies to the facts, the outcome would be the same. This is because the Maduras' claims are precluded under both federal and Florida claim preclusion doctrines.

In the CSX case, the Court applied Georgia claim preclusion principles, noting: "Georgia law requires the earlier judgment to have been rendered in litigation between identical parties or their privies." CSX Transp., 846 F.3d at 1336. Florida law differs from the federal rule of collateral estoppel in the same way. For instance, in E.C. v. Katz, 731 So. 2d 1268, 1269-70 (Fla. 1999), the Court explained: "Florida has traditionally required there be a mutuality of parties in order for the doctrine to apply. Thus, unless both parties are bound by the prior judgment, neither may use it in a subsequent action." Likewise, the Florida Supreme Court has clarified: "Under Florida law, collateral estoppel, or issue preclusion, applies when the identical issue has been litigated between the same parties or their privies." Gentile v. Bauder, 718 So. 2d 781, 783 (Fla. 1998).

The Maduras have not demonstrated how application of Florida collateral estoppel principles would produce a different result. And, the Bank persuasively explains that because Countrywide Home Loans, Inc. and Bank of America, N.A. are "one and the same" it was permitted "to invoke collateral estoppel or res judicata where its predecessor in interest was involved in the prior judgment." (Doc. # 700 at 8). See <u>Metro. Dade Cty., Bd. of Comm'rs v. Rockmatt Corp.</u>, 231 So. 2d 41, 44 n.5 (Fla. 3d DCA 1970)("a successor in interest to a party bound by the doctrine of res judicata is equally bound thereby as being in privity with the latter.").

Because the Court's ruling was not dependent on claim preclusion, because the <u>CSX</u> decision is not applicable to this case, and because application of Florida claim preclusion rules does not mandate a different result, the Court denies the Maduras' Motions. (Doc. ## 693, 694).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Maduras' "Emergency Rule 60(b)(6) Motion for Relief from July 13 2010 Order of Dismissal with Prejudice and July 17, 2013 Judgment of Foreclosure in Light of Controlling Eleventh Circuit's Law Set Forth in January 31, 2017 *CSX Transportation v. General Mills*" (Doc. # 693) and "Plaintiffs'

-11-

Emergency Motion to Set Aside or, in the Alternative, to Stay this Court's Confirmation of Foreclosure Sale and 1/27/2017 Writ of Possession Order, Pending Ruling on their 02/21/2017 Rule 60(b)(6) Motion for Relief from Judgment of Foreclosure" (Doc. # 694) are **DENIED.**

    **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of March, 2017.

                                        VIRGINIA M. HERNANDEZ COVINGTON
                                            UNITED STATES DISTRICT JUDGE