UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

ANDRZEJ MADURA and ANNA DOLINSKA-
MADURA,

                Plaintiffs,

v.                                Case No. 8:11-cv-2511-T-33TBM

BAC HOME LOANS SERVICING, LP, et
al.,

                Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Lucas Lapinski Tenant's Declaration Requesting this Court to Direct Bank of America NA to Serve Pleadings Upon him (Doc. # 703), which was filed on March 16, 2017.  Bank of America responded to the Motion on March 17, 2017. (Doc. # 704).  The Court denies the Motion as explained below.

**I.   Background**

On July 17, 2013, the Court entered an Order granting Bank of America's Motion for Summary Judgment, as well as addressing a plethora of other motions. (Doc. # 496). Among other things, the Court determined that Bank of America was entitled to summary judgment against the Maduras as to its foreclosure counterclaim. (Id.).

Prior to the entry of a final judgment, the Maduras filed a motion to stay the case based on their submission of a

petition for writ of mandamus to the Eleventh Circuit based on the argument that this Court should have entered an Order of recusal. (Doc. # 504). On August 12, 2013, the Court denied the motion to stay. (Doc. # 520).  Thereafter, on August 13, 2013, this Court entered its Final Judgment of Foreclosure. (Doc. # 521).  The Eleventh Circuit affirmed the Court's Summary Judgment Order on November 10, 2014, in a lengthy and detailed Opinion. (Doc. # 567)(Case 13-13953).  The United States Supreme Court denied the Maduras' petition for writ of certiorari on October 9, 2015. (Doc. # 627).

Bank of America reports that the Maduras never paid the total amount due and owing under the Final Judgment and the United States Marshal held a public sale of the Property on February 11, 2016, at 2:00PM at the Manatee County Courthouse. (Doc. # 636 at 3).  Bank of America was the successful bidder. The United States Marshal filed a Report of Sale on February 16, 2016. (Doc. # 633).  Thereafter, Bank of America filed a Motion seeking an Order confirming the foreclosure sale. (Doc. # 636).  The Maduras, on the other hand, filed a Motion seeking an Order vacating the sale. (Doc. # 6 37).  On April 6, 2016, the Court granted Bank of America's Motion to Confirm the Foreclosure Sale and denied the Maduras' Motion to Vacate Foreclosure Sale. (Doc. # 639).

In response, the Maduras filed an appeal, and sought leave to proceed in forma pauperis on appeal.  By Order of the Eleventh Circuit, the Maduras' appeal was determined to be frivolous and their motion for leave to appeal in forma pauperis denied. (Doc. # 688).  The Eleventh Circuit explained that the Maduras never paid the amount owing on the mortgage, the sale was conducted in the county where the property is located, the Bank complied with the terms provided by the Court's Order of foreclosure, and the notice of the sale satisfied relevant federal and state notice requirements. (Id.).

The Bank, as the owner of the property, filed a Motion for Writ of Possession.  The Maduras opposed the issuance of the Writ of Possession by arguing that their nephew, Lucas Lapinski, signed a lease to inhabit the property for a two year term at the rate of $639 a month. After protracted proceedings, the Magistrate Judge issued a Writ of Possession on January 26, 2017. (Doc. # 689). The Magistrate Judge considered affidavits provided by the parties and determined that the lease was not valid because it was not approved by the Condominium Association. (Id. at 9). The Magistrate Judge also held that "Mr. Lapinski is not paying fair market rate for this Condominium" and found "the lease was granted Mr. Lapinski on favorable terms below market value as a blocking

move to prevent [the Bank] from gaining possession." (<u>Id.</u> at 10).   The Maduras have filed a Motion for Reconsideration regarding the issuance of the writ of possession (Doc. # 692), which will be addressed via separate order by the Magistrate Judge.

By the present Motion, Lapinski seeks an Order requiring Bank of America to serve him with all future pleadings in this case. The Court denies the Motion.

## II.  <u>Discussion</u>

Here, Lapinski, the Maduras' supposed tenant, claims that he should be added to the service list in these already protracted proceedings.   As an initial matter, the fact that Lapinski is not a party to the case weighs heavily against requiring Bank of America to serve him with pleadings. Lapinski lacks standing to challenge the Court's prior rulings or to make any other filings in this case because he has neither requested, nor been authorized by the Court, to intervene.  <u>See</u> <u>Lindsey v. Fayette Cty. Bd. of Comm'rs</u>, 542 Fed. Appx. 747, 749 (11th Cir. 2013)(absent intervention, non-parties lacked standing to challenge district court orders); <u>EEOC v. E. Airlines, Inc.</u>, 736 F.2d 635, 637 (11th Cir. 1984)(non-party lacked standing to challenge consent decree or "make any other motion.").

-4-

In addition, Lapinski has not articulated a valid basis for intervention in the case. Lapinski has not made a legally sufficient motion, and to the extent his filings could be construed as sufficient, they are untimely. See United States v. Jefferson County, 720 F.2d 1511, 1516 (11th Cir. 1983). Furthermore, Lapinski's interests were adequately represented by the Maduras earlier in the litigation. See Davis v. Butts, 290 F.3d 1297, 1300 (11th Cir. 2002). Bank of America is not required to serve Lapinski with filings in this case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Lucas Lapinski Tenant's Declaration Requesting this Court to Direct Bank of America NA to Serve Pleadings Upon him (Doc. # 703) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of March, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE