UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

ANDRZEJ MADURA and ANNA DOLINSKA-
MADURA,

        Plaintiffs,
v.                            Case No. 8:11-cv-2511-T-33TBM

BAC HOME LOANS SERVICING, LP, et al.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the Maduras' "Motion for Reconsideration Under Rule 59(e) Standards of Final Order Denying Emergency Rule 60(b)(6) Motion for in Light of *CSX Transportation* Relief from July 13, 2010 Order and from July 17, 2013 SJ of Foreclosure" (Doc. # 705), which was filed on March 23, 2017. The Court denies the Motion.

**I.  Background**

An exhaustive discussion of the history of this case is unwarranted at this juncture. On July 17, 2013, the Court entered an Order granting Bank of America's Motion for Summary Judgment, as well as addressing a plethora of other motions. (Doc. # 496). Among other things, the Court determined that Bank of America was entitled to summary judgment against the Maduras as to its foreclosure counterclaim. (Id.).

Prior to the entry of a final judgment, the Maduras filed a motion to stay the case because their submission of a petition for writ of mandamus to the Eleventh Circuit based on the argument that this Court should have entered an Order of recusal. (Doc. # 504). On August 12, 2013, the Court denied the motion to stay. (Doc. # 520). Thereafter, on August 13, 2013, this Court entered its Final Judgment of Foreclosure. (Doc. # 521). The Eleventh Circuit affirmed the Court's Summary Judgment Order on November 10, 2014, in a lengthy and detailed Opinion. (Doc. # 567)(Case 13-13953). The United States Supreme Court denied the Maduras' petition for writ of certiorari on October 9, 2015. (Doc. # 627).

Bank of America reports that the Maduras never paid the total amount due and owing under the Final Judgment and the United States Marshal held a public sale of the property on February 11, 2016, at 2:00PM at the Manatee County Courthouse. (Doc. # 636 at 3). Bank of America was the successful bidder. The United States Marshal filed a Report of Sale on February 16, 2016. (Doc. # 633). Thereafter, Bank of America filed a Motion seeking an Order confirming the foreclosure sale. (Doc. # 636). The Maduras, on the other hand, filed a Motion seeking an Order vacating the sale. (Doc. # 6 37). On April 6, 2016, the Court granted Bank of America's Motion to Confirm

the Foreclosure Sale and denied the Maduras' Motion to Vacate Foreclosure Sale. (Doc. # 639).

In response, the Maduras filed an appeal, and sought leave to proceed in forma pauperis on appeal. By Order of the Eleventh Circuit, the Maduras' appeal was determined to be frivolous and their motion for leave to appeal in forma pauperis was denied. (Doc. # 688). The Eleventh Circuit explained that the Maduras never paid the amount owing on the mortgage, the sale was conducted in the county where the property is located, the Bank complied with the terms provided by the Court's Order of foreclosure, and the notice of the sale satisfied relevant federal and state notice requirements. (Id.).

The Bank, as the owner of the property, filed a Motion for Writ of Possession. The Maduras opposed the issuance of the Writ of Possession by arguing that their nephew, Lucas Lapinski, signed a lease to inhabit the property for a two year term at the rate of $639 a month. After protracted proceedings, the Magistrate Judge issued a Writ of Possession on January 26, 2017. (Doc. # 689). The Magistrate Judge considered affidavits provided by the parties and determined that the lease was not valid because it was not approved by the Condominium Association. (Id. at 9). The Magistrate Judge also held that "Mr. Lapinski is not paying fair market rate

for this Condominium" and found "the lease was granted Mr. Lapinski on favorable terms below market value as a blocking move to prevent [the Bank] from gaining possession." (Id. at 10). The Maduras have filed a Motion for Reconsideration regarding the issuance of the Writ of Possession (Doc. # 692), which will be addressed via separate Order.

On February 22, 2017, the Maduras filed a Motion for Reconsideration "in light of controlling Eleventh Circuit law set forth in January 31, 2017 CSX Transportation v. General Mills." (Doc. # 693). At the direction of the Court, Bank of America responded to the Motion. (Doc. # 700). On March 8, 2017, the Court issued a detailed decision on the Motion for Reconsideration and discussed CSX Transportation at length. (Doc. # 702). Ultimately, the Court held: "The CSX decision is not applicable." (Id. at 9).

Now, the Maduras seek reconsideration of the Order denying reconsideration still predicated upon the application of CSX Transportation.

## II. Legal Standard

Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration. Ludwig v. Liberty Mutual Fire Ins. Co., Case No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005). The time when the

-4-

party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60. Id.  A Rule 59(e) motion must be filed within 28 days after the entry of the judgment.  Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b).

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Likewise, Rule 60(b), Fed. R. Civ. P., is available to relieve a party from a final judgment or order for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud . . . misrepresentation, or misconduct by the opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied . . .; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Whether asserted under either Rule 59 or 60, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Ludwig, 2005 U.S. Dist. LEXIS 37718, at *11 (internal citation omitted).

### III. Analysis

When the Maduras initially suggested that a change in Eleventh Circuit case law paved the way to relief in their favor, this Court diligently investigated their contentions. The Court researched the issue but ultimately decided that it was not necessary to vacate any order or judgment. (Doc. # 702). Now, like so many times before, the Maduras seek yet another try. They incorrectly insist that the Court's analysis was wrong, and reassert their arguments under CSX Transportation. But, the Court does not permit motions for reconsideration to be filed seriatim into infinity. Finding no error, and having discussed CSX Transportation at length in a prior Order, the Court denies the Motion for Reconsideration. See Rasmussen v. Cent. Fla. Council Boy Scouts of America, Inc., No. 6:07-cv-1091-Orl-19GJK, 2008 U.S. Dist. LEXIS 41216 (M.D. Fla. May 22, 2008)("Successive motions for reconsideration raising grounds that were or should have

been known or asserted when the first motion was filed are improper.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Maduras' "Motion for Reconsideration Under Rule 59(e) Standards of Final Order Denying Emergency Rule 60(b)(6) Motion for in Light of *CSX Transportation* Relief from July 13, 2010 Order and from July 17, 2013 SJ of Foreclosure" (Doc. # 705) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of April, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE